IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, *Plaintiff,* v. RONALD LEE, et al., *Defendants.* | CIVIL ACTION NO. 23-3999 February 6, 2024 |

### ORDER

Gordon Roy Parker filed a complaint on October 16, 2023 (ECF No. 1) against Defendants Ronald and Teresa Lee, Jeffrey Mai, Canaan Realty Investment Group, Teresa Lee Revocable Trust and Kenneth L. Baritz, alleging claims under the Fair Debt Collection Practices Act, the Fair Housing Act and state law.  He seeks monetary damages and declaratory relief.  Defendants Baritz, Ronald and Teresa Lee and Teresa Lee Revocable Trust moved to dismiss the Complaint (ECF No. 9.)  Parker timely filed an amended complaint (ECF No. 10) as of right under Federal Rule of Civil Procedure 15(a)(1)(B).

1. The Amended Complaint superseded the Original Complaint, becoming the operative pleading and rendering the Original Complaint a nullity.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  ECF No. 9 is accordingly **DENIED as moot**.

2. Defendants moved to dismiss the Amended Complaint (ECF Nos. 14, 17), but refer at points to both the Original and Amended Complaints.  Since the Amended Complaint superseded the Original Complaint, the arguments

must pertain solely to the allegations and claims in the Amended Complaint. ECF Nos. 14 and 17 are accordingly **DENIED without prejudice**.

3. Parker, so that his allegations and claims are clear to the defendants and the Court, may file a second amended complaint on or before **Friday, March 8, 2024**. The Second Amended Complaint shall be a complete document that does not rely on the Original or First Amended Complaint or any other papers filed in this case. A second amended complaint will supersede and nullify all prior complaints. If Parker files a second amended complaint, he must include therein all factual allegations and claims he wishes the Court to consider. Parker should describe what happened to him and, specifically, what each defendant did to cause his alleged damages.

4. Defendants may move to dismiss the Second Amended Complaint on or before **Friday, March 22, 2024**. Any such motions must pertain solely to allegations and claims in the Second Amended Complaint, which will be the operative pleading in this case.

5. If Parker does not wish to file a Second Amended Complaint and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court stating that intent on or before **Tuesday, February 20, 2024**. If Parker stands on his Amended Complaint, the Court will not consider any factual allegations or claims not included therein, and Defendants' motions should address only allegations and claims in the Amended Complaint, without reference to the Original Complaint. Such motions must be filed

within fourteen days of Parker's notice to the Court of his intent to stand on his Amended Complaint.

6. ECF No. 7 is **DENIED**.  Defendants' filings indicate Defendant Baritz does not share employment with Adam P. Barsky, who has entered an appearance in this case, or any of Barsky's partners.  Parker has provided no additional reasons he believes Barsky should be disqualified from representing any Defendant in this case.

7. ECF No. 8 is **DENIED without prejudice**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.