**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, RONALD LEE, TERESA LEE, TERESA LEE REVOCABLE TRUST, AND KENNETH L. BARITZ, ESQUIRE, JOINT MOTION TO DISMISS AND STRIKE PLAINTIFF'S, GORDON ROY PARKER, SECOND AMENDED COMPLAINT, PURSUANT TO RULE 12**

I. **Plaintiff's Second Amended Complaint Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted**

    a. **Standard of Law**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. For a Complaint to survive a Motion to Dismiss, the pleadings must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Byars v. School District of Philadelphia*, 942 F. Supp. 2d 552, 561 (E.D. Pa. 2013).

The "plausibility" standard employed by the Supreme Court in *Ashcroft*, "asks for more than a sheer possibility that a defendant has acted unlawfully", or pleadings rife with "naked assertion[s] devoid of further factual enhancement." *Ashcroft* at 678. (*internal citations omitted*). A claim has "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp.* at 556. "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 813 (E.D. Pa. 2016) (*quoting Ashcroft* at 679). If the factual allegations within a complaint are insufficient "to raise a right to relief above the speculative level", dismissal of the pleadings is appropriate. *Twombly* at 555.

### b. The Court Should Dismiss Plaintiff's Second Amended Complaint for Lack of Complete Diversity, and Failure to Sufficiently Plead a Federal Claim to Warrant Supplemental Jurisdiction Over Plaintiff's State Law Claims

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States." Id. "Diversity jurisdiction requires complete diversity between the parties. see 28 U.S.C. § 1332(a)(1); *Brown v. Francis*, 75 F.3d 860, 865, 33 V.I. 385 (3d Cir. 1996). "In other words, no single plaintiff may be a citizen of the same state as any single defendant. see *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). In Plaintiff's Complaint, he refers to himself as "a resident of Philadelphia, domiciled at the Broad Street Ministry…[and] resides with his brother, Walter 'Walt' Parker at 1011 Cherry Street, Philadelphia, PA 19107…" Second Amended Complaint at ¶ 1. Plaintiff pleads that "Defendants Ronald and Teresa Lee are residents of and are domiciled in, respectively, San Diego, CA and Philadelphia, PA…" Id. at ¶ 2. Co-Defendants, Jeffrey Mai and Canaan Realty Investment Group "may be served at the address listed in the caption [*i.e.* 6905 Frankford Avenue, Philadelphia, PA 19135]". Complaint at ¶ 3. Attorney Baritz "is an attorney in Philadelphia who was retained by the other defendants to attempt to evict his brother." Id. at ¶ 4. All Parties are domiciled and/or maintain their principal place of business in Philadelphia. There exists a clear lack of diversity jurisdiction.

Plaintiff attempts to plead subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, specifically the Fair Housing Act, 42 U.S.C. §§ 3601-3631, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Id. at ¶ 5. Plaintiff alleges that the Notices to Vacate received by **Plaintiff's Brother** on June 3, 2022 and August 22, 2023 constitute violations of 15 U.S.C. 1692(d). Plaintiff openly admits that the Notice to Quit, regardless of its alleged legal implications, is directed to Walter Parker as the Property's tenant in arrears. Irrespective of Plaintiff's allegations that the Notice's contents are improper, or the synonymous State law action that may be asserted under the

14

Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Plaintiff—Gordon Roy Parker—is not the Notice's intended recipient. He lacks the requisite standing to proceed.

Plaintiff clearly read Moving Defendants' initial Motion, and now claims to have purchased Walter's claims via assignment on December 6, 2023. "A right of action strictly personal is not assignable and the general doctrine is, both in law and equity, that a right of action for a pure tort is not the subject of assignment: . . ." *Sensenig v. Pennsylvania Railroad Co.*, 229 Pa. 168, 172, 78 A. 91 (1910), *Sniderman v. Nerone*, 336 Pa. 305, 9 A. 2d 335 (1939), *affirming per curiam* 136 Pa. Super. 381, 7 A.2d 496 (1939). Plaintiff's Second Amended Complaint primarily consists of claims in tort and violation of federal discrimination statutes. Plaintiff cannot receive an assignment from his brother of any tort, or place himself in place of his brother as a member of a protected class. Nowhere within the Residential Lease Agreement exists language that permits an assignment of rights in the event of breach. The attempted assignment of claims is invalid.

