UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | Civil Case No.: 2:23-cv-03999-GJP |
| *Plaintiff,* | : | |
| v. | : | |
| RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE | : | |
| *Defendants.* | : | |

# ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) of Defendants, Jeffrey Mai and Canaan Realty Investment Group, and any Response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.  Plaintiff, Gordon Roy Parker's Second Amended Complaint is hereby Dismissed with prejudice as to Defendants, Jeffrey Mai and Canaan Realty Investment Group.

BY THE COURT:

_____
Gerald J. Pappert, U.S.D.C.J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | Civil Case No.: 2:23-cv-03999-GJP |
| *Plaintiff,* | : | |
| v. | : | |
| RONALD LEE; et al | : | |
| *Defendants.* | : | |

**MOTION OF DEFENDANTS, JEFFREY MAI AND CANAAN REALTY INVESTMENT GROUP, TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO <u>Fed. R. Civ. P. 12(b)(6)</u>**

Defendants, Jeffrey Mai and Canaan Realty Investment Group ("Movants"), by their undersigned counsel, respectfully move the Court for an Order under Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's Second Amended Complaint with prejudice as against Movants, on the grounds that the Second Amended Complaint fails to state a claim upon which relief can be granted. In further support of the Motion, Movants rely on the accompanying Memorandum of Law.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By: */s/ Aaron E. Moore*
_____
AARON E. MOORE, ESQUIRE
PA Attorney I.D. No. 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone:    (215) 575-2899
Facsimile:     (215) 575-0856
E-mail:  aemoore@mdwcg.com
*Attorney for Defendants,*
*Jeffrey Mai and Canaan Realty Investment Group*

Dated: <u>March 21, 2024</u>

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | Civil Case No.: 2:23-cv-03999-GJP |
| *Plaintiff,* | : | |
| v. | : | |
| RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DEFENDANTS, JEFFREY MAI AND CANAAN REALTY AND INVESTMENT
GROUP, TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR
<u>FAILURE TO STATE A CLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)</u>**

### I.     <u>INTRODUCTION</u>

*Pro se* Plaintiff, Gordon Roy Parker claims that Defendants, Jeffrey Mai and Canaan Realty Investment Group (collectively "Mai") are liable to him for retaliation under the Fair Housing Act (Count I) and for discrimination based on gender, race, and age under the Fair housing Act (Counts II – IV). Parker also seeks declaratory judgment (Count VII). The facts as alleged by Parker, however, do not give rise to a viable cause of action against Mai. Accordingly, Parker's Second Amended Complaint as against Movants should be dismissed with prejudice.

II.     **STATEMENT OF FACTS AS ALLEGED BY PLAINTIFF**[1]

Pro se Plaintiff, Gordon Roy Parker's Second Amended Complaint is largely incomprehensible. It is replete with commentary that appears to have nothing to do with his claims. Parker appears to be alleging that all of the defendants were somehow involved in his eviction and/or refusal to renew the lease for an apartment leased by his brother Walter, in which Parker also resided. The Apartment is located at 1011 Cherry Street (a/k/a 132 N. 10th Street), #3F. (Sec. Amend. Comp. at ¶ 1) Mai is alleged to be the property manager for the building where the apartment is located. (Sec. Amend. Comp. at ¶ 3)

Gordon summarizes the basis for his complaint at ¶ 6 of his Second Amended Complaint.

> 6. The action stems primarily from two notices to vacate issued on June 3, 2022 and August 22, 2023, respectively, to Plaintiff's brother, Walter Parker ("Walt"), who originally rented unit #BR-2 ("The Basement") in 2016, but not to Plaintiff. It also stems from fair-housing violations related to all Defendants' listing Apartment #4F on favorable, discriminatory terms relative to #3F, and their refusing to rent #2R, and #2F, each one-bedroom units on the second floor with comparable rent to the Basement.

Parker does not allege, and cannot truthfully allege that Mai served as the landlord or owner of any of the referenced apartments. Moreover, he dos not allege, and cannot truthfully allege that he was a named lessee on any apartment in the building that is alleged to be managed by Mai. Parker generally alleges that "Defendants have targeted Walt, who signed the original lease, and with whom they had no visible issue as a tenant, for the express purpose of retaliating against [Parker] by attempting to make him homeless, in the hope he will die on the street or simply end his life." (Sec. Amend. Comp. at ¶ 10)

---

[1] A copy of Plaintiff's Second Amended Complaint (entitled "Corrected Second Amended Complaint") is attached hereto as Exhibit "1."

