IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>RONALD LEE, et al.,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br>NO. 23-3999 |

## ORDER

**AND NOW**, this 10th day of June 2024, upon consideration of Parker's Second Amended Complaint (ECF No. 23), Defendants' Motions to Dismiss (ECF Nos. 24, 25), and Parker's responses (ECF Nos. 26, 27) it is **ORDERED** that:

1. The Motions are **GRANTED** and Parker's Second Amended Complaint is **DISMISSED without prejudice**.

2. Parker may file a Third Amended Complaint on or before **Friday, July 12, 2024**.  The Third Amended Complaint shall be a complete document that does not rely on the Original, First or Second Amended Complaint or any other papers filed in this case.  A third amended complaint will supersede and nullify all prior complaints.  If Parker files a third amended complaint, he must include therein all factual allegations and claims he wishes the Court to consider.  Parker should describe what happened to him and, specifically, what each defendant did to cause his alleged damages.  When drafting a third amended complaint, Parker should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the accompanying Memorandum.

3. If Parker does not wish to file a Third Amended Complaint and instead intends to stand on his Second Amended Complaint as pled, he may file a notice with the Court stating that intent on or before **Friday, July 12, 2024**, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

4. If Parker fails to file any response to this Order, the Court will conclude he intends to stand on his Second Amended Complaint and will issue a final order dismissing this case. *See Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.