UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GORDON ROY PARKER | : | Civil Case No.: 2:23-cv-03999-GJP |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD LEE; TERESA LEE; | : | |
| JEFFREY MAI; CANAAN REALTY | : | |
| INVESTMENT GROUP; | : | |
| TERESA LEE REVOCABLE TRUST; and | : | |
| KENNETH L. BARITZ, ESQUIRE | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

# **ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) of Defendants, Jeffrey Mai and Canaan Realty Investment Group, and any Response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Plaintiff, Gordon Roy Parker's Third Amended Complaint is hereby dismissed with prejudice as to Defendants, Jeffrey Mai and Canaan Realty Investment Group.

BY THE COURT:

_____
Gerald J. Pappert, U.S.D.C.J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | Civil Case No.: 2:23-cv-03999-GJP |
| *Plaintiff,* | : | |
| v. | : | |
| RONALD LEE; et al | : | |
| *Defendants.* | : | |

**MOTION OF DEFENDANTS, JEFFREY MAI AND CANAAN REALTY INVESTMENT GROUP, TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO
<u>Fed. R. Civ. P. 12(b)(6)</u>**

Defendants, Jeffrey Mai and Canaan Realty Investment Group ("Movants"), by their undersigned counsel, respectfully move the Court for an Order under Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's Third Amended Complaint with prejudice as against Movants, on the grounds that the Third Amended Complaint fails to state a claim upon which relief can be granted. In further support of the Motion, Movants rely on the accompanying Memorandum of Law.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By:   */s/ Aaron E. Moore*
AARON E. MOORE, ESQUIRE
PA Attorney I.D. No. 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone:   (215) 575-2899
Facsimile:    (215) 575-0856
E-mail:  aemoore@mdwcg.com
*Attorney for Defendants,
Jeffrey Mai and Canaan Realty Investment Group*

Dated: <u>July 12, 2024</u>

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER | Civil Case No.: 2:23-cv-03999-GJP |
| *Plaintiff,* | |
| v. | |
| RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE | |
| *Defendants.* | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DEFENDANTS, JEFFREY MAI AND CANAAN REALTY AND INVESTMENT
GROUP, TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

**I.   INTRODUCTION**

*Pro se* Plaintiff, Gordon Roy Parker has filed his Third Amended Complaint, notwithstanding his position that this Court's Order of June 10, 2024 was a bit flawed and inaccurate."[1] Parker now claims that Defendants, Jeffrey Mai and Canaan Realty Investment Group (collectively "Mai"), are liable to him at Count I for retaliation under the Fair Housing Act ("FHA"); Count II for retaliation under the Fair Labor Standards Act ("FLSA"); Count III for race and gender discrimination under the FHA; and Count IV for violation of the Americans with Disabilities Act ("ADA"). Parker also seeks declaratory judgment at Count IV, which is asserted against "all relevant defendants." The facts as alleged by Parker, however, do not give rise to a

---

[1] A copy of Plaintiff's Third Amended Complaint is attached hereto as Exhibit "1."

viable cause of action against Mai. Accordingly, Parker's Third Amended Complaint as against Movants should be dismissed with prejudice.

## II.   STATEMENT OF FACTS AS ALLEGED BY PLAINTIFF

*Pro se* Plaintiff, Gordon Roy Parker's Third Amended Complaint is largely incomprehensible. It is replete with commentary that appears to have nothing to do with his claims. Parker appears to be alleging that all of the defendants were somehow involved in his eviction and/or refusal to renew the lease for an apartment leased by his brother Walter, in which Parker also resided. The Apartment is located at 1011 Cherry Street (a/k/a 132 N. 10th Street), #3F. (Third Amend. Comp. at ¶ 1)  Mai is alleged to be the property manager for the building where the apartment is located. (Third Amend. Comp. at ¶ 3)

Conduct imputed to Mai is not referenced in Plaintiff's Third Amended Complaint until ¶ 30, where Parker alleges that in February 2022, "Mai relayed that Defendant Lee considered Walt a 'valued long-term tenant.' And they should 'work it out.'"  Walt, the actual lessee of the apartment, is Plaintiff's brother. (Third Amend. Comp. at ¶ 14).  The communication from Mai to Walt was actually a February 2022 text message, attached to Plaintiff's Third Amended Complaint as Exhibit "A."



Parker purports to explain how he relied upon Mai's text message at ¶ 31 of his Third Amended Complaint.

