**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVLANIA**

|  |  |  |
|---|---|---|
| **GORDON ROY PARKER,** | : | REC'D JUL 16 2024 |
| Plaintiff | : | |
| v. | : | |
| **Ronald Lee** *et al,* | : | **Case No: 23-3999-GJP** |
| Defendants | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS MAI/CAANAN'S MOTION TO DISMISS

Plaintiff Gordon Roy Parker, in the above-styled action, submits this response to Defendants Mai and Caanan's motion to dismiss the Third Amendeded Complaint.

For the reasons set forth in the accompanying Memorandum of Law, the instant motion should be **denied**. An appropriate order is attached.

This the 16th day of July, 2024.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

|  |  |  |
|---|---|---|
| **GORDON ROY PARKER,** <br><br> **Plaintiff** <br><br> v. <br><br> **Ronald Lee** *et al,* <br><br> **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No: 23-3999-GJP** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## RESPONSE TO DEFENDANTS MAI/CAANAN'S MOTION TO DISMISS

Plaintiff submits this memorandum of law in support of his response to the instant motion.

## I. INTRODUCTION

Defendants are arguing that they have the right to discriminate with impunity, that **_any_** easily

provable claims of discrimination (through discovery and *prima facie*), should be summarily dismissed,

with the system short-circuited.  They can even deny him the use of an elevator which he needs to avoid

having to climb stairs that are an increasing burden on his body.

## II.   FACTUAL ALLEGATONS

Defendant says Plaintiff's claims are "largely incomprehensible."  Defendants are feigning

confusion.

> Parker appears to be alleging that all of the defendants were somehow involved in his eviction and/or
> refusal to renew the lease for an apartment leased by his brother Walter, in which Parker also resided.
> The Apartment is located at 1011 Cherry Street (a/k/a 132 N. 10th Street), #3F. (Third Amend. Comp.
> at ¶ 1) Mai is alleged to be the property manager for the building where the apartment is located.
> (Third Amend. Comp. at ¶3)

Defendants' slanted language is clear: an "alleged" property manager ("alleged" because he **_is_** the

property manager) and a landlord "somehow" (by "somehow" having the power to attempt eviction)

conspired to illegally evict Plaintiff by attempting to evict his disabled brother.  He then discriminated

against both Plaintiff and his brother by offering 3F at a much higher rent than similar apartments, not

offering 2R or 3R, which have comparable rents to the basement, and by offering a ***one-occupant lease***,

which the FHA considers family discrimination, which was designed as a backdoor eviction of Plaintiff,

and which denied Plaintiff access to rentals.  Despite this, Defendants say discovery is not necessary to

prove these well-pled violations of the Fair Housing Act, nor is trial, and the case should be short-

circuited.  The lease renewal was refused because it was ***illegal***.  Normally, these allegations must be

treated as true, and would survive a motion to dismiss. (Memo, p.6)

As property manager, Mai carried out the retaliatory actions of the Landlord defendants, which

include the lease offering as well as the denial of a mailbox key that prevents Plaintiff (or Walt) from

domiciling in the Apartment.

Defendants also claim that:

> All defendants are alleged to have discriminated against Parker by "allowing a Chinese
> female tenant . . . to trespass into Plaintiff's home twice, once in 2021, and after the toilet
> overflowed in 2022. Parker, however, has failed to allege any facts that would suggest that
> Mai had anything to do with the alleged trespass. Moreover, Parker has failed to allege any
> facts that suggest that a trespass ***by a Chinese neighbor*** constitutes discrimination against
> Parker. (Memo, p. 7)

How would the Defendants have reacted if Plaintiff had wandered into a female neighbor's

apartment?  The tenant in the Kumei Gift Shop (an unlicensed business, but Defendants seem to have

***Teflon***) has received preferential treatment for years, including here, as this access to the apartment was

then sourced for complaints about the apartments' condition, in a manner that would never be

reciprocated.

The ADA claim against Mai and Canaan (Memo, p.8) is based in part on perception of mental

disability ("depraved"), and on the lack of elevator access.  Plaintiff has alleged in previous pleadings

that he is ***terminally ill***, which makes him disabled, and has noted the need for a working elevator,

which has not been provided.  Since 2022, all Defendants have formed this prejudiced stereotype against

Plaintiff, and acted out accordingly.  Also under the ADA, Plaintiff has the right to occupy the apartment without being on the lease, as Walt's caregiver, but this was not recognized, even long after the three-month period they'd have had to object.

Defendants would have this Court believe that openly hostile and illegal conduct against Plaintiff spontaneously materialized, with no retaliatory or discriminatory animus, and that this is how they would treat any other tenant.

## III.  ARGUMENT

### A.  Pro Se Pleading Standard

In Haines v. Kerner, 404 U.S. 519 (1972), the Court held that pro se pleadings are to be held to less stringent standards than those drafted by attorneys. This leniency is critical to ensure that individuals who lack formal legal training are not unduly prejudiced by technicalities that may obscure the merits of their claims.

