**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                                            *Attorneys for Defendants*

|  |  |
|---|---|
| GORDON ROY PARKER | : |
| *Plaintiff* | : |
| v. | : Civil Case No.: 2:23-cv-03999-GJP |
| RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE | : |
| *Defendants* | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Defendants, Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust, and Kenneth L. Baritz, Esquire ["Answering Defendants"], submit this Memorandum of Law in Opposition to Plaintiff's, Gordon Roy Parker, Motion for Leave to File Fourth Amended Complaint.

I.     **FACTUAL AND PROCEDURAL HISTORY**

On October 16, 2023, Plaintiff filed his complaint against Defendants in the above-captioned matter for multiple landlord-tenant related claims. (Docket attached as Exhibit "A"). On December 11, 2023, Plaintiff filed an Amended Complaint. *Id.* On March 6, 2024, Plaintiff filed a Second Amended Complaint. *Id.* On March 7, 2024, Plaintiff filed a Corrected Second Amended Complaint. *Id.* On March 21, 2024, Defendants filed a Motion to Dismiss for Failure to State a Claim. *Id.* On June 11, 2024, this Honorable Court granted Defendants Motion to Dismiss and granted Plaintiff Leave to

5

File a Third Amended Complaint. *Id.* On June 27, 2024, Plaintiff filed a Third Amended Complaint after repeated failures to state claims as matters of law. *Id.*

On August 20, 2024, this Honorable Court dismissed all complaints against Defendants Canaan Realty Investment Group and Jeffrey Mai; the Court dismissed claims except the Fair Housing Act Retaliation claim against the Answering Defendants. (*see* Exhibit "A"). On September 9, 2024, Answering Defendants filed its Answer to Plaintiff's Third Amended Complaint. *Id.* On September 16, 2024, Plaintiff filed a Motion for Judgment on the Pleadings. *Id.* On October 1, 2024, subsequent to a Rule 16 Hearing, this Honorable Court denied Plaintiff's Motion for Judgment on the Pleadings. *Id.* On October 3, 2024, Plaintiff filed a Motion for Leave to File Fourth Amended Complaint. *Id.* To date, Plaintiff has filed an initial Complaint, one (1) Corrected Complaint, and three (3) Amended Complaints, for a total of five (5) different complaints.

II.     **LEGAL STANDARD**

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandated is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *see also 3 Moore, Federal Practice* (2d ed. 1948), 15.08, 15.10.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*Foman* at 230.

It is within the discretion of the District Court to grant or deny an opportunity to amend. *Id.* In the case of repeated failure to cure deficiencies by amendments previously allowed, it is not an abuse of discretion for the District Court to deny an opportunity to amend. *Id.*

6

III. **ARGUMENT**

    a. **Plaintiff Should Not Be Granted Leave to File a Fourth Amended Complaint**

Plaintiff's Motion for Leave to File Fourth Amended Complaint should be denied because he has already filed a corrected complaint and three (3) amended complaints in an effort to cure deficiencies. In *Foman,* the Supreme Court of the United States held that denial of leave to amend "without any justifying reason appearing for the denial . . . is merely abuse of . . . discretion." *Foman* at 230. However, the Supreme Court also held that "undue delay [or] repeated failure to cure deficiencies by amendment previously allowed" can be a reason to deny an opportunity to amend. *Id.*

Instantly, this Honorable Court has already accepted a corrected complaint and has already granted Plaintiff Leave to Amend two (2) times, which was in addition to Plaintiff's First Amended Complaint pursuant to Rule 15(a)(1)(B). (*see* Exhibit "A" at ECF No. 10, ECF No. 21, ECF No. 23, and ECF No. 29). Plaintiff's Forth Amended Complaint would be the sixth variation of his Complaint if he is again given Leave to Amend. This Honorable Court has been lenient with Plaintiff because of his status as a pro se litigant, and Defendants have not objected as they are also aware that "a pro se complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers. . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); *quoting Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, Plaintiff has exhausted all of the extra grace afforded to him by his pro se status.

Although a pro se Plaintiff is held to a less stringent standard than lawyers, that does not mean they are held to no standard. Plaintiff's continuous and excessive filings have disproportionately affected Defendants. On October 1, 2024, the Rule 16 Conference was held, during which Plaintiff admitted to using a generative artificial intelligence ["AI"] software, known as "ChatGPT," as his "lawyer." Plaintiff's admission is further evidenced by the unusually quick reply he was able to produce in response to Defendants' Response in Opposition to Plaintiff's Motion for Judgment on the

7

Pleadings. On October 1, 2024, at 9:41AM, Defendants received notice of filing of Defendants' Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings. (10/1/24 Notification of Electronic Filing Email attached as Exhibit "B"). In less than two (2) hours, Plaintiff emailed Defendants' counsel a copy of Plaintiff's response, which is timestamped by this Honorable Court, received on October 1, 2024, at 11:35AM. (Timestamped Copy of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Judgment on the Pleadings attached as Exhibit "C").

Plaintiff's response insists upon misguided interpretations of complex legal frameworks, such as the *McDonnell Douglas Burden Shifting Framework*. Plaintiff is able to generate responses with ChatGPT at a rapid pace but is unable to offer substantive arguments. Conversely, Defendants' counsel must spend a disproportionate amount of time to research Plaintiff's misguided interpretation of legal frameworks and draft an accurate response. Plaintiff should not receive another chance to amend his Complaint, especially when Plaintiff has abused his status as a pro se litigant to carelessly file Complaints without thorough review. Plaintiff's carelessness and dependence on generative AI has already caused five (5) variations of Complaints to be filed, which Defendants have had to spend an unreasonable amount of time to respond. It would cause further undue delay in concluding this matter and cause an even more disproportionate amount of time to respond if Plaintiff were granted Leave to Amend so he can file a sixth iteration of his Complaint.

### IV.    CONCLUSION

Plaintiff has already filed five (5) variations of complaints and should not be granted Leave to Amend. Plaintiff has acknowledged his use of generative AI to aid in drafting documents, which he uses to overwhelm Defendants with countless filings. Defendants have spent a disproportionate amount of time and money to respond to Plaintiff's filings, while Plaintiff carelessly and quickly drafts through generative AI. Even in consideration of Plaintiff's pro se status, it would be inequitable to

keep turning a blind eye to his mistakes as there have been too many. Plaintiff's repeated failures to cure deficiencies in his Complaint should not lead to undue delay of the conclusion of this matter, and it should not punish Defendants with unnecessary legal fees.

                                        Sincerely,

                                        KBK LAW GROUP

_____
                                        Adam P. Barsky, Esquire
                                        Attorneys for Defendants

Date:   October 16, 2024