**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                             *Attorneys for Defendants*

---

| | |
|---|---|
| GORDON ROY PARKER *Plaintiff* | |
| v. | Civil Case No.: 2:23-cv-03999-GJP |
| RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE *Defendants* | |

---

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S PROPOSED FOURTH AMENDED COMPLAINT

Defendants, Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust, and Kenneth L. Baritz, Esquire ["Answering Defendants"], submit this Memorandum of Law in Opposition to Plaintiff's, Gordon Roy Parker, Proposed Fourth Amended Complaint.

## I.  FACTUAL AND PROCEDURAL HISTORY

Defendants incorporate by reference the aforementioned factual and procedural history in its Memorandum of Law in Support of Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint.

## II.  ARGUMENT

### a.  Plaintiff's Amended Complaint Fails as a Matter of Law Because the Leaseholder Never Made a Request for Reasonable Accommodations

Plaintiff's Proposed Fourth Amended Complaint fails as a matter of law because the Leaseholder never requested a reasonable accommodation. The Fair Housing Act ["FHA"] makes it unlawful

10

> [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connections with such dwelling, because of a handicap. [D]iscrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy dwelling.

42 U.S.C. §3604(f)(2) and 42 U.S.C. §3604(f)(3)(B)

"[A] refusal 'occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings.'" *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 111 (3d Cir. 2017); *citing Groome Res. Ltd.*, 234 F.3d 192, 199 (*quoting Bryant Woods Inn, Inc. v. Howard Cty.*, 124 F.3d 597, 602 (4th Cir. 1997)).

A refusal cannot occur unless a request for reasonable accommodation has been denied. Other Courts have found:

> [t]o prevail on a failure to accommodate claim, "a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation."

*United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 875 (11th Cir. 2011); *quoting Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 Fed.Appx. 464, 467 (11th Cir.2009) (unpublished); *see also Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir.2008); *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir.2006).

Instantly, the Leaseholder has never requested a reasonable accommodation. Instead, Plaintiff claims that Defendants have "refuse[d] to establish a dialogue regarding disability accommodations as Walt's caregiver, including a second occupant of the Apartment without inclusion on the lease." (*see* Motion for Leave to File Fourth Amended Complaint, P5:L88 attached as Exhibit D). However, the Leaseholder never afforded Defendants notice that he required a reasonable accommodation.

"[T]o trigger the duty to provide a reasonable accommodation, the defendant 'must have enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [landlord] to make appropriate inquiries about the

11

possible need for an accommodation.'" *Hialeah Hous. Auth.* at 876*; quoting Colwell v. Rite Aid Corp.*, 602 F.3d 495, 506 (3d Cir.2010). Defendants cannot know what reasonable accommodation is required without the Leaseholder communicating his need. Even if Defendants were aware of the Leaseholder's disability, it is impossible to know what reasonable accommodation was required. Therefore, Defendants did not fail to provide a reasonable accommodation because it was never requested.

### b. **Plaintiff Does Not Have Standing to Bring a Claim of Disability Discrmination Pursuant to the FHA**

Plaintiff does not meet the elements required for standing to bring a claim of Disability Discrimination pursuant to the FHA.

> [S]tanding consists of three elements . . . [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016); *citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *also citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo,* at 338 *citing FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). "[T]he plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.; citing Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Instantly, Plaintiff fails to meet the first element required for standing because he has not alleged facts that establish an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest'" *Spokeo* at 339; *quoting Lujan* at 560. Plaintiff alleges that the Leaseholder requires a caregiver. (Exhibit D P2:L7a). Therefore, it would be the Leaseholder that has a legally protected interest and who must establish an injury in fact.

Plaintiff does not have standing to bring his claim because he is not the tenant or leaseholder who is seeking the reasonable accommodation. Plaintiff avers that "Defendants . . . refuse to establish a dialogue regarding disability accommodations as Walt's caregiver, including . . . a second occupant of the Apartment without inclusion on the lease." (Exhibit D at P5:L88). Plaintiff quotes "[t]he tenant can request a reasonable accommodation to permit the live-in personal care attendant without payment of extra rent or inclusion on the lease." Housing Quality Center of Pennsylvania, *Fair Housing Guide to Reasonable Accommodations and Modifications*. Plaintiff asserts that he has a right to live with the leaseholder as a caregiver. (Exhibit D at P2:L7a). However, the Leaseholder is the alleged disabled tenant that requires a caregiver, and therefore it is the Leaseholder that has standing to bring a claim for disability discrimination pursuant to the FHA.

### III.     CONCLUSION

Instantly, the Leaseholder never notified Defendants of the reasonable accommodation that he was requesting. Awareness of a disability is not enough, as a request must also be made. Plaintiff's own exhibit states that, "[i]t is not the responsibility of a housing provider to offer or suggest an accommodation or modification to a resident or prospective resident, even if they are aware of the disability or disability related need." (Exhibit D at P27). Defendant cannot provide a reasonable accommodation without being notified that it is needed. Further, it is not Plaintiff that requires a reasonable accommodation, but the Leaseholder. Therefore, Defendants did not discriminate against Plaintiff, and he does not have standing to bring his claim.

**WHEREFORE,** Defendants respectfully request that this Honorable Court find that the Leaseholder never notified Defendants of his need for a reasonable accommodation and that Plaintiff does not have standing to bring a complaint for disability discrimination pursuant to the FHA.

Sincerely,

KBK LAW GROUP

_____
Adam P. Barsky, Esquire
Attorneys for Defendants

Date:   October 16, 2024