IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>    Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>    Defendants | REC'D OCT 17 2024<br><br>Case No: 23-3999-GJP |

**PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Motion for Leave to file a Fourth Amended Complaint, and in support thereof, submits the following:

### I.   INTRODUCTION

1-2. Defendants response indicates that for any actionable conduct after June 27, 2024, Plaintiff would have to file a new federal action, which will cause Defendants to incur those legal expenses they have complained about repeatedly. The conduct is ongoing and would be most efficiently addressed in a Fourth Amended Complaint.

3. Conclusory or not, Plaintiff mistakenly pled his FHA disability claim as if it were an ADA claim. This is easily remedied by amendment, but as noted, the conduct is ongoing and, absent leave to amend, will give rise to a separate federal lawsuit that will wind up in this Court as a related case. Amendment is more efficient and will not prejudice the case.

4. Plaintiff disagrees: the standard for *pro se* pleadings is such that the Court should have construed the ADA claim as an FHA disability claim. Defendant, who complains about litigation expenses, seems not to mind hashing this issue out in the Third Circuit, and neither does Plaintiff, though he would prefer leave to amend in the interest of judicial economy.

5. This is not contested.

6. The courts have long recognized the role played by private attorneys general, a role which clearly serves the public interest.

7. This averment shows the Court why Plaintiff believes leave to amend should be granted.

8. Defendants offer no alternate explanation for how they became aware of these facts, which were used as the basis for their Answer and averments in previous motions to dismiss. If they were not aware of these facts, they were lying to the court when citing them as if they were, in which case the words would have been put in their mouths by Defendant Baritz.

9. If this court is entertaining a sanction of attorney fees, which would bankrupt Plaintiff, that he properly pled facts supporting an FHA disability claim, but mislabeled the claim as ADA, should weigh heavily against an award. The case is clearly not frivolous.

10. Defendants yet again offer no explanation to refute Plaintiff's averment, while the first notice, which established their hostility, offered ***no good cause*** at all, while the second notice cited back rent and flood damage. Despite this, Defendants have stated that discovery would be required to prove their good cause, yet this would be after-acquired evidence for a position they waived when they improperly served the notice.

## CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **granted**.

This the 17th day of October, 2024

*[signature]*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

2

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>            Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>            Defendants | **Case No: 23-3999-GJP** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
REPLY TO DEFENDANTS OPPOSITION TO MOTION
FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Memorandum of Law in support of the instant motion.

## I. INTRODUCTION

This Court has found itself on the wrong side of history twice concerning Plaintiff: first by ignoring the dating-advice cartel that was the *seduction mafia* (later confirmed by one of the Defendants who broke ranks) that gave rise to Parker v. Wintermute, E.D.Pa. #02-7215, and second, by ordering a three-hour, Rule 35 *psychiatric examination* to Determine Plaintiff's "employability at Penn" (whose counsel worked alongside Defendant Baritz in the Fairfax eviction case), unsympathetic to the *#metoo* alarm Plaintiff sounded.

The above is highly relevant here: Defendants have characterized Plaintiff as a malicious whistleblower who files frivolous actions to lash out at the world at large rather than take accountability for his problems finding employment. Recently, a 2019 lawsuit made the news that would explain why Plaintiff was so *unemployable:*



In 2003, when this very Court ordered that Rule 35 exam, Plaintiff was sounding the *#metoo* alarm, a full fifteen years before the movement would shift public consciousness.  Numerous legal doctrines support any number of Title VII actions, and shows clearly that Plaintiff assigns blame where it belongs: to sexual predators like Douglas Emhoff in the workplace, and to landlords like the Defendants, and their rule-breaking attorneys like Defendant Baritz, whose conduct further constitutes standalone violations of the law and lack of compliance with the rules.

Defendants complaint that Plaintiff uses generative AI to assist with his filings, but incorrectly attribute his motive: while humorous examples exist of citations to the "Fourteenth Circuit" in AI-generated pleadings, Plaintiff uses them as a digital assistant, to clarify his arguments by tapping

2

into the online collective that helps him avoid many mistakes made by *pro se* litigants. As ChatGPT said in response to this concern:

> The objection to the Plaintiff's use of generative AI misunderstands the role such technology plays. I assist by improving clarity, structuring arguments, and helping avoid common pitfalls faced by pro se litigants. The Plaintiff's filings remain his own work and reasoning—AI simply serves as a tool, similar to legal databases or competent support staff.
>
> The use of AI promotes judicial economy and efficiency by ensuring well-organized pleadings and minimizing procedural errors or unnecessary filings. There is nothing improper about using AI in this way, and Defendants could likewise adopt such tools to reduce their legal costs.
>
> Objections to AI often cite isolated mistakes, but care has been taken to avoid those issues here. The focus should remain on the merits of the case, rather than discrediting a litigant for using modern tools to present their claims effectively.

