IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>   *Plaintiff,*<br><br> v.<br><br>RONALD LEE, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 23-3999 |

### ORDER

**AND NOW**, this 15th day of November, 2024, upon consideration of Plaintiff's Motion for Leave to File his Fourth Amended Complaint, (ECF No. 47), Defendants' Response, (ECF No. 48), and Plaintiff's Reply, (ECF No. 50), it is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1]    After the first amendment as of right, a district court should "freely" grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).

   Parker filed his initial complaint on October 16, 2023. (ECF No. 1.) Then, exercising his right to amend within 21 days of a motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B), he filed his First Amended Complaint on December 12, 2023. (ECF No. 10.) Without seeking leave of court, Parker filed his Second Amended Complaint on March 6, 2024. (ECF No. 22.) He then filed a "Corrected Second Amended Complaint" on March 7, 2024. (ECF No. 23.) In June 2024, the Court dismissed Parker's Corrected Second Amended Complaint without prejudice. (ECF No. 29.) So on June 27, 2024, Parker filed his Third Amended Complaint, which was met with more motions to dismiss. (ECF Nos. 30, 31, 32.) The Court dismissed most of Parker's claims but allowed his FHA retaliation claim to proceed. (ECF No. 28.) After the defendants filed their answer on September 9, 2024, Parker filed a motion for judgment on the pleadings, which the Court denied. (ECF Nos. 39, 45.)

   After over a year, the parties were finally ready to begin discovery. But immediately after the October 1, 2024 Rule 16 conference, Parker filed his motion for leave to file a *Fourth* Amended Complaint. The Court has been more than accommodating to Parker, given his *pro se* status. But enough is enough. The defendants have collectively filed seven motions to dismiss and three responses to Parker's various motions. The Court has twice ruled on the deficiencies in his

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

---

complaints and allowed one claim through.  Further amendment to Parker's complaint would cause undue delay; it is time for this case to move forward.

Even if the Court were inclined to grant Parker leave to amend for a fourth time, he has pointed to no reason why justice requires it.  His motion for leave and the proposed Fourth Amended Complaint are somewhat difficult to follow, but the Court discerns two primary reasons why Parker believes his motion should be granted: that (1) the "Court should have construed Count IV as an FHA" disability discrimination claim, and (2) the defendants' conduct is "ongoing."  (Mot. for Leave to Am. at 1, ECF No. 47.)

Parker's first argument is confounding.  In its memorandum opinion dismissing Count IV of the Third Amended Complaint with prejudice, the Court concluded that "[t]o the extent Parker's ADA discrimination claim can be construed as an FHA disability discrimination claim, he fail[ed] to state one," because he did not allege that "any adverse actions were taken because of any discriminatory motive."  (Mem. Op. at 12 n.8, ECF No. 35.)  The Court also concluded that the alleged conduct was insufficient to constitute a claim for failure to accommodate under the FHA because he did not allege that he formally "requested any reasonable accommodation for any specific disability."  (*Id.*); *see also Goldsmith v. CBS Tv Broad., Pittsburgh, Inc.*, No. 2:13-cv-00478, 2015 WL 1411944, at *16 (W.D. Pa. Mar. 26, 2015) ("[A] plaintiff 'must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA.'" (citing *United States v. Hialeah Hous. Auth.*, 418 Fed. Appx. 872, 875 (11th Cir. 2011))).  In his proposed Fourth Amended Complaint, Parker did not allege any new facts to correct these deficiencies, making his proposed amendment futile.

It is difficult to discern the basis for Parker's second argument.  Generally, on "just terms," courts may allow a plaintiff to submit supplemental pleadings regarding any "transaction, occurrence, or event that happened after the date of the pleading."  Fed. R. Civ. P. 15(d).  But Parker has alleged no new transactions, occurrences, or events after the filing of his Third Amended Complaint.  He repeatedly and generically claims that the defendants' conduct is ongoing, and at one point specifies that he "still lacks heat or a mailbox key." (Mem. in Supp. of Mot. for Leave at 6, ECF No. 47.)  He concedes that these facts are already "covered by the existing claim," (*id.*), and the Court agrees.  His Fourth Amended Complaint alleges he still suffers the same harm he has already alleged.  This is inadequate to satisfy Rule 15(d).