IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

REC'D NOV 1 8 2024

| | | |
|---|---|---|
| **GORDON ROY PARKER,**       Plaintiff<br>v.<br>**Ronald Lee *et al*,**       Defendants | : : : : : : : : : : : | **Case No: 23-3999-GJP** |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF LEAVE TO AMEND

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits the above-styled motion to compel responses to his first round of discovery, and in support thereof, avers the following:

### BACKGROUND/FACTS

This Court, after taking time to pat itself on the back for "accommodating" the Plaintiff, has denied Plaintiff leave to file a fourth amended complaint, to reframe his ADA claims as FHA disability claims, to supplement the record with ongoing conduct. Sadly, for the public as well as for Plaintiff, this Court has been far more accommodating of the Landlord Defendants, textbook examples of a ***slumlord*** that considers itself above the law, and the rogue attorney who throws caution, statute, and precedent to the wind in his efforts to make tenants like Plaintiff homeless, increasing the burden on the City, as they continue to enforce squalor on an ***old white guy*** (Plaintiff) who is terminally ill and who would be lucky to survive even a single day on the street.

The Court has misapplied the law, specifically the notification requirement of an FHA disability claim, which is not absolute, and which is not necessary in this case, as Defendants were made well aware of both Plaintiff's and his brother's (Walt's) compromised health, the former now so severely compromised that Plaintiff is an ambulatory semi-invalid with four terminal conditions who would be

lucky to survive another year. Our laws give standing to ***private attorneys general*** like Plaintiff, yet turn against them even when they bring strong cases.

If Plaintiff does not prevail on the remaining count, a protracted appeal that will burden the Defendants will follow, in addition to the inevitable state or municipal case that Defendants must eventually bring, unless they want to never collect rent from or evict Plaintiff. Consequently, leave to file a fourth amended complaint is proper.

1. In its Order of November 15, 2024 denying the instant motion, this Court, baked its memorandum into a footnote (contrary to the judge's own procedures, which frown on such use), and stated, in part:

> "The Court has been more than accommodating to Parker, given his pro se status. But ***enough is enough***. The defendants have collectively filed seven motions to dismiss and three responses to Parker's various motions."

2. Plaintiff is reminded of his aversion to the use of ***tolerant*** (to describe his views on marginalized minority groups), since this implies the extension of a favor rather than recognition of a fundamental equal right. Regarding the above quote:

    a. The surviving defendants filed exactly ***four*** motions to dismiss, one of which was caused by their burdening Plaintiff by improperly replying to the Second Amended Complaint.

    b. Regardless of the docket history, Plaintiff's ***pro se*** status is the primary driver of the instant motion.

    c. The Landlord Defendants have chosen to engage in ongoing retaliatory and discriminatory conduct which will now give rise to a new action, either here or in state or municipal court, unless they plan to allow Plaintiff to continue not paying rent, and have abandoned their wish that he vacate the premises, a wish they have not acted on for over a year despite no apparent barrier to doing so, self-inflicted or otherwise.

2

3. The Court also incorrectly held that:

> The alleged conduct was insufficient to constitute a claim for failure to accommodate under the FHA because *he did not allege that he formally "requested any reasonable accommodation for any specific disability."*[1]

4. Plaintiff further alleged in the instant motion that he was discriminated against for being caregiver to a disabled tenant (Walt) by the landlord's refusal to recognize him as an occupant, despite having done so transactionally once aware of his presence, denial of a mailbox key, and failure to fix a broken heater (fixed immediately after a recent complaint to L&I). To the extent that Plaintiff did not say the "magic words" to plead this claim, this is remediable by amendment.

5. Regarding the ongoing nature of the claims, the Court said "Parker has alleged no new transactions, occurrences, or events after the filing of his Third Amended Complaint…[h]is Fourth Amended Complaint alleges he still suffers the same harm he has already alleged."

