**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                              *Attorneys for Answering Defendants*

|  |  |
|---|---|
| GORDON ROY PARKER  *Plaintiff*  v.  RONALD LEE; TERESA LEE; JEFFREY MAI; CANAAN REALTY INVESTMENT GROUP; TERESA LEE REVOCABLE TRUST; and KENNETH L. BARITZ, ESQUIRE  *Defendants* | Civil Case No.: 2:23-cv-03999-GJP |

### DEFENDANTS', RONALD LEE, TERESA LEE, TERESA LEE REVOCABLE TRUST, AND KENNETH L. BARITZ, REPONSE IN OPPOSITION TO PLAINTIFF'S, GORDON ROY PARKER, MOTION TO COMPEL DISCOVERY

Answering Defendants' Ronald Lee, Teresa Lee, Teresa Lee Revocable Trust, and Kenneth L. Baritz, Esquire ["Defendants"], by and through their undersigned counsel, hereby file this Response in Opposition to Plaintiff's, Gordon Roy Parker ["Plaintiff"], Motion to Compel Discovery, and aver as follows:

I. **FACTUAL AND PROCEDURAL HISTORY**

On October 16, 2023, Plaintiff filed his complaint against Defendants in the above-captioned matter for multiple landlord-tenant related claims. On June 27, 2024, Plaintiff filed a Third Amended Complaint after repeated failures to state claims as matters of law. On August 20, 2024, this Honorable Court dismissed all complaints against Defendants Canaan Realty Investment Group and Jeffrey Mai; the Court also dismissed all

2

claims except the Fair Housing Act (FHA) Retaliation claim against Answering Defendants. On September 9, 2024, Answering Defendants filed its Answer to Plaintiff's Third Amended Complaint. On October 1, 2024, a Rule 16 Conference was held, whereupon this Honorable Court set a Discovery Deadline of January 29, 2025.

On September 30, 2024, Plaintiff propounded upon Answering Defendants a voluminous amount of Request for Interrogatories and Request for Production of Documents in violation of F.R.C.P. 33(a)(1). On November 13, 2024, Plaintiff emailed Answering Defendants' counsel, asserting that responses were late and anything absent a response would force Plaintiff to file a Motion to Compel. (November 13, 2024 Plaintiff's First Email Threatening to File a Motion to Compel Discovery attached as Exhibit "A"). Answering Defendants' Counsel responded by attaching six (6) of eight (8) responses to Interrogatories and Production of Documents and explained that the other two (2) would be sent shortly. (November 13, 2024 Email with Response to Discovery attached as Exhibit "B"). Shortly thereafter, Plaintiff sent Answering Defendants' counsel another email explaining that Plaintiff had done a "cursory review" of the responses and would be "spending the weekend more thoroughly reviewing the case and preparing a motion to compel." (November 13, 2024, Plaintiff's Second Email Threatening to File a Motion to Compel Discovery attached as Exhibit "C"). On November 25, 2024, Plaintiff, without making a good faith effort to resolve the issue without court intervention, filed a Motion to Compel Discovery.

3

**II.     ARGUMENT**

    **a.     Plaintiff Did Not Make a Good Faith Effort to Confer or Attempt to Confer With Answering Defendants**

Plaintiff did not make a good faith effort to resolve the discovery dispute with Answering Defendants before filing their Motion to Compel Discovery. Pursuant to F.R.C.P. 37(a)(1), a Motion to Compel Discovery requires that, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This Honorable Court has already held that:

> [a] motion to compel discovery responses under Federal Rule of Civil Procedure 37(a) "must include a certification that the movant has in good faith conferred or attempted to confer" with the opposing party in an effort to resolve disputes before presenting them to the court. Likewise, Local rule 26.1(f) obliges counsel to certify that they have made a good-faith effort to resolve discovery disputes on their own . . . . [Answering Plaintiffs'] Motion to Compel does not comply with this requirement either in form or in substance. Their filing did not contain a certificate of compliance as required by both Rule 37(a) and Local Rule 26.1(f). Nor could it, as [Answering Plaintiffs] made only minimal efforts to confer with [Defendant's] counsel about its responses . . . .

*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 415 F. Supp. 3d 498, 503 (E.D. Pa. 2019)

Similarly, Plaintiff did not attach a Certificate of Good Faith and made minimal efforts to confer with Answering Defendants' counsel about their responses. Instead, Plaintiff baselessly asserts in his Motion to Compel Discovery that, "[d]espite Plaintiff's good-faith efforts to resolve these deficiencies via email and meet-and-confer discussions, Defendants have refused to comply fully." (Plaintiff's Motion to Compel Discovery at P.13 attached as Exhibit "D"). However, the threatening emails from Plaintiff show that he had no intention of conferring with Answering Defendants about purported deficiencies. Instead of making a good faith effort to find a resolution with Answering Defendants, Plaintiff twice threatened to file a Motion to Compel Discovery. Therefore, Plaintiff's Motion to Compel Discovery cannot be granted without first making a good faith effort to confer with Answering Defendants regarding purported deficiencies.

### III. **CONCLUSION**

Plaintiff's Motion to Compel Discovery should be denied for failure to make a good faith effort to confer with Answering Defendants. Plaintiff has shown a propensity to arbitrarily file Motions to repair inadequacies in prior filings and skirt the Federal Rules of Civil Procedure. As this Honorable Court stated in its November 15, 2024 Order Denying Plaintiff's Motion for Leave, "[t]he defendants have collectively filed seven motions to dismiss and three responses to Parker's various motions . . . . The Court has been more than accommodating to Parker, given his *pro se* status. But enough is enough." (November 15, 2024 Order attached as Exhibit "E"). Due to Plaintiff's vexatious filing of Motions, Answering Defendants have been forced to file an inordinate number of responses.

WHEREFORE, for the foregoing reasons, Answering Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel Discovery.

Sincerely,

KBK LAW GROUP

_____
Adam P. Barsky, Esquire
Attorneys for Answering Defendants

Date:   December 5, 2024