Count I of Plaintiff's Second Amended Complaint seeks damages against all defendants for "Fair Housing Retaliation". Plaintiff avers that the two (2) Notices to Quit, "…each of which target Plaintiff under pretext of targeting Walt, and each of which was fatally defective…" are "in violation of the PCHR order of February 1, 2023, which had yet to be overturned at the time of the Notice." Exhibit "A" at ¶ 33. Pursuant to the Fair Housing Act, "it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed any right granted protection by 42 U.S.C.S. § 3604." 42 U.S.C.S. § 3617. "Unlawful activity includes 1) retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the FHA, 24 C.F.R. § 100.400(c)(5), and 2) retaliating against any person because that person reported a discriminatory housing practice to a housing provider or other authority, 24 C.F.R. § 100.400(c)(6). *Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 894 (2017).

15

First and foremost, the PCHR rejected Plaintiff's Complaint for lack of standing to proceed. Second, correlation does not equate to causation; "[t]o prevail on a § 3617 retaliation claim, a plaintiff must demonstrate that (1) [he] engaged in a protected activity; (2) the defendant subjected [him] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Loyd* at 904. Walt—not Plaintiff—received the Second Notice to Quit as a direct result of ongoing non-payment of rent, property damage, and holdover tenancy. Walt and Plaintiff continue to occupy the Property for free and without a valid lease. However, upon closer inspection of the August 22, 2023 Notice to Quit, it is not a debt collection letter, but landlord's notice of its intentions not to renew Walter's leasehold. It is not a collection letter, or a communication directed towards Plaintiff. In *arguendo*, just because Plaintiff tried and failed to file a PCHR Complaint does not categorically define Moving Defendants' subsequent Notices as retaliation. Third, the highly defamatory comments within this section directed to Attorney Baritz serve no purpose other than to insult his character. Plaintiff's allegations as to retaliation both lack standing and merit.

Combined Counts II-IV of Plaintiff's Amended Complaint restates the same arguments from the Original Complaint, specifically that all Defendants violated the FHA for discriminating against older, Caucasian men such as Walt and Plaintiff. *see gen.* Second Amended Complaint. The FHA makes it unlawful to refuse to rent, or to otherwise make unavailable or deny, a dwelling to a person because of sex. 42 U.S.C. § 3604. The FHA defines discriminatory housing practices, in pertinent part, "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). To sufficiently allege a violation of the FHA, Plaintiff must state facts that would allow the Court to infer that Moving Defendants did one of the unlawful acts listed within § 3604. *Alexander v. Riga*, 208 F.3d 419, 427 (3rd Cir. 2000).

16

Plaintiff allegations of discrimination are devoid of merit or factual foundation. He is no stranger to asserting discrimination claims against members of the Commonwealth as a way to retaliate against those who do not cave to his demands. *see Parker v. University of Pennsylvania*, 128 F. App'x 944 (3rd Cir. 2005) (Plaintiff's claim against UPenn for racial and gender discrimination within UPenn's hiring practices were dismissed with prejudice). In this matter, Plaintiff fails to causally relate his Brother's Notice of Intention to Vacate the Property with any form of discriminatory practices against him. Plaintiff fails to sufficiently plead that his sex, gender, or family status was the basis for any adverse action against him. Plaintiff's allegations fall far below the standard of raising a reasonable expectation that discovery would allow him to establish the elements of any claim under the FHA. He improperly employs the FHA for jurisdictional purposes, without any care for the serious allegations to which the Act is designed to prevent.

Count V of Plaintiff's Second Amended Complaint seeks damages against Attorney Baritz pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. 1692(d). Plaintiff relies upon his brother's receipt, and his "purchase" of his brother's claims, based upon the August 22, 2023 Notice to Quit sent from Attorney Baritz's law firm, not from him personally. Averment 44 of Plaintiff's Second Amended Complaint avers that Walt's "second notice to vacate of August 22, 2023, was an attempt to collect a debt for damages and unpaid rent, which threatened legal action to recover the debt…" Second Amended Complaint at ¶ 44. The August 22, 2023 Notice to Quit establishes that Plaintiff's brother, Walter, has not paid rent for a substantial period of time, and seeks redress for damages caused to the apartment. As stated, the August 22, 2023 Notice to Quit, it is not a debt collection letter, but landlord's notice of its intentions not to renew Walter Parker's leasehold. It is not a collection letter, or a communication directed towards Plaintiff.