4

Parker offers few allegations as to Mai's relationship to his claims. He alleges that Mai called his brother Walter on or around December 27, 2022, offering a lease renewal for the apartment. (Sec. Amend. Comp. at ¶ 25.b. Parker purports to attach a copy of the proposed lease to his Second Amended Complaint as Exhibit "E.' The proposed lease identifies Walter as a tenant, but not Parker.[2] The landlord is identified as Teresa Lee Revocable Trust, and Mai is identified as the contact person for emergencies and maintenance requests.[3] The monthly rent for the proposed lease renewal was $2,200, which Parker claims is $300 more than Apartment #4F was listed for at that time, and $400 more than it was allegedly renting "to younger, nonwhite female tenants." (Sec. Amend. Comp. at ¶25.b.1.a) Parker does not allege that either he or Walter entered into the proposed lease renewal.

Parker alleges that on August 22, 2023, nearly eight months after Walter was presented with the proposed lease renewal, "the landlord Defendants (other than Mai/Caanan) retained Defendant [attorney Ken Baritz] to send Walter another notice to vacate." (Sec. Amend. Comp. at ¶ 26) The Notice did not name Parker as a tenant. (Sec. Amend. Comp. at ¶ 26.a) In response to the second Notice to Vacate, Parker filed a complaint with the Philadelphia Commission on Human Relations ("PCHR"); however, his complaint was rejected. (Sec. Amend. Comp. at ¶ 27). In rejecting Parker's complaint, the PCHR stated, inter alia, as follows:[4]

---

[2] Exhibit "E" to Plaintiff's Second Amended Complaint.
[3] *Id.*
[4] A copy of the rejection notice form the PCHR is attached to Parker's Second Amended Complaint as Exhibit "D."

> ☒ The discrimination alleged does not involve employment, public accommodations or housing and real property practice that is enforced by our law, the Philadelphia Fair Practices Ordinance. The allegations do not meet the requirements for a discrimination claim because:
> - You are not listed on the lease as the lessor or an occupant. The landlord has no obligation to provide you with a separate lease.
> - You are not covered under the Fair Practices Ordinance definition of family status. Under the Fair Practices Ordinance § 9-1102. Definitions. (j) the definition of family status with respect to housing includes one or more individuals who have not attained the age of 21 years being domiciled with: (.1) a parent or other person having legal custody of such individual or individuals; or (.2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.
>
> Accordingly, the PCHR cannot accept your claim for investigation.

In sum, Parkers complaint to the PHRC was rejected because Parker was not identified as a lessor or occupant on the lease for the apartment; the landlord has no obligation to lease to Parker; and, because Parker was not covered under the Fair Practices Ordinance definition of family status.

Notwithstanding the Notices to Vacate, the landlord has not attempted to evict or collect rent from Plaintiff or his brother Walt. (Sec. Amend. Comp. at ¶ 28).

At Count I, Parker alleges that Mai is liable to him for retaliation under the Fair Housing Act. Parker states that "Mai and Caanan are named [at Count I] because they handle both the day-to-day operations of the Building, and rental listings, including the ones for Apartments 4F, 3F, 2R and 2F." Parker's Second Amended Complaint, however, is devoid of any allegations that would suggest that Mai, as the property manager, retaliated against him in violation of the Fair Housing Act. Notable, the lease renewal that was allegedly provided by Mai was sent to Walt, not Parker. Moreover, Parker has not alleged that any of the terms in the lease renewal, inlcuding identifying the proposed tenant as Walt only, were established by Mai, who is not the the landlord.