> 31. Based on the above, Plaintiff assumed that Walt was now in good standing, and continued as his caregiver, while also letting his guard down by not seeking new housing, or keeping enough cash on hand to move, as this was tying up his finances.

Parker alleges that on June 3, 2022, his brother Walt received an email from Joanne Lee, wife of Defendant Ron Lee, that included a Notice to Vacate the property by June 30, 2022. (Third Amend. Comp. at ¶ 32) In response to the Notice, Plaintiff and Walt filed separate complaints with the Pennsylvania Commission on Human Relations ("PCHR"), which dismissed Parker's Complaint for lack of standing. (Third Amend. Comp. at ¶35)

On or about August 22, 2023, Defendant Baritz, on behalf of the Landlord Defendants, issued a second Notice to Vacate, which Parker claims was rejected by the Eviction Diversion Program as premature. (Third Amend. Comp. at ¶ 37) That Order was subsequently overturned; however, the Landlord Defendants did not serve a third Notice to Vacate. (Third Amend. Compm. at ¶ 38).

Parker alleges that Walt was offered a lease renewal for $2,200 per month on December 21, 2022. (Third Amend. Comp. at ¶ 41.a.) Mai is alleged to have "called Walt to ask him to step outside to meet a 'friend,'" alleged to have been an attorney, "to sign the new lease as a means of circumventing [Parker's] involvement," however, "Walt refused the interaction." (Third Amend. Comp. at ¶ 41.b.) The proposed lease, attached to Plaintiff's Third Amended Complaint as Exhibit "C" listed only one occupant, which Plaintiff claims served as an attempt to evict him. (Third Amend. Comp. at ¶ 41.c.) Parker, in conclusory manner, alleges that "[t]his would not have happened if Plaintiff were Chinese or female." *Id*.

Parker alleges that a "far superior" Apartment #4F was rented at the time to a Hispanic or Asian female at a much lower rate of $1,850 a month, and was advertised for many months thereafter at $1,900 a month." (Third Amend. Comp. at ¶ 41.d.)  He also claims that "Apartment #2R was later rented to minority tenants, and never offered to Plaintiff or Walt" however, he does not identify the race of the referenced "minority tenants." (Third Amend. Comp. at ¶ 41.e.)

In sum, the only conduct imputed to Mai is that he, a) sent a text message in February 2022 in which he acknowledges that Walt had been a "very long term tenant," and that the landlord wants to resolve any issues with Walt; and, b) sought to have Walt, but not Parker, renew the lease in December 2022.  Parker does not allege that the lease was actually renewed.

Parker does not allege, and cannot truthfully allege that Mai served as the landlord or owner of any of the referenced apartments.  Moreover, he dos not allege, and cannot truthfully allege that he was a named lessee on any apartment in the building that is alleged to be managed by Mai.

Parker purports to attach a copy of the proposed lease to his Third Amended Complaint as Exhibit "C."  The proposed lease identifies Walter as a tenant, but not Parker.[2]  The landlord is identified as Teresa Lee Revocable Trust, and Mai is identified as the contact person for emergency maintenance requests.

At Count I, Parker alleges that Mai is liable to him for retaliation under the Fair Housing Act.  Parker's Third Amended Complaint, however, is devoid of any allegations that would suggest that Mai, as the property manager, retaliated against him in violation of the Fair Housing Act.  Notably, the lease renewal that was allegedly provided by Mai was sent to Walt, not Parker.  Moreover, Parker has not alleged that any of the terms in the lease renewal, including identifying the proposed tenant as Walt only, were established by Mai, who is not the landlord.

---

[2] Exhibit "E" to Plaintiff's Third Amended Complaint.

At Count II, Parker alleges that all defendants are liable to him for retaliation under the FLSA. He claims that the specific conduct that gives rise to this claim is identical to the conduct that allegedly gives rise to his retaliation claim under the FHA at Count I. (Third Amend. Comp. at ¶ 57)  He, however, has failed to allege any facts, or impute any conduct to Mai, that could conceivably reflect that Mai could be liable for retaliation under the FLSA.