Liberal construction requires the Court to interpret the Plaintiff's pleadings in a manner that seeks to understand and address the substantive issues raised, even if the form or articulation of the claims is imperfect.  This principle allows the Court to consider the essential elements and underlying facts of the Plaintiff's case, rather than focusing on procedural deficiencies. For instance, factual allegations in pro se complaints should be treated as true and construed in the light most favorable to the Plaintiff, as stated in Estelle v. Gamble, 429 U.S. 97 (1976).

Moreover, *the Third Circuit has consistently reinforced the need for such leniency*, recognizing that pro se litigants, by virtue of their lack of legal training, may not comply with the technical rules of pleading and procedure. In Higgs v. Atty. Gen., 655 F.3d 333 (3d Cir. 2011), the Court emphasized that pro se filings must be construed liberally to avoid denying access to justice based on procedural missteps.

B.  **Plaintiff Has Stated A Case For Retaliation Under the FHA (Count I)**

Plaintiff has exercised his rights under the FHA since June 3, 2022, and again in December,

2022, regarding the lease renewal, which was discriminatory and retaliatory.  The facts definitely show

retaliatory and discriminatory intent, with temporal proximity tying them to Plaintiff's exercise of his

fair-housing rights.  Plaintiff has more than alleged sufficient actionable conduct to survive a motion to

dismiss, and discovery would easily prove his allegations, but Defendant wants to short-circuit the

process and not even have a trial.

C.  **Plaintiff Has Stated A Case For Retaliation Under the FSLA (Count II)**

The Fairfax eviction case in which Defendant Baritz was used was filed in retaliation for the

FLSA lawsuit filed by Plaintiff and Walt in 2016, which gives Plaintiff standing under the FSLA.

Defendants were made aware of this lawsuit once they hired Baritz, and perhaps before.  Here,

Defendants are completely disingenuous:

> Parker has not alleged, and cannot truthfully allege, that he was one of Mai's employees. In fact
> Parker's claims against Mai have nothing to do with his employment or efforts to become
> employed.  (Memo, p. 10)

Plaintiff never claimed to be an employee of Mai, nor does he have to be to assert this claim.  He

was an employee of the ***Fairfax***, and was subsequently retaliated against by Baritz and the other

Defendants for having the temerity to move in as Walt's caregiver, and Defendants Mai/Canaan went

along with this scheme to make Plaintiff ***homeless*** in the course of their property management.  As he

has filed an actual FLSA lawsuit, he has standing.

D.  **Plaintiff Has Stated A Case For Discrimination Under The FHA (Count III)**

Defendant is attempting to pass off valid allegations which are provable through discovery as

"conclusory speculations," despite specific allegations of favorable treatment given to nonwhite, female

tenants.  As few landlords or property managers openly admit to discrimination, preponderance of the

4

evidence should be sufficient to trigger discovery.  If in fact no discrimination has occurred, discovery will prove this for the Defendants, who know full well that the evidence discovered will conclusively prove Plaintiff's claims.

E.   **Plaintiff's ADA Claims Are Valid (Count IV)**

Defendants (who were made aware of Plaintiff's disability again in the Third Amended Complaint) have violated Plaintiff's ADA rights on several fronts, including refusing to fix the elevator, refusing to move Plaintiff to a more convenient apartment, and most of all by refusing to acknowledge Plaintiff as Walt's live-in caregiver.  While the ADA does not cover private residences, the Apartment #3F is a *mixed-use* premises, in which Plaintiff could conduct business, in a building where several other tenants have run businesses.

What is clearly covered under the ADA is Plaintiff's caregiving role for his brother, and Defendants have repeatedly interfered with that role up to and including attempting to block Plaintiff from assuming it (lease renewal, no mailbox key, etc.).

F.   **Count VI (Declaratory Relief).**

The declaratory relief sought is against all Defendants.

### IV.   CONCLUSION

For the reasons set forth hereinabove, the instant motion should be denied.

This the 16th day of July, 2024.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVLANIA**

| | |
|---|---|
| **GORDON ROY PARKER,** <br> Plaintiff <br> v. <br> **Ronald Lee** *et al,* <br> Defendants | **Case No: 23-3999-GJP** |

## ORDER

**AND NOW,** this ___th day of July, 2024, in consideration of Defendants Mai and Canaan's motion to dismiss, the motion is **denied.**

_____ J.

**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVLANIA**

|  |  |
|---|---|
| **GORDON ROY PARKER,**<br><br>Plaintiff<br><br>v.<br><br>**Ronald Lee** *et al,*<br><br>Defendants | Case No: 23-3999-GJP |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, attest and certify that I have caused to be served, on this date, by regular mail, Plaintiff's response to Defendant Mai/Canaan's motion to dismiss, on the following Defendants:

Aaron E. Moore, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin PC
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendants Caanan and Mai*

Adam M. Barsky, Esq.
KBK Law Group
100 South Broad, #1205
Philadelphia, PA 19110
*Attorney for all other defendants.*

This the 16th day of July, 2024.

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA 19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

2