Defendants further allude to having made considerable financial expenditures, yet offer no specifics: no amounts, no invoices, and no proof that any have been paid.

## II. LEGAL STANDARD

Plaintiff incorporates by reference, as if set forth verbatim herein, the legal standard section of his Memorandum of Law in support of the instant motion.

## III. RESPONSE TO ARGUMENT IN OPPOSITION

### A. No Request For Reasonable Accommodation Was Required Or A Request Was Moot

ChatGPT said this, and Plaintiff couldn't have said it better himself:

Two cases offer relevant insight into Fair Housing Act (FHA) disability discrimination where strict formal requests for reasonable accommodation are not necessary:

1. <u>Cobble Hill Apartments Co. v. McLaughlin</u>, 1999 Mass. App. Div. 166: This case emphasizes that even without a formal request for accommodation, landlords must engage with tenants whose disabilities and accommodation needs are known or apparent. The court found that ignoring these needs and proceeding with eviction could constitute discrimination, holding that *reasonable accommodation can be implied when the need is evident*. The landlord's obligation to make reasonable efforts exists even without explicit tenant requests.

3

2. Douglas v. Kriegsfeld Corp., 884 A.2d 1109 (D.C. 2005): This case highlights that *an accommodation request doesn't need to be perfectly articulated or made formally*. The court ruled that the obligation to accommodate arises as long as the need for accommodation is communicated in any manner, even if not using specific legal terms. The decision also clarified that landlords must engage in a meaningful dialogue to clarify accommodation needs when they are not immediately clear

These cases illustrate that housing providers must be proactive in accommodating tenants with disabilities, especially when disabilities and potential accommodations are evident. They show that *discrimination claims can proceed even without a formal accommodation request* if the landlord fails to respond appropriately to known needs.

### 3. A Request To Occupy The Apartment As Walt's Caregiver Was Denied.

On June 3, 2022 Plaintiff put Defendants on notice that he was living with Walt, as his fulltime caregiver. Despite this, Defendants have repeatedly refused to recognize Plaintiff as a legitimate occupant of the Apartment (3F), despite his now being a tenant-in-fact who has contributed to the household expenses all the way back to giving Walt $4,400 to move in back in 2016. Most recently, Plaintiff has used his UPMC Medicare *healthy spending* card to pay $100.00 towards the apartment's utility bills.

### 4. Defendants Were Put On Notice.

Plaintiff has further put Defendant on notice of his many disabilities by including his medical summary in the instant motion. Defendants have also referenced having seen Plaintiff's YouTube videos, many of which outline his many infirmities, and one of which had him "reacting" to the litany of nature's entrants in the race to kill him.

4

**B.   Plaintiff Has Standing To Sue For FHA Disability Discrimination**

Defendants argue that only the leaseholder can bring a disability claim (this could be arranged but Walt would rather simply live without conflict to the extent possible), yet that relates only to Walt's standing to sue as the one in need of a caregiver, while Plaintiff's claims extend beyond that, to his own living conditions as an occupant, Defendants' refusal to recognize his occupancy despite his being a tenant-in-fact (which established his standing for the surviving count in this case), and interfering with his ability to help his brother.

## IV.  CONCLUSION

Defendants claim that Plaintiff has caused them undue expense, yet it is their conduct which has wreaked financial havoc on Plaintiff, by destabilizing his housing, and in turn his finances, as he may need several thousand dollars to move on short notice, and has difficulty engaging in long-term planning.  A Fourth Amended Complaint would not burden them beyond making them answer a properly pled claim which should have been construed as such due to Plaintiff's status as a *pro se* litigant.

This the 17th day of October, 2024.

*/s/ Gordon Roy Parker*

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>Defendants | Case No: 23-3999-GJP |

**CERTIFICATE OF SERVICE**

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby attest that I have served a copy of the foregoing **Plaintiff's Reply To Defendants' Opposition TO Motion For Leave To File Fourth Amended Complaint**, on the following parties (and ex-parties, as a courtesy), by **regular mail** (with follow up by e-mail):

Aaron E. Moore, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin PC
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendants Caanan and Mai*

Adam M. Barsky, Esq.
KBK Law Group
100 South Broad, #1205
Philadelphia, PA 19110
*Attorney for all other defendants.*

This the 17th day of October, 2024

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA 19107
gordonroyparker@gmail.com
(215) 951-4131

# IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>  Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>  Defendants | **Case No: 23-3999-GJP** |

### ORDER

**AND NOW,** this _____ day of October, 2024, in consideration of **Plaintiff's Motion For Leave To File A Fourth Amended Complaint,** and all responses thereto, the motion is **granted.** Judgment is awarded to Plaintiff, with damages to be determined at a later time.

_____
                     J.