6. Plaintiff had intended to file the Fourth Amended Complaint to restate the ADA claim as an FHA disability claim, and to add any ongoing conduct to avoid having to file a new lawsuit. Since the instant motion was filed, however, new evidence potentially giving rise to a new action has surfaced. Defendants' initial production of documents include a racially-charged text which evidences anti-White discrimination, as well as retaliatory animus towards Plaintiff, whose privacy appears to have been invaded:

---

[1] See, e.g., "We hold that the duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. *The duty falls on the landlord once he knows or should know of the tenant's handicap and the need for an accommodation.*" United States v. California Mobile Home Park Management Co., 107 F.3d 1374 (9th Cir. 1997)

3



7. Not only does this text, apparently sent in or around November 2022 as an immediately-resolved noise complaint[2] (a note to this effect was later posted on Plaintiff's front door), refer to Plaintiff as an ***old white guy*** – in a neighborhood which takes pride in identifying itself by its Chinese ethnicity – it also indicates that Michael knew Plaintiff's name, despite having no way of ascertaining this information except directly from the Landlord defendants or former Defendant Jeffrey Mai.

8. While this Court appears to be ruling in favor of Defendants, a simple analysis of the ***clock*** indicates that these rulings actually favor ***Plaintiff***, given the circumstances surrounding this case:

---

[2] The noise complaint itself raises disability rights issues, as some of the noise was caused by this, but the primary driver was the Landlord's breach of the Basement lease, forcing Walt and Plaintiff to move from a totally isolated apartment where noise doesn't carry through the building to one where it does, and where they are separated by a long distance. "Michael" likely also had issues with the all-night street noise, including but not limited to idling fire trucks from the firehouse across the street, sirens, and garbage trucks who ignore the law by making predawn collection runs. These noises often continue for a half-hour or longer at a decibel level which would make it impossible for any reasonable person to sleep. Plaintiff also has very limited use of his legs and had no knowledge that docere were neighbors, as this was the first and last such complaint, which he immediately remedied.

  a. Plaintiff is terminally ill, and not likely to live long enough for the Landlord Defendants to take possession of the apartment, even if they were to win an eviction lawsuit. The repeated leaves to amend have given him an extra year with no progress for the other side, and burdensome legal expenses which Plaintiff has attempted to mitigate by seeking resolution in this court, or by settlement, so that everyone can get on with their lives.

  b. The Estate Recovery Act will claim Plaintiff's entire estate upon his death. He literally has nothing to lose here. Time is on his side, and not the Defendants. By allowing more issues to be raised upon appeal to the Third Circuit, the litigation burden on Defendants will increase exponentially; this is ***not*** Plaintiff's wish.

  c. Plaintiff's brother is retired on disability, works part-time as Plaintiff's caregiver, and has been threatened with a damages and back-rent lawsuit which would force him into bankruptcy, which itself would stay any eviction for several months as he prepared for his fresh start. Ideally, Plaintiff and Walt would rather exit the Apartment into something other than homelessness or bankruptcy, another reason Plaintiff sought to resolve his portion of these issues with this litigation.

  9. Absent leave to file a fourth amended Complaint, Plaintiff will (tentatively) litigate this case in accordance with the Court's order, while patiently waiting to litigate the other new matters and/or state/municipal law claims defensively, at much greater cost to Defendants than the Plaintiff, who is next-level judgment-proof at this point.

## **CONCLUSION**

Defendants either do or do not realize that this Order favors Plaintiff significantly more than it favors them. Plaintiff is more than happy to let the clock tick – and tick, and tick, and tick – if given no alternative by this Court. Enough is indeed enough: the Landlord Defendants deserve a timely

resolution to this matter, as does Plaintiff. For this reason, the motion for reconsideration of the instant motion should be **granted**. An appropriate form of Order is attached.

    This the 18th day of November, 2024

_____
**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>Defendants | Case No: 23-3999-GJP |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Memorandum of Law in support of the instant motion.

## I.    INTRODUCTION

This Court misapplied the law by claiming that Plaintiff needed to request a reasonable accommodation for his disability. Additionally, discovery has revealed a racially-charged text from a tenant who inexplicably knew Plaintiff's name, indicating that the Landlord Defendants had been talking about him behind his back before the noise complaint was sent.

In a world of internet searches, it can be presumed that anything on the internet concerning Plaintiff was searched for and found by Defendants, who have cited Plaintiff's internet history and used language nearly identical to those found on "doxing" websites which have incited people to threaten Plaintiff's life and SWAT him in 2015.

The unique circumstances of this case make the ruling far more burdensome for Defendants, as it creates yet another issue for appeal. With time so precious for Plaintiff, and appeals so costly for the

represented Defendants, denial of the motion hardly harms him in the real world. If that is not justice requiring leave to amend, nothing is.