Plaintiff's *ad damnum* seeks "not less than Five Million Dollars ($5,000,000.00)." Second Amended Complaint at p. 19. This amount does not include "[p]unitive damages in an amount to be determined at trial [or] costs of suit, including any reasonable attorney fees where applicable (none have been incurred as of now). Ibid. "[T]o determine the amount in controversy in this matter, the Court

17

must look at Plaintiff's 'actual legal claims'". *Young v. Bloomingdale's Short Hills*, 2021 U.S. Dist. LEXIS 174178 * 8 (2021) *quoting Morgan v. Gay*, 471 F.3d 469, 475 (3rd Cir. 2006). In this matter, Plaintiff lacks standing to proceed every claim within his Amended Complaint. He lacks privity of contract, legal standing, or the essential elements to maintain a § 1983 Claim. It is apparent—to a legal certainty—that Plaintiff cannot recover the amount claimed based upon the pleadings, and irrespective of the Parties' lack of complete diversity.

### II. Plaintiff's State Law Claims are Factually Implausible and Legally Insufficient

Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim…if…(3) the district court has dismissed all claims over which it has original jurisdiction." In this matter, the parties are not diverse, and therefore, the only way for this Court to retain subject matter jurisdiction over the action is because Plaintiff asserts federal causes of action for housing discrimination and debt collection practices. Should the Court dismiss Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining State law claims for Breach of Contract and Declaratory Relief.

#### a. Plaintiff Fails to Plead Facts showing that Moving Defendants are Liable for Breach of Contract

"[T]hree elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1262 (2017). Privity of Contract is essential to any cause of action deriving from an executed instrument; "[P]rivity of contract is *personal* privity, and is confined to the *persons* of the contracting parties." *Deynzer v. Columbia Gas of Pennsylvania, Inc.,* 2005 Pa. Super. 122, 875 A.2d 298, 301 (Pa. Super. 2005).

Plaintiff and Moving Defendants do not share privity of contract. The Second Amended Complaint includes an incomplete copy of a rejected new lease for Apartment #3F between the Teresa Lee Revocable Trust and Walter Parker. Certainly, Plaintiff cannot logically prevail for Breach of Contract damages without establishing that a contractual duty exists between the parties. Again, Plaintiff and Moving Defendants, or any other non-moving defendant, never executed any form of contract.

### b. Plaintiff Fails to Plead Facts Necessary for Declaratory Relief

"In order to sustain an action under the Declaratory Judgment Act, a plaintiff must demonstrate an 'actual controversy' indicating imminent and inevitable litigation, and a direct, substantial and present interest. Because an action for declaratory judgment cannot be sustained until these elements can be shown to exist, it follows that a cause of action for declaratory judgment does not arise until such 'actual controversy' exists." *Wagner v. Apollo Gas Co.*, 399 Pa. Super. 323, 325 (1990) (*quoting Petition of Malick*, 133 Pa. Super. 53, 58-60, 1 A.2d 550, 553-4 (1938). Specifically, "[a]ny person interested under a...written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533.

Plaintiff asks the Court to declare that neither he or his brother are responsible for the Property's water damage. Second Amended Complaint at ¶ 55. Plaintiff also asks for the Court to declare that he does not owe back rent, to instruct Moving Defendants to offer a new apartment at a capitated rate, and that no good cause exists to commence eviction proceedings. Ibid. Plaintiff is not asking the Court to resolve an actual controversy concerning his contractual or statutory rights. He asks the Court to preemptively adjudicate over affirmative defenses that Plaintiff and/or Plaintiff's brother may assert at eviction proceedings. Plaintiff's request for Declaratory Relief falls well outside of the Declaratory Judgment Act's scope.

### III.     Conclusion

Based upon the aforementioned arguments, Moving Defendants respectfully request for this Honorable Court to grant their Joint Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12.

Respectfully submitted,

KBK LAW GROUP

_____
Adam P. Barsky, Esquire
KBK LAW GROUP
100 S. Broad Street
Suite 1208
Philadelphia, PA 19102
(267) 761-5090

*Attorneys for Defendants, Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust, and Kenneth L. Baritz, Esquire*

Dated:  March 21, 2024