Parker bundles together Counts II – IV at ¶¶ 38 – 42 of his Second Amended Complaint. He alleges that "all defendants except Baritz" are liable to him for gender, race and age discrimination under the Fair Housing Act. Parker alleges that Mai's listing of Apartments 4F, 2F, and 2R, and refusal to rent to them, to Plaintiff, or Walt constitutes gender, race, and age

6

discrimination because "two-occupant leases" were offered to non-white, female, and younger tentants for the same apartment that Walter was offered a one-occupant lease, and because non-white, female and yonger tenants were permitted to conduct business in their apartments." (Sec. Amend. Comp. at ¶ 39)

At Count VII, Parker seeks declaratory relief against "all relevant defendants." Mai does not know what Parker means by all relavant defendants at Count VII, however, as a manager of the property, Mai is incapable of provided the relief sought.

### III.   ARGUMENT

####    A. Legal Standard for Demurrer (Fed. R. Civ. P. 12(b)(6))

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a pleading.  *Carter v. City of Phila.*, 1998 W.L. 208847, 2 (E.D. Pa. Apr. 20, 1998). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and may consider matters of public record. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); A complaint is properly dismissed when it clearly appears that a plaintiff has alleged "no set of facts, which, if proved, would entitle him or her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jones v. Pennsylvania Minority Bus. Dev. Auth.*, 1998 U.S. Dist. LEXIS 5795, Civil Action No. 97-4486 (E.D. Pa. Apr. 22, 1998) (a complaint may be dismissed when the facts alleged and the reasonably inferences there from are legally insufficient to support the relief sought).   While all well-pleaded facts, as distinguished from conclusory allegations, should be taken as true, "a court need not credit a complaint's bald assertions or 'legal conclusions' when deciding a motion to dismiss". *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  It is not "proper to assume that [Plaintiffs] can prove facts that [they have] not alleged." *Associated Gen. Contractors of Calif.,*

*Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Furthermore, the Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allian,* 478 U.S. 2675, 2686 (1986).

In sum, to survive a motion to dismiss, the plaintiff must "allege facts sufficient to raise a right to relief above the speculative level." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 317 (3d Cir. Sept. 4, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. This requires "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Haspel v. State Farm Mut. Auto. Ins. Co.*, 241 Fed. Appx. 837, 839, 2007 WL 2030272 at *1 (3d Cir. Jul. 16, 2007) (unpublished) (quoting Twombly, 127 S. Ct. at 1969).

### B. Parker Has Failed to State a Viable Retaliation Claim under the Fair Housing Act (Count I)

Parker claims that Mai is liable to him under the Fair Housing Act for "retaliation." "Retaliation" claims are brought under 42 U.S.C.A. § 3617, which provides as follows:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. *Id*.

42 U.S.C.A. § 3617 (West)

"To state [a retaliation claim under § 3617], plaintiff must allege that (1) he is a protected individual under the FHA, (2) he was engaged in the exercise or enjoyment of his fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on

8

account of his protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 842 (E.D. Pa. 2018) (internal citations omitted).

Parker has not alleged facts reflecting that he engaged in a "protected activity." He is not a lessee of the subject apartment, and he has not alleged facts that reflect that he is a lawful occupant of the subject apartment. Parker has not imputed any conduct to Mai that could be deemed coercion, intimidation, threatening, or interfering with an activity protected under the FHA, and Parker has not alleged facts reflecting that Mai's conduct, whatever it may have been, was motivated by an intent to discriminate. Importantly, "[t]o survive a Motion to Dismiss, something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Id.* at 84.

### C. Parker Has Failed to State a Viable Claim of Fair Housing Discrimination (Counts II - IV)

Parker claims that Mai is liable to him under the Fair Housing Act for discrimination based on his gender, race, and age. The FHA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." *El*, 315 F. Supp. 3d at 842. Significantly, "conclusory speculations that those decisions were made for a discriminatory reason are insufficient to state a claim under the FHA." *Rosado v. Whitcraft*, 2023 WL 8720137, at *8 (E.D. Pa. Dec. 15, 2023). A plaintiff must "allege sufficient facts from which one could infer that a discriminatory purpose was a motivating factor behind the challenged actions, or that any Defendant's actions or practices disproportionately burdened a protected class of which [Plaintiff] is a member, so as to cause a disparate impact. *Id.* A plaintiff asserting a discrimination claim under the FHA "must at a minimum assert non-conclusory factual matter

9

sufficient to nudge its claims across the line from conceivable to plausible to proceed." *White v. Barbe*, 767 Fed. Appx. 332, 335 (3d Cir. 2019). An FHA claim for discrimination that "consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim." *Id*.