At Count III of his Third Amended Complaint, Parker alleges that all defendants are liable to him for gender and race discrimination under the Fair Housing Act. Parker alleges that Mai "paced discriminatory rental ads such as for #4F." Parker does not identify the referenced ads or state how they are discriminatory. Parker further alleges that Mai is discriminated against him by carrying out the Landlord Defendants' discriminatory wishes via its conduct towards Plaintiff...." (Third Amend. Comp. at ¶ 64). Parker states that all defendants have discriminated against him by offering Walt a one-occupant lease when other occupants were offered two occupant leases. (Third Amend. Comp. at ¶ 65)  Parker, however, does not allege how Mai would have had authority to decide to who to rent the apartment to. Nor does he allege how such conduct, even if true, constitutes discrimination against him because he is a white male, particularly since the apartment was offered to his brother who presumably is a white male.

All defendants are alleged to have discriminated against Parker by "allowing a Chinese female tenant . . . to trespass into Plaintiff's home twice, once in 2021, and after the toilet overflowed in 2022. Parker, however, has failed to allege any facts that would suggest that Mai had anything to do with the alleged trespass. Moreover, Parker has failed to allege any facts that suggest that a trespass by a Chinese neighbor constitutes discrimination against Parker.

At Count IV, Parker alleges that all defendants are liable to him under the Americans with Disabilities Act. He doesn't claim to be disabled, however, he points to comments made by

Codefendants in their previously filed Motions to Dismiss where Parker is referred to as "depraved" suggesting that these contentions somehow reflect that he has standing to assert an ADA claim against Mai. Parker has failed to allege any facts that would suggest that he is entitled to protection under the ADA.

At Count VI, Parker seeks declaratory relief against "all relevant defendants." Mai does not know what Parker means by all relevant defendants at Count VI, however, as a manager of the property, Mai is incapable of providing the relief sought.

### III.     ARGUMENT

#### A.  Legal Standard for Demurrer (Fed. R. Civ. P. 12(b)(6))

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a pleading. *Carter v. City of Phila.*, 1998 W.L. 208847, 2 (E.D. Pa. Apr. 20, 1998). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and may consider matters of public record. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); a complaint is properly dismissed when it clearly appears that a plaintiff has alleged "no set of facts, which, if proved, would entitle him or her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jones v. Pennsylvania Minority Bus. Dev. Auth.*, 1998 U.S. Dist. LEXIS 5795, Civil Action No. 97-4486 (E.D. Pa. Apr. 22, 1998) (a complaint may be dismissed when the facts alleged and the reasonable inferences there from are legally insufficient to support the relief sought). While all well-pleaded facts, as distinguished from conclusory allegations, should be taken as true, "a court need not credit a complaint's bald assertions or 'legal conclusions' when deciding a motion to dismiss". *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). It is not "proper to assume that [Plaintiffs] can prove facts that [they have] not alleged." *Associated Gen. Contractors of Calif.,*

8

*Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Furthermore, the Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allian,* 478 U.S. 2675, 2686 (1986).

In sum, to survive a motion to dismiss, the plaintiff must "allege facts sufficient to raise a right to relief above the speculative level." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 317 (3d Cir. Sept. 4, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. This requires "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Haspel v. State Farm Mut. Auto. Ins. Co.*, 241 Fed. Appx. 837, 839, 2007 WL 2030272 at *1 (3d Cir. Jul. 16, 2007) (unpublished) (quoting Twombly, 127 S. Ct. at 1969).

### B. Parker Has Failed to State a Viable Claim for Retaliation under the Fair Housing Act (Count I)

Parker claims that Mai is liable to him under the Fair Housing Act for "retaliation." "Retaliation" claims are brought under 42 U.S.C.A. § 3617, which provides as follows:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. *Id*.

42 U.S.C.A. § 3617 (West)

"To state [a retaliation claim under § 3617], plaintiff must allege that (1) he is a protected individual under the FHA, (2) he was engaged in the exercise or enjoyment of his fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on

9

account of his protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 842 (E.D. Pa. 2018) (internal citations omitted). Additionally, the plaintiff must plead facts reflecting that a causal link exists between his engagement in a protected activity, and the defendant's coercion, threats, intimidation, or interference. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

Parker has not imputed any conduct to Mai that could be deemed coercion, intimidation, threatening, or interfering with an activity protected under the FHA, and Parker has not alleged facts reflecting that Mai's conduct, whatever it may have been, was motivated by an intent to discriminate against Parker. Importantly, "[t]o survive a Motion to Dismiss, something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Id.* at 84.