## II. <u>LEGAL STANDARD</u>

Motions for reconsideration of a court's prior ruling are governed by Local Rule 7.1(g) and the federal standards established under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Such motions are considered extraordinary remedies and are granted sparingly. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

A motion for reconsideration may only be granted if the movant demonstrates:

1. An intervening change in the controlling law;

2. The availability of new evidence not available when the motion was decided; or

3. The need to correct a clear error of law or fact or to prevent manifest injustice.

<u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate to reargue issues that the court has already considered or to raise new arguments or evidence that could have been presented earlier. <u>United States v. Dupree</u>, 617 F.3d 724, 732-33 (3d Cir. 2010); <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011). Rather, the purpose of a motion for reconsideration is to "***correct manifest errors of law*** or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

The burden is on the moving party to show why the court should reconsider its decision. Courts have discretion in deciding whether reconsideration is warranted but must balance judicial economy with the need to correct clear errors or address compelling new information. <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).

## III. ARGUMENT

### A. Plaintiff Did Not Need To Request Accommodation

#### 1. Misapplication Of Law.

This Court misapplied the FHA disability law by holding that Plaintiff required a reasonable accommodation:

> "We hold that the duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. ***The duty falls on the landlord once he knows or should know of the tenant's handicap and the need for an accommodation***." United States v. California Mobile Home Park Management Co., 107 F.3d 1374 (9th Cir. 1997)

#### 2. New Evidence.

The text from "Michael" (paragraph 6, p. 4 of this motion) referring to Plaintiff as an "old white guy" further underscores the pervasive anti-White racism both in the Chinatown neighborhood and from the Landlord Defendants. This text was unavailable at the time the instant motion was follows.

### B. Judicial Economy Supports Leave To Amend.

The circumstances of this case are such that the Landlord Defendants would benefit from leave to amend, while denying it would actually favor Plaintiff due to the extra time it would give him and the financial burden that appeals and new cases would place on Defendants. This burden is Defendants' own doing, via their ongoing threat to evict Plaintiff and his brother, not acting on that threat, and contesting even this litigation, which was designed to resolve these issues. Once again, Plaintiff is clearly "winning" with a status quo Defendants have not even tried to change.

This case could have led either to issue resolution or settlements, but those claims were left to state or municipal court, and another set of lawsuits and appeals, another several months or year that Plaintiff continues to live in a Center City loft without paying rent. Plaintiff and Walt *were* paying rent on the replacement apartment (otherwise the landlord would have been liable for moving costs tied to the

3

breach) when the Landlord Defendants ambushed them with two notices to vacate, and despite being given a green light in October, 2023 to follow through with an eviction lawsuit, have not lifted a finger, causing tremendous housing uncertainty and instability for Plaintiffs, who are the ones burdened by Defendants' mixed legal signals and lack of action.

## CONCLUSION

For the foregoing reasons, the instant motion should be **granted**. An appropriate form of Order is attached.

This the 18th day of November, 2024

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA 19107
gordonroyparker@gmail.com
(215) 951-4131

4

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>Defendants | Case No: 23-3999-GJP |

## CERTIFICATE OF SERVICE II

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby attest that I have served (or, by the end of the day, will have served) a copy of the foregoing **Plaintiff's Motion For Reconsideration Of Leave To Amend**, on the following parties (and ex-parties, as a courtesy), by **hand delivery or regular mail** (with follow up by e-mail):

Aaron E. Moore, Esq. (courtesy)
Marshall, Dennehey, Warner, Coleman & Goggin PC
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendants Caanan and Mai*

Adam M. Barsky, Esq.
KBK Law Group
100 South Broad, #1205
Philadelphia, PA 19110
*Attorney for all other defendants.*

This the 18th day of November, 2024

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA 19107
gordonroyparker@gmail.com
(215) 951-4131

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br>            Plaintiff<br>v.<br>**Ronald Lee *et al*,**<br>            Defendants | **Case No: 23-3999-GJP** |

**ORDER**

**AND NOW,** this _____ day of December, 2024, in consideration of **Plaintiff's Motion For Reconsideration,** and all responses thereto, the motion is **granted**.

_____
J.