Parker claims that he was discriminated against because he is a white male, suggesting that the "landlord defendants rented on more favorable terms to non-white, younger, female tenants. Again, Parker has not alleged, and cannot allege that the decision to not rent to him or Walter was made by Mai. Moreover, Parker concedes that Mai is not the owner of any apartment he sought to rent; thus, Mai did not have the authority to decide whether to rent to Parker or his brother Walter. Further, Parker's conclusory threadbare allegations of discrimination are insufficient to state a claim under the FHA. Accordingly, this claim should be dismissed with prejudice.

### D. Parker is not Entitled to Declaratory Relief

At Count VII of his Second Amended Complaint, Parker seeks a declaration as follows:

> a. That Plaintiff is a tenant in Apartment 3F, with his brother.
>
> b That the toilet overflowing was accidental, caused primarily by faulty plumbing, and exacerbated by the bathroom flooring not being watertight.
>
> c. That the two notices to vacate were retaliatory in nature, and that no good cause exists to evict Plaintiff or his brother (and by extension, him).
>
> d. That any back rent or damages claimed to be owed are more than offset by the breaches of contract, including but not limited to relocation from the Basement.
>
> e. That any rent in excess of $1,000.00 a month, or a reasonable annual increase in that rent (minus offsets) is damages payable back to Plaintiff, with interest.
>
> f. That, in part due to laches, any money owed at present, due to back rent or damages, is plenary and not possessory in nature.

g. That the lease renewal offer of December 27, 2022 constitutes a transactional waiver of any cause to evict either Plaintiff or his brother.

Parker does not specifically seek the aforesaid declarations as against Mai; however, in an abundance of caution, Mai seeks to have this claim dismissed as against him. Again, Mai does not have an ownership interest in the subject apartment, nor has such been alleged. As a non-owner, Mai could not have evicted Walter or Parker. There is no suggestion that Mai sought to evict Parker and Walter, or sought damages from Parker or Walter, in connection with an overflowing toilet in the apartment. There is no suggestion that Mai seeks to collect on any debt from Parker or Walter. Accordingly, this claim as against Mai should be dismissed with prejudice as well.

### IV.    CONCLUSION

For the foregoing reasons, Defendants, Jeffrey Mai and Canaan Realty Investment Group, Inc. respectfully request that this Court enter the proposed Order dismissing Plaintiff's claims as asserted against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By: /s/ Aaron E. Moore
AARON E. MOORE, ESQUIRE
PA Attorney I.D. No. 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone:    (215) 575-2899
Facsimile:    (215) 575-0856
E-mail: aemoore@mdwcg.com

*Attorney for Defendants,*
*Jeffrey Mai and*
*Canaan Realty Investment Group*

Dated: March 21, 2024

## CERTIFICATION OF SERVICE

    I, Aaron E. Moore, Esquire, do hereby certify that service of a true and correct copy of the foregoing Motion to Dismiss Second Amended Complaint with Memorandum of Law In Support Thereof on behalf of Defendants, Jeffrey Mai and Canaan Realty Investment Group, was made upon counsel of record listed below via electronic Court filing and/or Regular U.S. Mail, postage prepaid, and via email:

Gordon Roy Parker, Pro Se
315 S. Broad Street, #0106
Philadelphia, PA  19107
E-mail:  GordonRoyParker@gmail.com
*Pro Se Plaintiff*

Adam P. Barsky, Esquire
KBK Law Group
100 S. Broad Street, Suite 1208
Philadelphia, PA 19102
E-mail:  Adam@KBKLawGroup.com
*Counsel for Defendants,
Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust
and Kenneth L. Baritz, Esquire*

**MARSHALL DENNEHEY, P.C.**

By: /s/ *Aaron E. Moore*
      AARON E. MOORE, ESQUIRE
      Attorney I.D. No. 91672
      2000 Market Street, Suite 2300
      Philadelphia, PA 19103
      Telephone:     (215) 575-2899
      Facsimile:     (215) 575-0856
      Email:  aemoore@mdwcg.com

      *Attorney for Defendants,
      Jeffrey Mai and
      Canaan Realty Investment Group*

Date:  <u>March 21, 2024</u>