As parker has failed to allege facts that, if proven, give rise to a viable claim for retaliation under the Fair Housing Act, this claim, as asserted against Mai, should be dismissed with prejudice.

### C. Parker Has Failed to State a Viable Claim for Retaliation Under the Fair Labor Standards Act (Count II)

At Count II of his Complaint, Parker purports to assert a claim for retaliation under the FLSA. The purpose of the FLSA, however, is to "establish[] certain minimum wage, maximum hours, and other working conditions to protect workers. . . . Congress included in the FLSA an anti-retaliation provision (at Section 15(a)(3)) to encourage employees to assert their rights without fear of economic retaliation which might often operate to induce aggrieved employees to quietly accept substandard conditions." *Uronis v. Cabot Oil & Gas Corp.,* 49 F.4th 263, 269 (3d Cir. 2022). Parker has not alleged, and cannot truthfully allege, that he was one of Mai's employees. In fact Parker's claims against Mai have nothing to do with his employment or efforts to become

employed. As the FLSA is entirely inapplicable to this matter, this claim, as asserted against Mai, should be dismissed with prejudice.

### D. Parker Has Failed to State a Viable Claim of Fair Housing Discrimination (Count III)

Parker claims that Mai is liable to him under the Fair Housing Act for discrimination based on his gender, race, and age. The FHA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." *El*, 315 F. Supp. 3d at 842. Significantly, "conclusory speculations that those decisions were made for a discriminatory reason are insufficient to state a claim under the FHA." *Rosado v. Whitcraft*, 2023 WL 8720137, at *8 (E.D. Pa. Dec. 15, 2023). A plaintiff must "allege sufficient facts from which one could infer that a discriminatory purpose was a motivating factor behind the challenged actions, or that any Defendant's actions or practices disproportionately burdened a protected class of which [Plaintiff] is a member, so as to cause a disparate impact. *Id.* A plaintiff asserting a discrimination claim under the FHA "must at a minimum assert non-conclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *White v. Barbe*, 767 Fed. Appx. 332, 335 (3d Cir. 2019). An FHA claim for discrimination that "consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim." *Id*.

Parker claims that he was discriminated against because he is a white male, suggesting that the "landlord defendants rented on more favorable terms to non-white female tenants. Again, Parker has not alleged, and cannot allege that the decision to not rent to him or Walter was made by Mai. Moreover, Parker concedes that Mai is not the owner of any apartment he sought to rent; thus, Mai did not have the authority to decide whether to rent to Parker or his brother Walter.

11

Parker also alleges that Mai discriminated against him by "placing the discriminatory rental ads. (Third Amend. Comp. at ¶ 64)  Parker fails to describe the ads with any specificity that would reflect that they are discriminatory.  Moreover, he has failed to offer any factual allegations as to how he was adversely impacted by the ads.

All defendants are alleged to have discriminated against Parker by "allowing a Chinese female tenant . . . to trespass into Plaintiff's home twice, once in 2021, and after the toilet overflowed in 2022. (Third Amend. Comp. at ¶ 65)  Parker, however, has failed to allege any facts that would suggest that Mai had anything to do with the alleged trespass.  Moreover, Parker has failed to allege any facts that suggest that a trespass by a Chinese neighbor constitutes discrimination against Parker.

 Further, Parker's conclusory threadbare allegations of discrimination are insufficient to state a claim under the FHA.  Accordingly, this claim, as asserted against Mai, should be dismissed with prejudice.

### E. Parker Has Failed to State a Viable Claim Under the Americans With Disabilities Act (Count IV)

At Count IV, Parker alleges that all defendants are liable to him under the Americans with Disabilities Act. (Third Amend. Comp. at ¶ 73)  He claims to be a protected person under the ADA because of comments made by Codefendants in their previously filed Motions to Dismiss where Parker is referred to as "depraved" suggesting that these contentions somehow reflect that he has standing to assert an ADA claim against Mai.  Parker also asserts a claim under 72 U.S.C.A § 12182(b)(2)(A)(iv) of the ADA because Apartment 3(F) has a broken elevator. (Third Amend. Comp. at ¶ 73).  It also appears that Parker is alleging that all defendants are liable to him for retaliation under § 12203 of the ADA.

Even if Parker could demonstrate standing under the ADA, his claims must fail as a matter of law. All of the activity that allegedly gives rise to Parker's claim under the ADA occurred in connection with his occupancy of an apartment in an apartment building. Residential facilities are not covered by the ADA." *El v. People's Emergency Ctr.,* 438 F. Supp. 3d 283, 292 (E.D. Pa. 2020). Accordingly, Parker's claims against Mai under the ADA should be dismissed with prejudice.

### F. Parker is not Entitled to Declaratory Relief as Against Defendant Mai (Count VI)

At Count VII of his Third Amended Complaint, Parker seeks a declaration as follows:

> a. That Plaintiff is a tenant in Apartment 3F, with his brother.
>
> b That the toilet overflowing was accidental, caused primarily by faulty plumbing, and exacerbated by the bathroom flooring not being watertight.
>
> c. That the two notices to vacate were retaliatory in nature, and that no good cause exists to evict Plaintiff or his brother (and by extension, him).
>
> d. That any back rent or damages claimed to be owed are more than offset by the breaches of contract, including but not limited to relocation from the Basement.
>
> e. That any rent in excess of $1,000.00 a month, or a reasonable annual increase in that rent (minus offsets) is damages payable back to Plaintiff, with interest.
>
> f. That, in part due to laches, any money owed at present, due to back rent or damages, is plenary and not possessory in nature.
>
> g. That the lease renewal offer of December 27, 2022 constitutes a transactional waiver of any cause to evict either Plaintiff or his brother.

Parker does not specifically seek the aforesaid declarations as against Mai; however, in an abundance of caution, Mai seeks to have this claim dismissed as against him. Again, Mai does not have an ownership interest in the subject apartment, nor has such been alleged. As a non-owner,

Mai could not have evicted Walter or Parker. There is no suggestion that Mai sought to evict Parker and Walter, or sought damages from Parker or Walter, in connection with an overflowing toilet in the apartment. There is no suggestion that Mai seeks to collect on any debt from Parker or Walter.

Moreover, as recognized by this Court at fn. 10 of its Memorandum Opinion of June 11, 2024, "declaratory judgment is a remedy and not a cause of action, and a plaintiff is required to prevail on the merits to obtain declaratory relief." *Parker v. Lee*, 2024 WL 2943766, at *11 (E.D. Pa. June 11, 2024) (internal citations omitted).

As demonstrated herein, Parker cannot prevail on the merits in any of his claims against Mai. Accordingly, to the extent Parker is deemed to have asserted a declaratory judgment claim against Mai, that claim should be dismissed with prejudice as well.

## IV.    CONCLUSION

For the foregoing reasons, Defendants, Jeffrey Mai and Canaan Realty Investment Group, Inc., respectfully request that this Court enter the proposed Order dismissing Plaintiff's claims as asserted against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By:   */s/ Aaron E. Moore*
AARON E. MOORE, ESQUIRE
PA Attorney I.D. No. 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone:    (215) 575-2899
Facsimile:      (215) 575-0856
E-mail:  aemoore@mdwcg.com
*Attorney for Defendants,
Jeffrey Mai and Canaan Realty Investment Group*

Dated: July 12, 2024

## CERTIFICATION OF SERVICE

      I, Aaron E. Moore, Esquire, do hereby certify that service of a true and correct copy of the foregoing Motion to Dismiss Third Amended Complaint with Memorandum of Law In Support Thereof on behalf of Defendants, Jeffrey Mai and Canaan Realty Investment Group, was made upon counsel of record listed below via electronic Court filing and/or Regular U.S. Mail, postage prepaid, and via email:

Gordon Roy Parker, Pro Se
315 S. Broad Street, #0106
Philadelphia, PA  19107
E-mail:  GordonRoyParker@gmail.com
*Pro Se Plaintiff*


Adam P. Barsky, Esquire
KBK Law Group
100 S. Broad Street, Suite 1208
Philadelphia, PA 19102
E-mail:  Adam@KBKLawGroup.com
*Counsel for Defendants,
Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust
and Kenneth L. Baritz, Esquire*

**MARSHALL DENNEHEY, P.C.**

By: */s/ Aaron E. Moore*
     AARON E. MOORE, ESQUIRE
     Attorney I.D. No. 91672
     2000 Market Street, Suite 2300
     Philadelphia, PA 19103
     Telephone:   (215) 575-2899
     Facsimile:    (215) 575-0856
     Email:  aemoore@mdwcg.com

     *Attorney for Defendants,
     Jeffrey Mai and
     Canaan Realty Investment Group*

Date:  July 12, 2024