EXHIBIT "A"

**Subject:** Re: Parker v. Lee (discovery)
**Date:** Wednesday, November 13, 2024 at 2:37:32 PM Eastern Standard Time
**From:** Gordon Roy Parker
**To:** Adam Barsky
**Attachments:** landlord-discovery-first-round.pdf

Counselor,

Responses to discovery (attached and served September 30) were due October 29.  They still haven't arrived in the mail, and your phone said you could not be reached.

Absent a reply of some kind I'll be filing a motion to compel discovery.

Sincerely,
Gordon Roy Parker, pro se

EXHIBIT "B"

On Wed, Nov 13, 2024 at 4:03PM Emily Van Bloem <Emily@kbklawgroup.com> wrote:

Mr. Parker,

Attached please find Defendants' Ronald Lee, Teresa Lee and Teresa Lee Revocable Trust's Responses to Plaintiff's Request for Discovery. The corresponding documents can be accessed using this DropBox Link.

Attorney Baritz is out of town, and we will have his verified Discovery Responses to you by Tuesday, latest.

Best,

Emily



**Emily Van Bloem**

Legal Assistant | KBK Law Group

www.kbklawgroup.com

100 S. Broad Street| Suite 1208| Philadelphia, PA 19102

EXHIBIT "C"

| | |
|---|---|
| **Subject:** | Re: Parker v. Lee, et al-Defendants' Discovery Production |
| **Date:** | Wednesday, November 13, 2024 at 4:50:59 PM Eastern Standard Time |
| **From:** | Gordon Roy Parker |
| **To:** | Emily Van Bloem, Adam Barsky |
| **Attachments:** | image001.jpg |

The responses are a bit late.  Also "Teresa Lee's" responses were verified by Ronald Lee.

A cursory review shows nothing but objections to questions which relate to defenses that your clients have raised, and to defend myself against a claim for attorney fees (I'm like the defendant there).  I'll be doing a full review this weekend while waiting for Defendant Baritz's responses.

I noticed a claim from what appears to be Tea Do that attempts to blame us for the rodent infestation in the building.  This is certainly not the case, as we've spent a lot of money on traps and taken out about every rodent that comes into the building.  Unless you're arguing that they parachuted into the third floor, the claim appears misguided.  The building is not secure and rodents come in through ground level.  They will gravitate anywhere there is food cooking but we kill them as we see them and are diligent about lying traps (Just One Bite works best btw).

Regarding Tea Do, their massive water usage appears to have destroyed the pipes above the basement and eventually ruined it, forcing us to move to 3F.

The "screaming" allegation was a one-off incident that was immediately corrected: we were moved from the isolated Basement, where noise doesn't carry, to a setup in 3F where we're apart, and my legs don't work.  We worked around this immediately upon being notified of a tenant above us.

Regarding the objections, we should confer about stipulations or alternate production/answers which may mitigate the need for this.

Based on the document production, it appears we have been targeted racially and repeatedly defamed by our neighbors.

As I said, this is based on a cursory review.  I will be spending the weekend more thoroughly reviewing the case and preparing a motion to compel.  (instead of enjoying what's left of my life, thank you).

Sincerely,
Gordon Roy Parker, pro se.

EXHIBIT "D"

REC'D NOV 2 5 2024

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GORDON ROY PARKER,** | : |
| Plaintiff | : |
| v. | : |
| | : **Case No: 23-3999-GJP** |
| **Ronald Lee** *et al,* | : |
| Defendants | : |
| | : |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
## FROM ALL REMAINING DEFENDANTS PURSUANT TO FEDERAL RULE 37

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Motion to compel responses to his first round of discovery, and in support thereof, avers the following:

### I.    BACKGROUND

1.    Pursuant to previous orders, on September 30, Plaintiff served his First Set of Interrogatories and First Request For Production of Documents on each of the surviving Defendants (the "Landlord Defendants") Lee, Lee, Baritz, and Lee Revocable Trust.  A copy of these interrogatories is attached hereto as Exhibit A and incorporated by reference as if set forth verbatim herein.

2.    Regarding the timing and form of the discovery requests:

    a. Teresa Lee's discovery responses were signed by Defendant Ronald Lee.[1]

    b. The Lee Defendants (including the trust) responded by e-mail on November 13, 2024, two weeks late, and Defendant Baritz responded three weeks late.

    c. Defendant Baritz responded on November 21, 2024.

---

[1] Plaintiff avers, on information and belief, that Mrs. Lee is medically compromised.

3.     Defendants have objected to almost every discovery request, and have claimed that the multipart questions violate the 25-question limit on interrogatories.

4.     Attempts by Plaintiff to resolve this dispute in good faith and to seek concurrence have failed.

5.     The limited discovery of documents produced by Defendants has shed more light on this conflict:

a.     The following undated text message[2] was sent from "Michael" (presumably another tenant) to one of the Landlord Defendants, or to former Defendant Mai, in late November, 2022:



---

[2] This was the first time Plaintiff had been notified of this issue, which he immediately corrected: he had no idea anyone was living upstairs (this hadn't been an issue for a year since he moved into 3F), and he and Walt were forced to relocated from an isolated Basement where noise doesn't carry (medically ideal for Walt), into a large loft where Plaintiff, who has limited use of his legs, often had to raise his voice over the street noise, which all apartments in the Building other than the Basement are subjected to, including but not limited to loud sirens and idling large vehicles from the firehouse across the street at 10th and Cherry, retail traffic at 2:00 a.m. after the bars close, and loud garbage trucks illegally collecting trash before dawn, making it impossible for anyone not retired or on disability like Plaintiff to sleep in the overnight.  Had Plaintiff used sign language instead, odds are "Michael" would have had to move anyway (the apartment 4F appears empty at this time).

b.    Also in response to the discovery, Defendants produced a text from what seems to

be the manager of **Tea-DO**, advising Defendants to evict Plaintiff and Walt:[3]



d.    Apparently, someone from **Tea-DO** claims to know the conditions *inside* Plaintiff's

apartment, despite his never having invited anyone over.

## II.   DEFENDANTS' FAILURE TO RESPOND

As no Defendant has responded in a timely manner to the discovery requests (attached in full as

Exhibit A and incorporated by reference as if set forth verbatim herein), they have waived any

objections, and admitted any averments, but Plaintiff presumes they'll be allowed to continue.

---

[3] Municipal code notwithstanding, the Building has **no outside dumpster** for tenants' garbage, forcing them to keep several bags full of trash in their apartments.[3]  Since the Building is required to utilize private trash collection, this would include an outside dumpster which would prevent the build-up of trash.  Even if this were somehow legal, the lack of a dumpster is the primary reason for the rodents – they didn't parachute into the Building on the third floor – and the Building is porous, with numerous openings greater than 14cm, also in violation of the housing code.  Finally, **Tea-Do** is one of several eating establishments on a block with a terrible rodent infestation; to attempt to blame Plaintiff and demand his *eviction* is improper for **Tea-Do** at best, and actionable as defamation and tortious interference at worst.

## A. **INTERROGATORIES OF RONALD LEE**.

Plaintiff is seeking to compel responses only to the discovery listed here, and has reduced the number of separate interrogatories to twenty-five:

> 1. State, with specificity, the exact date You became aware that Gordon Roy Parker was occupying the Apartment ("P" with his brother, Walt, how you became aware, when, and from whom.
>
> **ANSWER:** Answering Defendant objects to Interrogatory One (1) on the basis that it is irrelevant to any claim or defenses in the above captioned Matter. The circumstances surrounding Answering Defendant's discovery of Plaintiff's tenancy is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

> 2. State, with specificity, why you chose to issue a Notice to Vacate to Walt on June 3, 2022, and whether or not he had any reason to expect you would, i.e., if he was put on notice of any lease violation that would warrant such a step. State further why you had your wife, Joanna Lee, send the email, and explain, with specificity, any other involvement she may have had in crafting the notice or in the decision to send it an attempt to evict Walt (and Plaintiff) from the Apartment.
>
> **ANSWER:** Answering Defendant objects to Interrogatory Two (2) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

> 4. State, with specificity, why You have not sued Walt or Plaintiff for eviction since October 12, 2023, when the PCHR order prohibiting this was overturned, and why You have not attempted to collect rent on the Apartment.
>
> **ANSWER:** Answering Defendant objects to Interrogatory Four (4) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6. State, with specificity, the name of all individuals other than the other Defendants in this case (including Mai/Canann) with whom you have had contact about Gordon Roy Parker (Plaintiff), including but not limited to by telephone, e-mail, regular mail, or any means. Include the date(s) of any such communication and their nature. Include any individuals who may have initiated contact with you, what they said or sent (documents), whether or not you responded.

**ANSWER:** Answering Defendant objects to Interrogatory Six (6) on the basis that it is vague, overly broad, and unduly Burdensome. The dates and nature of every single communication in which Plaintiff is mentioned would require a meticulous recounting, summarization, and dating of a voluminous number of conversations from an unreasonable period of time. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

8. State, with specificity, whether or not You or any officers, agents, employees, or other third parties acting on Your behalf, have conducted any internet searches of the name Gordon Roy Parker, "Ray Gordon," or any variation thereof meant to identify him (the Plaintiff) in the search results. Include the date(s) of any such searches, the search terms used, what prompted the search, and any actions taken by You as a result of the search.

**ANSWER:** Answering Defendant objects to Interrogatory Eight (8) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Internet searches of the Plaintiff is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

9. State, with specificity, whether or not you believe Plaintiff is a legitimate occupant and/or cotenant of Apartment 3F, and why.

**ANSWER:** Answering Defendant objects to Interrogatory Nine (9) on the basis that it requires Answering Defendant to make a conclusion of Law on whether Plaintiff is a legal occupant or cotenant of Apartment 3F. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

> 12.    State, with specificity, the full name, address, and contact information for the tenant(s) or others you claim have made complaints about Plaintiff to You, the times/dates of these complaints, and whether or not you notified Plaintiff or Walt (and when).
>
> **ANSWER:** Answering Defendant objects to Interrogatory Twelve (12) on the basis that it is vague, overly broad, and unduly burdensome. It would be unduly burdensome to go through all of its complaints, locate the complaints specific to Plaintiff, and obtain contact information for all tenants that once made a complaint against Plaintiff. Many tenants have moved out since making complaints and it would require an unproportional amount of time to try and locate those past tenants and their contact information. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

> 15.    State, with specificity, why You, through counsel, claimed that "It is important to note that Moving Defendants prevailed against Plaintiff and Walt in all preceding eviction and administrative agency proceedings to date." (Ibid, paragraph 12), when the Lees have never sued Walt or Plaintiff for eviction, and when the Fairfax eviction case in 2017, in which You represented them, had Walt dismissed at trial when he introduced his lease for the Basement as an exhibit to prove he no longer lived in the Fairfax.
>
> **ANSWER:** Answering Defendant objects to Interrogatory Fifteen (15) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

Plaintiff has reduced his request to only eight (8) interrogatories, which even if compounded, would not approach the limit of twenty-five. Each interrogatory is highly relevant to this case, and reasonably calculated to lead to admissible evidence:

    1.    Interrogatory #1 is necessary to establish when Defendant became aware that Plaintiff was living with Walt, specifically if this was on or before June 3, 2022, when he formally put them on notice of his occupancy.

    2.    Interrogatory #2 is relevant to establish Joanna Lee's role in this dispute, and in running the Building, including but not limited to proving his case, and impeaching witness testimony.

3.  Interrogatory #4 is highly relevant because it would answer why, despite no apparent barriers and a previous threat to evict, the Defendants have yet to initiate eviction proceedings, or collect rent.  It is also not a compound question but even if it were, would no longer circumvent the limits.

4.  Defendant's response to Interrogatory #6 appears almost self-incriminating, as he is claiming that the number of conversations he has had about Plaintiff are "voluminous," which dovetails with Michael (from the text complaint about noise) knowing his name, and Plaintiff's claim that Defendants were compromised by Plaintiff's internet stalkers, who were also quoted in a trial exhibit in the Fairfax eviction case in which Barrett served as co-counsel in state court.  This evidence is highly relevant to the remaining retaliation claim, and it further supports a future FHA disability claim, as it can be inferred that in the course of these conversations, Defendant Lee learned or was led to believe that Plaintiff is mentally ill.

5.  Interrogatory #8 is highly relevant to this action as it would establish *mens rea* and retaliatory animus on Defendant's part.  Plaintiff has outlined what really happened: Defendants learned of his presence, on or before June 3, 2022, *Googled* him, found the hate and doxing websites which have been following him for a quarter-century, and with which Defendant Baritz is well aware.  A simple denial, if true, would resolve this; Defendant's evasiveness is telling.

6.  Interrogatory #9 is relevant to Plaintiff's standing to sue, *mens rea*, and retaliatory animus.

7.  Interrogatory #12 is relevant to Plaintiff's rebuttal evidence and cross-examination of anyone who allegedly complained about him, while complaints made about and from other tenants are relevant for comparative purposes to establish *mens rea* and retaliatory animus.  Plaintiff further notes that he was only notified of a noise complaint since moving to apartment 3F.

8.    Interrogatory #15 is neither unintelligible nor broad, and is highly relevant to establishing Defendant's mischaracterization of his and his brother's litigation and eviction history, which includes a case filed by Defendant Baritz himself.

**B.    REQUEST FOR PRODUCTION OF DOCUMENTS FROM RONALD LEE**

Following are the requests for production of documents that Plaintiff seeks to compel:

> 1.    All documents in Your possession which relate to the accompanying First Set of Interrogatories directed at You.
>
> **ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number One (1). Plaintiff requests a voluminous number of documents without specificity.

> 3.    All documents in Your possession which contain the name "Gordon Roy Parker" or "Roy Gordon," or which make reference to him, the Plaintiff in this case, including but not limited to communications with any third party, or ESI/printouts or other storage of documents resulting from internet searches of these names, or any name designed to identify Plaintiff.
>
> **ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Three (3).

> 4.    Your financial records, as kept in accordance with Your standard bookkeeping requirements, from 2016 until the present, including but not limited to profit-and-loss statements, all invoices to clients and from anyone paid by You or Your firm, federal tax returns, payroll records (payments and withholding), and banking records for any accounts in You or Your firm's name, or for which You are one of more individuals or entities named.
>
> **ANSWER:** Answering Defendant objects to this request as too overbroad and documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Four (4). Financial records of Answering Defendant is not relevant to a Fair House Act Retaliation claim.

> 5.   Any communications with the surviving Defendants in this case (or Jeffrey Mai) regarding Gordon Roy Parker, "Ray Gordon," or any name which refers to him.
>
> **ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Five (5). Plaintiff fails to limit the time period for the requested communications.

> 7.   Any communications with third parties concerning Plaintiff (Gordon Roy Parker), including but not limited to third party contacts over the internet.
>
> **Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Seven (7). Plaintiff fails to limit the time period for the requested communications.

> 8.   All correspondence with any person or department in the City of Philadelphia, and all records and documents, pertaining to any past, present, or ongoing code violations.
>
> **Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Eight (8). Building code violations of the Property are not relevant to a Fair Housing Act Retaliation claim. Also, Plaintiff fails to limit the time period for the requested correspondence.

The above requests are highly relevant to this case, and reasonably calculated to lead to the discovery of admissible evidence:

1.   Request #1 is standard for discovery and a response should be compelled. It is in no way overbroad.

2.   Request #3 is highly relevant to this case as it speaks to *mens rea* and retaliatory animus. That Defendants are in possession of such documents, by itself, supports his claim of being the true eviction target.

3.      Request #4 is highly relevant to this case to establish *mens rea,* to establish Defendants'

lack of character and willingness to violate all measure of laws.  It is further relevant to Plaintiff's

tenancy/occupancy of the Basement and Apartment 3F.

4.      Request #5 is relevant to this case to establish *mens rea*, and retaliatory motive, and to

impeach Defendants' answer and testimony in support thereof.  That Defendant has admitted such

documents exist supports Plaintiff's claim that he is the true eviction target.

5.      Request #7 is highly relevant to this case to establish *mens rea,* and retaliatory motive.

Once again, that Defendant has admitted that such communications _exist_ indicate yet another invasion of

Plaintiff's privacy, and further supports his claim that Defendants have joined forces with those who

have been stalking Plaintiff over the internet for the past quarter-century.  The time period includes

when the documents first came into existence until the most recent one was created.

6.      Request #8 is highly relevant to this case to establish *mens rea,* and retaliatory motive,

as well as rebuttal/impeachment of Defendants' testimony and defenses.

## C.    INTERROGATORIES/RPD OF DEFENDANT TERESA LEE.

The interrogatories and request for production of documents for Defendant Teresa Lee were signed

by Defendant Ron Lee, not her.  Plaintiff avers, on information and belief, that Ms. Lee is medically

incapacitated and incompetent to testify, due to her conditions.

## D.    INTERROGATORIES/RPD OF DEFENDANT TERESA LEE REVOCABLE TRUST.

Defendant Teresa Lee Revocable Trust has waived any objections to the interrogatories by

responding to them two weeks late.  Alternatively, the responses mirror those of Defendant Ronald

Lee's.  Plaintiff argues identically in favor of compelling responses to all interrogatories (if objections

are waived) or to the ones listed in paragraph II(A) above.

**E.    INTERROGATORIES/RPD FOR DEFENDANT KENNETH L. BARITZ**

Defendant Baritz has acted outside the scope of his role as attorney for the Landlord Defendants; consequently, attorney-client privilege does not apply.  In the interest of protecting Mr. Baritz's privacy, however, Plaintiff does not object to *in-camera* production, which would provide a complete picture to this Court, who could then pass on any relevant evidence to Plaintiff.

It should be noted that Defendant Baritz did not include a privilege log with his responses.

### III.    CONCLUSION

For the reasons set forth hereinabove, the instant motion should be granted.  A Memorandum of Law in support and a proposed Order are attached.

This the 25th day of November, 2024

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131
*e-mail or text preferred contact

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

|  |  |
|---|---|
| **GORDON ROY PARKER,** Plaintiff<br><br>v.<br><br>**Ronald Lee** *et al,* Defendants | **Case No: 23-3999-GJP** |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Gordon Roy Parker ("Gordon"), Plaintiff in the above-styled action, submits this Memorandum of Law in support of the instant motion.

### I.    INTRODUCTION

Plaintiff Gordon Roy Parker ("Plaintiff") submits this Memorandum of Law in support of his Motion to Compel Discovery Responses from Defendants Ronald Lee, Teresa Lee, Baritz, and the Lee Revocable Trust ("Landlord Defendants"). Despite serving timely discovery requests on September 30, 2024, the Defendants have failed to respond adequately or in good faith. Their conduct necessitates judicial intervention under Federal Rule of Civil Procedure 37(a) to ensure compliance with their discovery obligations.

### II.    BACKGROUND

On September 30, 2024, Plaintiff served the Defendants with his First Set of Interrogatories and First Request for Production of Documents. These requests sought information critical to Plaintiff's claims of retaliation, Fair Housing Act violations, and related issues. However, Defendants:

1.   ***Submitted Late Responses***: Responses were delayed by two to three weeks, without leave of court or explanation.

2.   ***Provided Incomplete and Evasive Responses***: Key interrogatories were improperly answered, and relevant documents were withheld without valid objections.

3.   ***Failed to Meet Basic Discovery Standards***: Certain responses were signed improperly, casting doubt on their authenticity and accuracy (e.g., Teresa Lee's responses signed by Ronald Lee). Despite Plaintiff's good-faith efforts to resolve these deficiencies via email and meet-and-confer discussions, Defendants have refused to comply fully.

## III.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 37(a)(3)(B), a party may move to compel discovery if an opposing party fails to answer interrogatories under Rule 33 or produce documents under Rule 34. Courts in the Third Circuit have held that the discovery rules are to be construed liberally to achieve their purpose of adequately informing litigants. See <u>In re Fine Paper Antitrust Litigation</u>, 685 F.2d 810, 817 (3d Cir. 1982). Further, incomplete or evasive responses are treated as failures to respond, warranting a motion to compel. See Fed. R. Civ. P. 37(a)(4).

## IV. <u>ARGUMENT</u>

**A.   <u>Defendants' Objections Are Baseless</u>**

Under the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973), Plaintiff must show evidence of discriminatory or retaliatory intent. Courts routinely compel discovery of communications that shed light on adverse actions. See also <u>In re Fine Paper Antitrust Litigation</u>, 685 F.2d at 817 (discovery rules are designed to provide litigants with relevant evidence).

Relief Requested: Plaintiff respectfully requests the Court compel full disclosure of all responsive communications.

Defendants have also produced partial records but withheld relevant documents, citing privacy concerns. Plaintiff has demonstrated that these records are necessary to establish unsafe and uninhabitable conditions, which are material to Plaintiff's claims. Privacy concerns can be addressed via a protective order under Rule 26(c). Additionally, O'Boyle v. Borough of Longport, 2021 WL 1680428 (E.D. Pa. 2021), confirms that objections to discovery must be specific and substantiated.

**B.    Defendants' Conduct Violates Rule 26(b)(1)**

Rule 26(b)(1) provides for discovery of "any nonprivileged matter that is relevant to any party's claim or defense." The Supreme Court has emphasized the importance of broad and liberal discovery to ensure fair trials. See Hickman v. Taylor, 329 U.S. 495, 507 (1947). Defendants' refusal to provide substantive responses contravenes this principle, undermining the discovery process and prejudicing Plaintiff's ability to prepare his case.

**C.    Sanctions Are Warranted Under Rule 37(d)**

Defendants' refusal to engage in meaningful discovery has prejudiced Plaintiff by delaying the resolution of this case and increasing litigation costs. Under Rule 37(d), this Court may impose sanctions, including attorney fees (none so far but Plaintiff is actively seeking an attorney), for failure to respond to discovery requests. Plaintiff seeks reimbursement for costs incurred in preparing this motion.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel

Discovery and order Defendants to provide complete responses to all interrogatories and requests for

production within fourteen (14) days of this order.

This the 25th day of November, 2024

**Gordon Roy Parker, Pro Se**
315 South Broad Street, #0106
Philadelphia, PA  19107
gordonroyparker@gmail.com
(215) 951-4131

**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVLANIA**

|  |  |  |
|---|---|---|
| **GORDON ROY PARKER,** | : : : : | |
| Plaintiff | : | |
| v. | : : | **Case No: 23-3999-GJP** |
| **Ronald Lee** *et al,* | : : | |
| Defendants | : : : | |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby attest that I have served, or by

the end of the day will have served, a copy of the foregoing **Plaintiff's Motion To Compel Discovery**,

on the following parties (and ex-parties, as a courtesy), by **hand delivery or regular mail** (with follow

up by e-mail):

Aaron E. Moore, Esq. (Courtesy)
Marshall, Dennehey, Warner, Coleman & Goggin PC
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendants Caanan and Mai*

Adam M. Barsky, Esq.
KBK Law Group
100 South Broad, #1205
Philadelphia, PA 19110
*Attorney for all other defendants.*

This the 25th day of November, 2024

Gordon Roy Parker, Pro Se
315 South Broad Street, #0106
Philadelphia, PA 19107
gordonroyparker@gmail.com
(215) 951-4131

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GORDON ROY PARKER,**  Plaintiff  v.  **Ronald Lee *et al*,**  Defendants | **Case No: 23-3999-GJP** |

## ORDER

**AND NOW,** this _____ day of December, 2024, in consideration of **Plaintiff's Motion To Compel Discovery,** the motion is **granted.** An opinion will follow.

_____

J.

# EXHIBIT A

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                    *Attorneys for Answering Defendant*

---

GORDON ROY PARKER                   :
                        *Plaintiff*       :
                                              :
         v.                                   :     Civil Case No.: 2:23-cv-03999-GJP
                                              :
RONALD LEE; TERESA LEE; JEFFREY MAI;          :
CANAAN REALTY INVESTMENT GROUP;               :
TERESA LEE REVOCABLE TRUST; and               :
KENNETH L. BARITZ, ESQUIRE                     :
                        *Defendants*     :

---

## ANSWERING DEFENDANT'S, KENNETH L. BARITZ, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST SET OF INTERROGATORIES

Pursuant to F.R.C.P. 33, Answering Defendant, Kenneth L. Baritz, Esquire ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Defendant objects to the First Set of Interrogatories ("Interrogatories") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2.  Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3.  Defendant objects to Plaintiff's Interrogatories to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Interrogatories seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Interrogatories. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4.  Defendant objects to any Interrogatories to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendant objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6.  Defendant objects to the Interrogatories to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7. Defendant objects to the Interrogatories to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to reserves or reinsurance information. Such Interrogatories seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Interrogatories to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Interrogatories to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Interrogatories.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Interrogatories.

15. Defendant objects to the Interrogatories to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Interrogatories at trial or in any other proceeding in this action, and Defendant does not

concede that any of its objections or responses to these Interrogatories are or will be admissible at the trial of this action or in any other proceeding in this action.

17. Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Interrogatories using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Interrogatories to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO INTERROGATORIES

1.      Provide, with specificity, a full timeline of Your contacts with any of the other Defendants in this case, including the ones who have been dismissed (Mai/Caanan), prior to August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory One (1) on the basis that it is vague, overly broad, and unduly Burdensome. Plaintiff requests an unreasonable compilation or timeline summary of every contact otherwise protected as Attorney-Client communications.

2.      Provide, with specificity, the names and addresses (including internet handles or e-mail addresses) of anyone with whom You have discussed Gordon Roy Parker, "Ray Gordon," or any name which refers to him, in any way, the nature of these contacts, and a timeline.

**ANSWER:** Answering Defendant objects to Interrogatory Two (2) on the basis that it is vague, overly broad, and unduly Burdensome. The dates and nature of every single communication in which Plaintiff is mentioned would require a meticulous recounting, summarization, and dating of privileged attorney-client communications. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

3.      Explain, with specificity, why You did not believe the Notice To Vacate that You issued to Walter Parker on August 22, 2023 was not in violation of the PCHR order of February 1, 2023 at the hearing (entered February 28, 2023), explicitly prohibiting Your clients from collecting rent or pursuing eviction. Further explain why this Notice was not personally served on Walt or Plaintiff.

**ANSWER:** Answering Defendant objects to Interrogatory Three (3) on the basis that it calls for protected information subject to the attorney-client privilege that it seeks information that is the attorney's work product. Answering Defendants also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

4.   Explain, with specificity, why You did not wait thirty (30) days, as required by the Landlord-Tenant Act of 1951, to file the eviction lawsuit against Gordon Roy Parker and Walt on behalf of the Fairfax in 2017, and why You did not wait the thirty (30) days in several other eviction cases for the Fairfax between 2012-2017 against Laura Caccioppoli and Shaylea McCay, Zev Fagin, Joseph Litz, and Thomas Yver.

**ANSWER:** Answering Defendant objects to Interrogatory Four (4) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding any previous eviction lawsuits are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

5.   Explain, with specificity, all internet searches You have made, or caused others to make on Your behalf or on behalf of You and others, for the name "Gordon Roy Parker" (or any portion thereof), or his alias, "Ray Gordon." Further explain how, when, and why You came into possession of his YouTube videos. Include dates of each search, file transfer, or communications with third parties pertaining to this search.

**ANSWER:** Answering Defendant objects to Interrogatory Five (5) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Internet searches of the Plaintiff are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6.      Explain, with specificity, the basis for the following statements made by Your counsel on Your behalf, in the motion to dismiss filed on December 1, 2023 (Docket #9):

   a.      That Plaintiffs "40 years" (25 actually) of litigation was "frivolous." (p.6, footnote #1) Further state, with specificity, how and when You became aware of Plaintiff's litigation history. List all cases of which You were aware prior to issuing the Second Notice to Vacate on August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory 6(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

   b.      Why You, through Your counsel, asked the Court to take judicial notice of Plaintiff's litigation history (Ibid.) while simultaneously calling Plaintiffs reference to his past lawsuits "unrelated litigation." (¶40, p. 9). Further state which of the two statements reflects Your actual belief at the time, or why they are not oxymoronic.

**ANSWER:** Answering Defendant objects to Interrogatory 6(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    c.    The basis for Your position, stated through Your counsel, that Plaintiff "is no stranger to asserting discrimination claims against members of the Commonwealth as a way to retaliate against those who do not cave to his demands." (Memorandum of Law, motion to dismiss first amended complaint, last paragraph of p.21) (Document 14-1).

**ANSWER:** Answering Defendant objects to Interrogatory 6(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    d.    Explain, with specificity, the basis for each of Your [*sic*] twenty-four affirmative defenses. Provide any and all underlying factual averments You intend to establish at trial to support Your positions:

        1)    That no claim for relief that could be granted was pled, in light of the Order of September 12, 2024 denying the motion to dismiss? (#1)

        2)    That plaintiff lacks jurisdiction, also in light Of the Order (#2).

3)    In light of the Order, Your alternative facts which establish a non-retaliatory reason for the adverse action (the second notice to vacate). (#3)

4)    Why You believe the actionable conduct set forth in the Complaint, and affirmed by the Order (if proven at trial), resulted in no harm to the Plaintiff? (#4)

5-6)  How do You believe Plaintiff is estopped, or waived his claims? Provide any underlying factual basis for this claim, including why You believe Plaintiff is not entitled to damages,

7)    Which statutory requirements do You believe have not been met by Plaintiff, in light of the Order of September 12, 2024? Which facts do You believe support Your arguments under the statute of repose? (#7)

8)    Please provide any factual support for Your defense that any failure to comply with the ADA is the result of someone other than the Landlord Defendants? (#8)

9)    Please provide any factual support for this defense. (#9)

10)   Why do You believe the action (the second notice to vacate) was not intentional? Was it random? Did an external force draft and mail the notice on behalf of You or Your clients? (#10)

11-14) Why do You consider this a frivolous lawsuit, particularly in light of the Order of September 12, 2024? As these defenses are based on conclusory averments, please provide factual support for this defense. (#11-14)

15)   Please provide factual support for this defense. (#15)

16)    Please state whether or not You believe that any new acts of retaliation should be treated as ongoing, or filed separately as part of a new lawsuit. (#16)

17)    Please provide factual support for this defense, with specificity, sufficient to identify which conduct of Plaintiff's You believe to have caused his alleged damages? (#17)

18)    Please provide factual support for Your defense that Plaintiff has failed to mitigate his alleged damages, and how You believe he could have mitigated them. (#18)

19-20)    Please provide factual support for these defenses. (#20)

21-22)    As these defenses are conclusory, please provide factual support for why You believe Plaintiff lacks standing, particularly in light of the Order of September 12, 2024. (#21-22)

23)    Please provide factual support for this defense, and state why You believe, as a matter of law, that You are entitled to recover attorney fees? (#23)

24)    Please explain why You believe You have not waived any defenses not raised in Your Answer. (#24)

**ANSWER:** Answering Defendant objects to Interrogatory 6 (d)(1) through twenty-four 6 (d)(24) on the basis that the interrogatories require Answering Defendant to marshal all its proof or all the proof they intend to present at trial. Plaintiff is seeking *every* fact, argument, and form of proof for each and every defense. The interrogatories should be reserved for trial during Answering Defendant's testimony. Answering Defendant also objects to the entirety of Interrogatory Six (6) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

7.    Explain, with specificity:

    a.    Why You underwent disciplinary proceedings in 1984 with the Bar association, the conduct giving rise to those proceedings, and the outcome of those proceedings.

**ANSWER:** Answering Defendant objects to Interrogatory 7(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Answering Defendant's disciplinary proceedings from Forty (40) years ago is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    b.    Why You were sued in federal court in 2003, by whom, and the outcome of that litigation.

**ANSWER:** Answering Defendant objects to Interrogatory Seven-b (7b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Answering Defendant's lawsuit from over Twenty (20) years ago is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects to the entirety of Interrogatory Seven (7) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

8.      State, with specificity, the extent of Your professional relationship with attorney Adam Barsky, and his firm, including any financial transactions between You and he or his firm, the nature of these transactions, and the amounts involved.

**ANSWER:** Answering Defendant objects to Interrogatory Eight (8) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Answering Defendant's professional relationship with Adam Barsky, his law firm, and financial transactions between the two are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

9.      State, with specificity, why You, through counsel, claimed that "when [Walt] did pay rent [on the Apartment], he paid rent to the Teresa Lee Revocable Trust" (motion to dismiss second amended complaint, Docket #24, paragraph 5), when Your client's own records would show that rent was paid to Ronald Lee until February, 2021, despite his not being the owner of record of the building, as You noted in paragraph 6.

**ANSWER:** Answering Defendant objects to Interrogatory Nine (9) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

10.  State, with specificity, why You, through counsel, claimed that "It is important to note that Moving Defendants prevailed against Plaintiff and Walt in all preceding eviction and administrative agency proceedings to date." (Ibid, paragraph 12), when the Lees have never sued Walt or Plaintiff for eviction, and when the Fairfax eviction case in 2017, in which You represented them, had Walt dismissed at trial when he introduced his lease for the Basement as an exhibit to prove he no longer lived in the Fairfax.

**ANSWER:** Answering Defendant objects to Interrogatory Ten (10) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

11.  State, with specificity, why You chose to name Walt in an eviction lawsuit for possession by Fairfax in 2017 when You either knew, or should have known, that he had moved from the Fairfax in November, 2016.

**ANSWER:** Answering Defendant objects to Interrogatory Eleven (11) on the basis that it includes a disjunctive statement of fact, asserting that "You knew, or should have known, that he had moved from the Fairfax in November 2016." Answering Defendant also objects on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding and old and separate lawsuit is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

12.    State, with specificity, why You, through Your counsel, claimed in paragraph 28-29 (Ibid) that "Walt
       then informed Moving Defendants that he intended to vacate the Property on or before July 31, 2022.
       Exhibit "A" at ¶17," and that "Walt did not vacate the Property on or before July 31, 2022," when You
       also knew, or should have known, that Your clients did not accept the offer to vacate, which included
       not paying rent for the intervening five months, and had no reason to expect Walt to move.

**ANSWER:** Answering Defendant objects to Interrogatory Twelve (12) on the basis that it includes a
disjunctive statement of fact, asserting that "You knew, or should have known, that Your clients did not accept
the offer to vacate . . . ." It is also unclear whether the aforementioned assertion is targeted towards Answering
Defendant or Counsel; and therefore, Answering Defendant also objects to Interrogatory Seventeen (17) on
the basis that it is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the
nature of the information sought.

13.    Explain, with specificity, why the second notice to vacate of August 22, 2023 did not name Plaintiff or
       "all occupants," despite Your clients' full knowledge that Plaintiff was living in the apartment fulltime
       as Walt's caregiver.

**ANSWER:** Answering Defendant objects to Interrogatory Thirteen (13) on the basis that this interrogatory
calls for privileged information within the attorney-client privilege that it seeks information which was based
on the opinion, conclusions, or legal research of Answering Defendant.

14. Explain, with specificity, why You, through counsel, made the following statement: "Walt— not Plaintiff—received the Second Notice to Quit as a direct result of ongoing nonpayment of rent, property damage, and holdover tenancy. Walt and Plaintiff continue to occupy the Property for free and without a valid lease." (Memo of law in support of motion to dismiss Second Amended Complaint Docket #24-1, p. 16, first and second paragraph). Explain why You believe there is (or was) no valid lease for Apartment 3F as of August 22, 2023, despite the PCHR's finding that a lease did exist. Further explain, with specificity, why You cited "nonpayment of rent" in light of the PCHR's order to the landlord not to collect rent.

**ANSWER:** Answering Defendant objects to Interrogatory Fourteen (14) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects on the basis that this interrogatory calls for privileged information within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or legal research of Answering Defendant's attorney.

15. Explain, with specificity, the contents and nature of any contact with Your clients:

   a. Concerning the easy [sic] or difficulty with which You expect(ed) them to win their eviction case, including but not limited to intake. Further explain, with specificity, how You came to represent these clients and who, if anyone, referred You, and when.

**ANSWER:** Answering Defendant objects to Interrogatory 15(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Answering Defendant's opinions of the ease or difficulty of evicting

15

Plaintiff from an old and separate lawsuit is not relevant to an FHA retaliation claim nor any defenses to an

FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a

compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P.

33(a)(1). Answering Defendant also objects to this interrogatory on the basis that it is privileged information

protected by attorney-client privilege.

     b.     Concerning Gordon Roy Parker, "Ray Gordon," any names referring to him, and anything

          referring to his litigation or internet history.

**ANSWER:** Answering Defendant also objects to this interrogatory on the basis that it is a compound question

used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering

Defendant also objects to this interrogatory on the basis that it is privileged information protected by attorney-

client privilege.

16.    You listed Plaintiff's YouTube videos in Your 26(A)(1) disclosures. State, with specificity, how, when,

     and at whose initiative You discovered these videos, and why You consider them relevant to this case.

     Further state when, how, why, and at whose initiative You began searching for Plaintiff's online history,

     and list the names of any third parties with whom You have discussed this history.

**ANSWER:** Answering Defendant objects to Interrogatory Sixteen (16) on the basis that it is irrelevant to any

claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's

YouTube videos and whether Answering Defendant has searched for YouTube videos from past tenants is

not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant

also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the

16

limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Plaintiff removed and/or destroyed videos from his YouTube account immediately upon receipt of notice to preserve.

17.    In Fairfax v. Parker (the 2017 eviction appeal), You included evidence that referenced Plaintiff's internet postings, videos, and books he had written. Explain, with specificity, how You considered this to be relevant to his tenancy.

**ANSWER:** Answering Defendant objects to Interrogatory Seventeen (17) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Trial strategy for an old and separate case is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

18.    State, with specificity:

a.    The process by which You analyzed Plaintiffs litigation history. Include each lawsuit which You analyzed to form this opinion, and state, with specificity, which averment(s) or other parts You used to form Your opinion of this history.

**ANSWER:** Answering Defendant objects to Interrogatory 18(a) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

b.     Your familiarity with the underlying facts of each lawsuit filed by Plaintiff in the past twenty-

six (not forty) years, to 1998.

**ANSWER:** Answering Defendant objects to Interrogatory Eighteen-b (18b) on the basis that this

interrogatory requests a subjective opinion based on speculation that Answering Defendant is familiar with

underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant never

asserted to be familiar with every lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering

Defendant also objects to the entirety of Interrogatory Eighteen (18) on the basis that Plaintiff includes

discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

## **VERIFICATION**

I _____Kenneth L. Bartiz, Esq_____, subject to the penalties of 18 Pa.C.S.A. §4904,

relating to unsworn falsification to authorities, state the attached answers and/or documents are

submitted in response to the foregoing Interrogatories and/or Requests for Production of

Documents and that to the best of my knowledge, information and belief they are true and

complete.

GORDON ROY PARKER                                         :
                                    *Plaintiff*            :
         v.                                               :     Civil Case No.: 2:23-cv-03999-GJP
                                                          :
RONALD LEE; TERESA LEE; JEFFREY MAI;                      :
CANAAN REALTY INVESTMENT GROUP;                           :
TERESA LEE REVOCABLE TRUST; and                           :
KENNETH L. BARITZ, ESQUIRE                                :
                                    *Defendants*          :
                                                          :

## CERTIFICATE OF SERVICE

I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct

copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Interrogatories, has been

served upon Plaintiff via electronic mail on November 21, 2024.

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:   November 21, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                    *Attorneys for Defendants*

|                                                    |   |                                      |
|----------------------------------------------------|---|--------------------------------------|
| GORDON ROY PARKER                                  | : |                                      |
|                               *Plaintiff*          | : | Civil Case No.: 2:23-cv-03999-GJP    |
|                      v.                            | : |                                      |
|                                                    | : |                                      |
| RONALD LEE; TERESA LEE; JEFFREY MAI;               | : |                                      |
| CANAAN REALTY INVESTMENT GROUP;                    | : |                                      |
| TERESA LEE REVOCABLE TRUST; and                    | : |                                      |
| KENNETH L. BARITZ, ESQUIRE                         | : |                                      |
|                               *Defendants*         | : |                                      |

## ANSWERING DEFENDANT'S, KENNETH L. BARITZ, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to F.R.C.P. 34, Answering Defendant, Kenneth L. Baritz, Esquire ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Defendant objects to the First Set of Demands for Production ("Demands for Production") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2. Defendant objects to Plaintiff's Demands for Production to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3. Defendant objects to Plaintiff's Demands for Production to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Demands for Production seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Demands for Production. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4. Defendant objects to any Demands for Production to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Demands for Production to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6. Defendant objects to the Demands for Production to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7.  Defendant objects to the Demands for Production to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8.  Defendant objects to the Demands for Production to the extent that they seek documents or information relating to reserves or reinsurance information. Such Demands for Production seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.  Defendant objects to the Demands for Production to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Demands for Production to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Demands for Production to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Demands for Production.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All documents in Your possession which relate to the accompanying First Set of Interrogatories directed at You.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to <u>F.R.C.P.</u> 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number One (1). Plaintiff requests a voluminous number of documents without specificity.

2.    All documents listed in Your Rule 26(A)(1) disclosures, and any additional documents You intend to use at trial.

**Answer:** See attached.

3.    All documents in Your possession which contain the name "Gordon Roy Parker" or "Ray Gordon," or which make reference to him, the Plaintiff in this case, including but not limited to communications with any third party, or ESI/printouts or other storage of documents resulting from internet searches of these names, or any name designed to identify Plaintiff.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to <u>F.R.C.P.</u> 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Three (3).

4.     Your financial records, as kept in accordance with Your standard bookkeeping requirements, from 2016 until the present, including but not limited to profit-and-loss statements, all invoices to clients and from anyone paid by You or Your firm, federal tax returns, payroll records (payments and withholding), and banking records for any accounts in You or Your firm's name, or for which You are one of more individuals or entities named.

**Answer:** Answering Defendant objects to this request as too overbroad and documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Four (4). Financial records of Answering Defendant is not relevant to a Fair House Act Retaliation claim.

5.     Any communications with the surviving Defendants in this case (or Jeffrey Mai) regarding Gordon Roy Parker, "Ray Gordon," or any name which refers to him.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Five (5). Plaintiff fails to limit the time period for the requested communications.

6.     Any communications with the owner of the Fairfax Apartments, or any of its officers, agents, or employees, including but not limited to Gary and Marla Kerstein, and Joyce Prentiss, concerning the eviction lawsuit it filed against Gordon Roy Parker.

**Answer:** Answering Defendant objects to this request as communications are privileged and protected under Attorney-Client Privilege. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Six (6).

7.      Any communications with third parties concerning Plaintiff (Gordon Roy Parker), including but not limited to third-party contacts over the internet.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Seven (7). Plaintiff fails to limit the time period for the requested communications.

Sincerely,

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:    November 7, 2024

## VERIFICATION

I _____ Kenneth L. Baritz, Esq _____, subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____

7

| GORDON ROY PARKER | : | |
| | : | |
| *Plaintiff* | : | |
| v. | : | Civil Case No.: 2:23-cv-03999-GJP |
| | : | |
| RONALD LEE; TERESA LEE; JEFFREY MAI; | : | |
| CANAAN REALTY INVESTMENT GROUP; | : | |
| TERESA LEE REVOCABLE TRUST; and | : | |
| KENNETH L. BARITZ, ESQUIRE | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, has been served upon Plaintiff via electronic mail on November 21, 2024.

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:   November 21, 2024

8

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                    *Attorneys for Answering Defendant*

GORDON ROY PARKER                          :
                            *Plaintiff*    :
     v.                                    :    Civil Case No.: 2:23-cv-03999-GJP
                                           :
RONALD LEE; TERESA LEE; JEFFREY MAI;       :
CANAAN REALTY INVESTMENT GROUP;            :
TERESA LEE REVOCABLE TRUST; and            :
KENNETH L. BARITZ, ESQUIRE                 :
                            *Defendants*   :

## ANSWERING DEFENDANT'S, RONALD LEE, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST SET OF INTERROGATORIES

Pursuant to F.R.C.P. 33, Answering Defendant, Ronald Lee ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Defendant objects to the First Set of Interrogatories ("Interrogatories") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2. Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek

information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Interrogatories seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Interrogatories. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4. Defendant objects to any Interrogatories to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6. Defendant objects to the Interrogatories to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7. Defendant objects to the Interrogatories to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to reserves or reinsurance information. Such Interrogatories seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Interrogatories to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Interrogatories to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Interrogatories.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Interrogatories.

15. Defendant objects to the Interrogatories to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Interrogatories at trial or in any other proceeding in this action, and Defendant does not concede that any of its objections or responses to these Interrogatories are or will be admissible at the trial of this action or in any other proceeding in this action.

17.  Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Interrogatories using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Interrogatories to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO INTERROGATORIES

1.  State, with specificity, the exact date You became aware that Gordon Roy Parker was occupying the Apartment (3F) with his brother, Walt, how you became aware, when, and from whom.

**ANSWER:** Answering Defendant objects to Interrogatory One (1) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's discovery of Plaintiff's tenancy is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

2.  State, with specificity, why you chose to issue a Notice to Vacate to Walt on June 3, 2022, and whether or not he had any reason to expect you would, i.e., if he was put on notice of any lease violation that would warrant such a step. State further why you had your wife, Joanna Lee, send the email, and explain, with specificity, any other involvement she may have had in crafting the notice or in the decision to send it an attempt to evict Walt (and Plaintiff) from the Apartment.

**ANSWER:** Answering Defendant objects to Interrogatory Two (2) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

3.  State, with specificity, why you switched attorneys from Jeffrey Katz to Kenneth L. Baritz for the second notice to vacate issued to Walt on August 22, 2023. State further, with specificity, how Baritz presented the case to you, including but not limited to the ease or difficulty with which he believed you would prevail.

**ANSWER:** Answering Defendant objects to Interrogatory Three (3) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's change of counsel is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is privileged information protected by attorney-client privilege. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

4.  State, with specificity, why You have not sued Walt or Plaintiff for eviction since October 12, 2023, when the PCHR order prohibiting this was overturned, and why You have not attempted to collect rent on the Apartment.

**ANSWER:** Answering Defendant objects to Interrogatory Four (4) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

5.  State, with specificity:

     a.  Whether or not You are in possession of an active rental license for the Building.

**ANSWER:** Answering Defendant objects to Interrogatory 5(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The status of the Property's rental licenses is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

b.   Whether or not the Building is currently up to code, or has open code violations with the City of Philadelphia. For any open violations, describe them in detail, including but not limited to the nature and status of the violation.

**ANSWER:** Answering Defendant objects to Interrogatory 5(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Code violations for the Property and the status of the Property's good standing regarding the Philadelphia Building Code is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

c.   Which apartment(s) in the building are the six units listed on past rental licenses, and the total number of rental units in the Building, including but not limited to these seven units: 2R, 2F, 3R, 3F, 4F, 5F, and BR-2.

**ANSWER:** Answering Defendant objects to Interrogatory 5(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The past status of the Property's rental licenses is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

d.   Why there is no trash receptacle inside the Building, and whether or not tenants are expected to keep garbage in their apartment until weekly trash collection (usually Thursday morning).

**ANSWER:** Answering Defendant objects to Interrogatory 5(d) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The absence of a trash receptacle inside the building is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects

7

to the entirety of Interrogatory Five (5) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6.      State, with specificity, the name of all individuals other than the other Defendants in this case (including Mai/Canaan) with whom you have had contact about Gordon Roy Parker (Plaintiff), including but not limited to by telephone, e-mail, regular mail, or any means. Include the date(s) of any such communication and their nature. Include any individuals who may have initiated contact with you, what they said or sent (documents), whether or not you responded.

**ANSWER:** Answering Defendant objects to Interrogatory Six (6) on the basis that it is vague, overly broad, and unduly Burdensome. The dates and nature of every single communication in which Plaintiff is mentioned would require a meticulous recounting, summarization, and dating of a voluminous number of conversations from an unreasonable period of time. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

7.      State, with specificity, why You allowed the owner of the Kumei Gift shop (Ms. Duan) to enter the Basement and the Apartment in 2021 and 2022, respectively, during floods to those apartments. State the purpose of her presence in the apartment, and summarize any communications You may have had with her. Also state her full name, and explain any relationships or friendships You may have which predate her tenancy, or which are not within the scope of a normal landlord-tenant relationship.

**ANSWER:** Answering Defendant objects to Interrogatory Seven (7) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The actions, relations, and communications with the owner

8

of the Kumei Gift shop is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

8.   State, with specificity, whether or not You or any officers, agents, employees, or other third parties acting on Your behalf, have conducted any internet searches of the name Gordon Roy Parker, "Ray Gordon," or any variation thereof meant to identify him (the Plaintiff) in the search results. Include the date(s) of any such searches, the search terms used, what prompted the search, and any actions taken by You as a result of the search.

**ANSWER:** Answering Defendant objects to Interrogatory Eight (8) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Internet searches of the Plaintiff is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

9.   State, with specificity, whether or not you believe Plaintiff is a legitimate occupant and/or cotenant of Apartment 3F, and why.

**ANSWER:** Answering Defendant objects to Interrogatory Nine (9) on the basis that it requires Answering Defendant to make a conclusion of law on whether Plaintiff is a legal occupant or cotenant of Apartment 3F. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

10.    State, with specificity, if any attorney with whom you consulted concerning the Apartment made

reference to Gordon Roy Parker or "Ray Gordon's" internet footprint (plus any name which refers to

him), his litigation history, his general reputation and reputation within the legal system, and the level

of anticipated difficulty in evicting him (through Walt), including but not limited to remarks to the

effect that the case would be an "easy win."

**ANSWER:** Answering Defendant objects to Interrogatory Ten (10) on the basis that it is irrelevant to any

claim or defenses in the above-captioned Matter. Conversations about Plaintiff's internet footprint, opinions

of the Plaintiff, and opinions of the ease or difficulty of evicting Plaintiff are not relevant to an FHA retaliation

claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on

the basis that it is a compound question used in order to circumvent the limit of written interrogatories

pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects to this interrogatory on the basis that it is

privileged information protected by attorney-client privilege.

11.    You listed Plaintiff's YouTube videos in your 26(A)(l) disclosures. State, with specificity, how, when,

and at whose initiative you discovered these videos. Further state, with specificity, how many other

tenants since 2016 whose internet content you have searched for.

**ANSWER:** Answering Defendant objects to Interrogatory Eleven (11) on the basis that it is irrelevant to any

claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's

YouTube videos and whether Answering Defendant has searched for YouTube videos from past tenants is

not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant

also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Plaintiff has since deleted all pertinent videos from his YouTube account, despite Plaintiff's obligation to preserve evidence.

12.     State, with specificity, the full name, address, and contact information for the tenant(s) or others you claim have made complaints about Plaintiff to You, the times/dates of these complaints, and whether or not you notified Plaintiff or Walt (and when).

**ANSWER:** Answering Defendant objects to Interrogatory Twelve (12) on the basis that it is vague, overly broad, and unduly burdensome. It would be unduly burdensome to go through all of its complaints, locate the complaints specific to Plaintiff, and obtain contact information for all tenants that once made a complaint against Plaintiff. Many tenants have moved out since making complaints and it would require an unproportional amount of time to try and locate those past tenants and their contact information. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

13.     Explain, with specificity, the basis for the following statements made by Your counsel on Your behalf, in the motion to dismiss filed on December l, 2023 (Docket #9):

    a.     That Plaintiff's "40 years" (25 actually) of litigation was "frivolous." (p.6, footnote #1) Further state, with specificity, how and when You became aware of Plaintiff's litigation history. List all cases of which You were aware prior to issuing the Second Notice to Vacate on August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory 13(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

      b.     Why You, through Your counsel, asked the Court to take judicial notice of Plaintiff's litigation history (Ibid.) while simultaneously calling Plaintiff's reference to his past lawsuits "unrelated litigation." (¶40, p. 9). Further state which of the two statements reflects Your actual belief at the time, or why they are not oxymoronic.

**ANSWER:** Answering Defendant objects to Interrogatory 13(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

      c.     The basis for Your position, stated through Your counsel, that Plaintiff "is no stranger to asserting discrimination claims against members of the Commonwealth as a way to retaliate against those who do not cave to his demands." (Memorandum of Law, motion to dismiss first amended complaint, last paragraph of p.21) (Document 14-1).

**ANSWER:** Answering Defendant objects to Interrogatory 13(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    d.     Explain, with specificity, the basis for each of Your twenty-four affirmative defenses. Provide any and all underlying factual averments You intend to establish at trial to support Your positions:

        1)     That no claim for relief that could be granted was pled, in light of the Order of September 12, 2024 denying the motion to dismiss? (#1)

        2)     That plaintiff lacks jurisdiction, also in light Of the Order (#2).

        3)     In light of the Order, Your alternative facts which establish a non-retaliatory reason for the adverse action (the second notice to vacate). (#3)

        4)     Why You believe the actionable conduct set forth in the Complaint, and affirmed by the Order (if proven at trial), resulted in no harm to the Plaintiff? (#4)

        5-6)    How do You believe Plaintiff is estopped, or waived his claims? Provide any underlying factual basis for this claim, including why You believe Plaintiff is not entitled to damages,

        7)     Which statutory requirements do You believe have not been met by Plaintiff, in light of the Order of September 12, 2024? Which facts do You believe support Your arguments under the statute of repose? (#7)

8)    Please provide any factual support for Your defense that any failure to comply with the ADA is the result of someone other than the Landlord Defendants? (#8)

9)    Please provide any factual support for this defense. (#9)

10)   Why do You believe the action (the second notice to vacate) was not intentional? Was it random? Did an external force draft and mail the notice on behalf of You or Your clients? (#10)

11-14) Why do You consider this a frivolous lawsuit, particularly in light of the Order of September 12, 2024? As these defenses are based on conclusory averments, please provide factual support for this defense. (#11-14)

15)   Please provide factual support for this defense. (#15)

16)   Please state whether or not You believe that any new acts of retaliation should be treated as ongoing, or filed separately as part of a new lawsuit. (#16)

17)   Please provide factual support for this defense, with specificity, sufficient to identify which conduct of Plaintiff's You believe to have caused his alleged damages? (#17)

18)   Please provide factual support for Your defense that Plaintiff has failed to mitigate his alleged damages, and how You believe he could have mitigated them. (#18)

19-20) Please provide factual support for these defenses. (#20)

21-22) As these defenses are conclusory, please provide factual support for why You believe Plaintiff lacks standing, particularly in light of the Order of September 12, 2024. (#21-22)

14

23)     Please provide factual support for this defense, and state why You believe, as a matter of law, that You are entitled to recover attorney fees? (#23)

24)     Please explain why You believe You have not waived any defenses not raised in Your Answer. (#24)

**ANSWER:** Answering Defendant objects to Interrogatory 13 (d), one through twenty-four (1-24) on the basis that the interrogatories require Answering Defendant to marshal all its proof or all the proof they intend to present at trial. Plaintiff is seeking *every* fact, argument, and form of proof for each and every defense. The interrogatories should be reserved for trial during Answering Defendant's testimony. Answering Defendant also objects to the entirety of Interrogatory Thirteen (13) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

14.     State, with specificity, why You, through counsel, claimed that "when [Walt] did pay rent [on the Apartment], he paid rent to the Ronald Lee" (motion to dismiss second amended complaint, Docket #24, paragraph 5), when Your client's own records would show that rent was paid to Ronald Lee until February, 2021, despite his not being the owner of record of the building, as You noted in paragraph 6.

**ANSWER:** Answering Defendant objects to Interrogatory Fourteen (14) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

15.    State, with specificity, why You, through counsel, claimed that "It is important to note that Moving Defendants prevailed against Plaintiff and Walt in all preceding eviction and administrative agency proceedings to date." (Ibid, paragraph 12), when the Lees have never sued Walt or Plaintiff for eviction, and when the Fairfax eviction case in 2017, in which You represented them, had Walt dismissed at trial when he introduced his lease for the Basement as an exhibit to prove he no longer lived in the Fairfax.

**ANSWER:** Answering Defendant objects to Interrogatory Fifteen (15) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

16.    State, with specificity, why You, through Your counsel, claimed in paragraph 28-29 (Ibid) that "Walt then informed Moving Defendants that he intended to vacate the Property on or before July 3 1, 2022. Exhibit "A" at 17," and that "Walt did not vacate the Property on or before July 31, 2022," when You also knew, or should have known, that Your clients did not accept the offer to vacate, which included not paying rent for the intervening five months, and had no reason to expect Walt to move.

**ANSWER:** Answering Defendant objects to Interrogatory Sixteen (16) on the basis that it includes a disjunctive statement of fact, asserting that "You knew, or should have known, that Your clients did not accept the offer to vacate . . . ." It is also unclear whether the aforementioned assertion is targeted towards Answering Defendant or Counsel; and therefore, Answering Defendant also objects to Interrogatory Sixteen (16) on the basis that it is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

17.   Explain, with specificity, why the second notice to vacate of August 22, 2023 did not name Plaintiff or

"all occupants" but instead named only Walt.

**ANSWER:** Answering Defendant objects to Interrogatory Seventeen (17) on the basis that this interrogatory

calls for privileged information within the attorney-client privilege that it seeks information which was based

on the opinion, conclusions, or legal research of Answering Defendant's attorney.

18.   Explain, with specificity, why You, through counsel, made the following statement: "Walt —not

Plaintiff—received the Second Notice to Quit as a direct result of ongoing nonpayment of rent,

property damage, and holdover tenancy. Walt and Plaintiff continue to occupy the Property for free

and without a valid lease." (Memo of law in support of motion to dismiss Second Amended Complaint,

Docket #24-1, p. 16, first and second paragraph). Explain why You believe there is (or was) no valid

lease for Apartment 3F as of August 22, 2023, despite the PCHR's finding that a lease did exist. Further

explain, with specificity, why You cited "nonpayment of rent" in light of the PCHR's order to the

landlord not to collect rent.

**ANSWER:** Answering Defendant objects to Interrogatory Eighteen (18) on the basis that this interrogatory

is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P.

33(a)(1). Answering Defendant also objects on the basis that this interrogatory calls for privileged information

within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or

legal research of Answering Defendant's attorney.

19.    State, with specificity:

    a.    The process by which you analyzed Plaintiff's litigation history. Include each lawsuit which you

        analyzed to form this opinion, and state, with specificity, which averment(s) or other parts you

        used to form Your opinion of this history.

**ANSWER:** Answering Defendant objects to Interrogatory 19(a) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    b.    Your familiarity with the underlying facts of each lawsuit filed by Plaintiff in the past twenty-

        six (not forty) years, to 1998 . . .

**ANSWER:** Answering Defendant objects to Interrogatory 19(b) on the basis that this interrogatory requests a subjective opinion based on speculation that Answering Defendant is familiar with underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant never asserted to be familiar with every lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant also objects to the entirety of Interrogatory Nineteen (19) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

## VERIFICATION

I _Ronald M. Lee_ , subject to the penalties of 18 <u>Pa.C.S.A.</u> §4904, relating to

unsworn falsification to authorities, state the attached answers and/or documents are submitted in

response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the

best of my knowledge, information and belief they are true and complete.

_Ronald M. Lee_

GORDON ROY PARKER

                 *Plaintiff*

    v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

                 *Defendants*

:
:
:
:
:
:
:
:
:
:
:
:

Civil Case No.: 2:23-cv-03999-GJP

## CERTIFICATE OF SERVICE

    I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Interrogatories, has been served upon Plaintiff via electronic mail on November 13, 2024.

                                     KBK LAW GROUP

                                     Adam P. Barsky, Esquire
                         Attorneys for Answering Defendant

Date:   November 13, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                      *Attorneys for Answering Defendant*

---

GORDON ROY PARKER                          :
                                  *Plaintiff*     :
      v.                                        :   Civil Case No.: 2:23-cv-03999-GJP
                                                  :
RONALD LEE; TERESA LEE; JEFFREY MAI;              :
CANAAN REALTY INVESTMENT GROUP;                   :
TERESA LEE REVOCABLE TRUST; and                   :
KENNETH L. BARITZ, ESQUIRE                        :
                                  *Defendants*    :

---

### ANSWERING DEFENDANT'S RONALD LEE, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Pursuant to F.R.C.P. 34, Answering Defendant, Ronald Lee ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Request for Production of Documents.

### GENERAL OBJECTIONS

1.   Defendant objects to the First Set of Demands for Production ("Demands for Production") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2.   Defendant objects to Plaintiff's Demands for Production to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery,

seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3.   Defendant objects to Plaintiff's Demands for Production to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Demands for Production seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Demands for Production. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4.   Defendant objects to any Demands for Production to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Defendant objects to the Demands for Production to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6.   Defendant objects to the Demands for Production to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7.   Defendant objects to the Demands for Production to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8.  Defendant objects to the Demands for Production to the extent that they seek documents or information relating to reserves or reinsurance information. Such Demands for Production seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.  Defendant objects to the Demands for Production to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Demands for Production to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Demands for Production to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Demands for Production.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Demands for Production.

15. Defendant objects to the Demands for Production to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Demands for Production at trial or in any other proceeding in this action, and Defendant

does not concede that any of its objections or responses to these Demands for Production are or will be admissible at the trial of this action or in any other proceeding in this action.

17. Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Demands for Production using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Demands for Production to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.     All documents in Your possession which relate to the accompanying First Set of
Interrogatories directed at You.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain
documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering
Defendant is in possession of responsive material but objects to Request Number One (1). Plaintiff
requests a voluminous number of documents without specificity.

2.     All documents listed in Your Rule 26(A)(1) disclosures, and any additional documents You
intend to use at trial.

**ANSWER:** See attached.

3.     All documents in Your possession which contain the name "Gordon Roy Parker" or "Ray
Gordon," or which make reference to him, the Plaintiff in this case, including but not limited
to communications with any third party, or ESI/printouts or other storage of documents
resulting from internet searches of these names, or any name designed to identify Plaintiff.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain
documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering
Defendant is in possession of responsive material but objects to Request Number Three (3).

4.      Your financial records, as kept in accordance with Your standard bookkeeping requirements, from 2016 until the present, including but not limited to profit-and-loss statements, all invoices to clients and from anyone paid by You or Your firm, federal tax returns, payroll records (payments and withholding), and banking records for any accounts in You or Your firm's name, or for which You are one of more individuals or entities named.

**ANSWER:** Answering Defendant objects to this request as too overbroad and documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Four (4). Financial records of Answering Defendant is not relevant to a Fair House Act Retaliation claim.

5.      Any communications with the surviving Defendants in this case (or Jeffrey Mai) regarding Gordon Roy Parker, "Ray Gordon," or any name which refers to him.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Five (5). Plaintiff fails to limit the time period for the requested communications.

6.      Any communications with Jeffrey Mai relating to the Building, the Basement, or the
         Apartment, from 2016 to the present.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Six (6). Plaintiff did not begin to inhabit the Property until 2018, so any communications prior to that is not relevant to a Fair Housing Act Retaliation claim.

7.      Any communications with third parties concerning Plaintiff (Gordon Roy Parker), including
         but not limited to third-party contacts over the internet.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Seven (7). Plaintiff fails to limit the time period for the requested communications.

8.      All correspondence with any person or department in the City of Philadelphia, and all records
         and documents, pertaining to any past, present, or ongoing code violations.

**Answer:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Eight (8). Building code violations of the Property are not relevant to a Fair Housing Act Retaliation claim. Also, Plaintiff fails to limit the time period for the requested correspondence.

7

Sincerely,

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:   October 30, 2024

## VERIFICATION

I *Ronald M. Lee*_____, subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_Ronald M. Lee_____

GORDON ROY PARKER       :
          *Plaintiff* :
  v.           :  Civil Case No.: 2:23-cv-03999-GJP
              :
RONALD LEE; TERESA LEE; JEFFREY MAI; :
CANAAN REALTY INVESTMENT GROUP; :
TERESA LEE REVOCABLE TRUST; and  :
KENNETH L. BARITZ, ESQUIRE   :
         *Defendants* :

## CERTIFICATE OF SERVICE

I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, has been served upon Plaintiff via electronic mail on November 13, 2024.

             KBK LAW GROUP

             _____
              Adam P. Barsky, Esquire
            Attorneys for Answering Defendant

Date: November 13, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                    *Attorneys for Answering Defendant*

---

GORDON ROY PARKER                        :
                              *Plaintiff*     :
                                          :
        v.                                :     Civil Case No.: 2:23-cv-03999-GJP
                                          :
RONALD LEE; TERESA LEE; JEFFREY MAI;      :
CANAAN REALTY INVESTMENT GROUP;           :
TERESA LEE REVOCABLE TRUST; and           :
KENNETH L. BARITZ, ESQUIRE                 :
                              *Defendants*    :

---

## ANSWERING DEFENDANT'S, TERESA LEE, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST SET OF INTERROGATORIES

Pursuant to F.R.C.P. 33, Answering Defendant, Teresa Lee ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Defendant objects to the First Set of Interrogatories ("Interrogatories") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2. Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Interrogatories seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Interrogatories. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4. Defendant objects to any Interrogatories to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6. Defendant objects to the Interrogatories to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7. Defendant objects to the Interrogatories to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to reserves or reinsurance information. Such Interrogatories seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Interrogatories to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Interrogatories to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Interrogatories.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Interrogatories.

15. Defendant objects to the Interrogatories to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Interrogatories at trial or in any other proceeding in this action, and Defendant does not concede

that any of its objections or responses to these Interrogatories are or will be admissible at the trial of this action or in any other proceeding in this action.

17. Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Interrogatories using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Interrogatories to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO INTERROGATORIES

1.    State, with specificity, the exact date You became aware that Gordon Roy Parker was occupying the Apartment (3F) with his brother, Walt, how you became aware, when, and from whom.

**ANSWER:** Answering Defendant objects to Interrogatory One (1) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's discovery of Plaintiff's tenancy is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

2.    State, with specificity, why you chose to issue a Notice to Vacate to Walt on June 3, 2022, and whether or not he had any reason to expect you would, i.e., if he was put on notice of any lease violation that would warrant such a step. State further why you had your wife, Joanna Lee, send the email, and explain, with specificity, any other involvement she may have had in crafting the notice or in the decision to send it an attempt to evict Walt (and Plaintiff) from the Apartment.

**ANSWER:** Answering Defendant objects to Interrogatory Two (2) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

3.    State, with specificity, why you switched attorneys from Jeffrey Katz to Kenneth L. Baritz for the second notice to vacate issued to Walt on August 22, 2023. State further, with specificity, how Baritz presented the case to you, including but not limited to the ease or difficulty with which he believed you would prevail.

**ANSWER:** Answering Defendant objects to Interrogatory Three (3) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's change of counsel is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is privileged information protected by attorney-client privilege. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

4.    State, with specificity, why You have not sued Walt or Plaintiff for eviction since October 12, 2023, when the PCHR order prohibiting this was overturned, and why You have not attempted to collect rent on the Apartment.

**ANSWER:** Answering Defendant objects to Interrogatory Four (4) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6

5.     State, with specificity:

     a.   Whether or not You are in possession of an active rental license for the Building.

**ANSWER:** Answering Defendant objects to Interrogatory 5(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The status of the Property's rental licenses is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

     b.   Whether or not the Building is currently up to code, or has open code violations with the City of Philadelphia. For any open violations, describe them in detail, including but not limited to the nature and status of the violation.

**ANSWER:** Answering Defendant objects to Interrogatory 5(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Code violations for the Property and the status of the Property's good standing regarding the Philadelphia Building Code is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

     c.   Which apartment(s) in the building are the six units listed on past rental licenses, and the total number of rental units in the Building, including but not limited to these seven units: 2R, 2F, 3R, 3F, 4F, 5F, and BR-2.

**ANSWER:** Answering Defendant objects to Interrogatory 5(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The past status of the Property's rental licenses are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

d.  Why there is no trash receptacle inside the Building, and whether or not tenants are expected

   to keep garbage in their apartment until weekly trash collection (usually Thursday morning).

**ANSWER:** Answering Defendant objects to Interrogatory 5(d) on the basis that it is irrelevant to any claim

or defenses in the above-captioned Matter. The absence of a trash receptacle inside the building is not relevant

to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects

to the entirety of Interrogatory Five (5) on the basis that Plaintiff includes discrete subparts in order to

circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6.     State, with specificity, the name of all individuals other than the other Defendants in this case (including

   Mai/Canaan) with whom you have had contact about Gordon Roy Parker (Plaintiff), including but not

   limited to by telephone, e-mail, regular mail, or any means. Include the date(s) of any such

   communication and their nature. Include any individuals who may have initiated contact with you,

   what they said or sent (documents), whether or not you responded.

**ANSWER:** Answering Defendant objects to Interrogatory Six (6) on the basis that it is vague, overly broad,

and unduly Burdensome. The dates and nature of every single communication in which Plaintiff is mentioned

would require a meticulous recounting, summarization, and dating of a voluminous number of conversations

from an unreasonable period of time. Answering Defendant also objects to this interrogatory on the basis that

it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P.

33(a)(1).

7.      State, with specificity, why You allowed the owner of the Kumei Gift shop (Ms. Duan) to enter the
        Basement and the Apartment in 2021 and 2022, respectively, during floods to those apartments. State
        the purpose of her presence in the apartment, and summarize any communications You may have had
        with her. Also state her full name, and explain any relationships or friendships You may have which
        predate her tenancy, or which are not within the scope of a normal landlord-tenant relationship.

**ANSWER:** Answering Defendant objects to Interrogatory Seven (7) on the basis that it is irrelevant to any
claim or defenses in the above-captioned Matter. The actions, relations, and communications with the owner
of the Kumei Gift shop is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation
claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used
in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

8.      State, with specificity, whether or not You or any officers, agents, employees, or other third parties
        acting on Your behalf, have conducted any internet searches of the name Gordon Roy Parker, "Ray
        Gordon," or any variation thereof meant to identify him (the Plaintiff) in the search results. Include
        the date(s) of any such searches, the search terms used, what prompted the search, and any actions
        taken by You as a result of the search.

**ANSWER:** Answering Defendant objects to Interrogatory Eight (8) on the basis that it is irrelevant to any
claim or defenses in the above-captioned Matter. Internet searches of the Plaintiff is not relevant to an FHA
retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this
interrogatory on the basis that it is a compound question used in order to circumvent the limit of written
interrogatories pursuant to F.R.C.P. 33(a)(1).

9.     State, with specificity, whether or not you believe Plaintiff is a legitimate occupant and/or cotenant of Apartment 3F, and why.

**ANSWER:** Answering Defendant objects to Interrogatory Nine (9) on the basis that it requires Answering Defendant to make a conclusion of law on whether Plaintiff is a legal occupant or cotenant of Apartment 3F. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

10.    State, with specificity, if any attorney with whom you consulted concerning the Apartment made reference to Gordon Roy Parker or "Ray Gordon's" internet footprint (plus any name which refers to him), his litigation history, his general reputation and reputation within the legal system, and the level of anticipated difficulty in evicting him (through Walt), including but not limited to remarks to the effect that the case would be an "easy win."

**ANSWER:** Answering Defendant objects to Interrogatory Ten (10) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Conversations about Plaintiff's internet footprint, opinions of the Plaintiff, and opinions of the ease or difficulty of evicting Plaintiff are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects to this interrogatory on the basis that it is privileged information protected by attorney-client privilege.

11.     You listed Plaintiff's YouTube videos in your 26(A)(I) disclosures. State, with specificity, how, when, and at whose initiative you discovered these videos. Further state, with specificity, how many other tenants since 2016 whose internet content you have searched for.

**ANSWER:** Answering Defendant objects to Interrogatory Eleven (11) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's YouTube videos and whether Answering Defendant has searched for YouTube videos from past tenants is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Plaintiff has since deleted all pertinent videos from his YouTube account, despite Plaintiff's obligations to Preserve evidence.

12.     State, with specificity, the full name, address, and contact information for the tenant(s) or others you claim have made complaints about Plaintiff to You, the times/dates of these complaints, and whether or not you notified Plaintiff or Walt (and when).

**ANSWER:** Answering Defendant objects to Interrogatory Twelve (12) on the basis that it is vague, overly broad, and unduly burdensome. It would be unduly burdensome to go through all of its complaints, locate the complaints specific to Plaintiff, and obtain contact information for all tenants that once made a complaint against Plaintiff. Many tenants have moved out since making complaints and it would require an unproportional amount of time to try and locate those past tenants and their contact information. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

13.    Explain, with specificity, the basis for the following statements made by Your counsel on Your behalf, in the motion to dismiss filed on December 1, 2023 (Docket #9):

    a.    That Plaintiff's "40 years" (25 actually) of litigation was "frivolous." (p.6, footnote #1) Further state, with specificity, how and when You became aware of Plaintiff's litigation history. List all cases of which You were aware prior to issuing the Second Notice to Vacate on August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory 13(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    b.    Why You, through Your counsel, asked the Court to take judicial notice of Plaintiff's litigation history (Ibid.) while simultaneously calling Plaintiff's reference to his past lawsuits "unrelated litigation." (¶40, p. 9). Further state which of the two statements reflects Your actual belief at the time, or why they are not oxymoronic.

**ANSWER:** Answering Defendant objects to Interrogatory 13(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects

12

to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    c.    The basis for Your position, stated through Your counsel, that Plaintiff "is no stranger to asserting discrimination claims against members of the Commonwealth as a way to retaliate against those who do not cave to his demands." (Memorandum of Law, motion to dismiss first amended complaint, last paragraph of p.21) (Document 14-1).

**ANSWER:** Answering Defendant objects to Interrogatory 13(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    d.    Explain, with specificity, the basis for each of Your twenty-four affirmative defenses. Provide any and all underlying factual averments You intend to establish at trial to support Your positions:

    1)    That no claim for relief that could be granted was pled, in light of the Order of September 12, 2024 denying the motion to dismiss? (#1)

    2)    That plaintiff lacks jurisdiction, also in light Of the Order (#2).

    3)    In light of the Order, Your alternative facts which establish a non-retaliatory reason for the adverse action (the second notice to vacate). (#3)

4)      Why You believe the actionable conduct set forth in the Complaint, and affirmed by the Order (if proven at trial), resulted in no harm to the Plaintiff? (#4)

5-6)    How do You believe Plaintiff is estopped, or waived his claims? Provide any underlying factual basis for this claim, including why You believe Plaintiff is not entitled to damages,

7)      Which statutory requirements do You believe have not been met by Plaintiff, in light of the Order of September 12, 2024? Which facts do You believe support Your arguments under the statute of repose? (#7)

8)      Please provide any factual support for Your defense that any failure to comply with the ADA is the result of someone other than the Landlord Defendants? (#8)

9)      Please provide any factual support for this defense. (#9)

10)     Why do You believe the action (the second notice to vacate) was not intentional? Was it random? Did an external force draft and mail the notice on behalf of You or Your clients? (#10)

11-14)  Why do You consider this a frivolous lawsuit, particularly in light of the Order of September 12, 2024? As these defenses are based on conclusory averments, please provide factual support for this defense. (#11-14)

15)     Please provide factual support for this defense. (#15)

16)     Please state whether or not You believe that any new acts of retaliation should be treated as ongoing, or filed separately as part of a new lawsuit. (#16)

17)     Please provide factual support for this defense, with specificity, sufficient to identify which conduct of Plaintiff's You believe to have caused his alleged damages? (#17)

18)     Please provide factual support for Your defense that Plaintiff has failed to mitigate his alleged damages, and how You believe he could have mitigated them. (#18)

19-20)  Please provide factual support for these defenses. (#20)

21-22)  As these defenses are conclusory, please provide factual support for why You believe Plaintiff lacks standing, particularly in light of the Order of September 12, 2024. (#21-22)

23)     Please provide factual support for this defense, and state why You believe, as a matter of law, that You are entitled to recover attorney fees? (#23)

24)     Please explain why You believe You have not waived any defenses not raised in Your Answer. (#24)

**ANSWER:** Answering Defendant objects to Interrogatory 13 (d), one through twenty-four (1-24) on the basis that the interrogatories require Answering Defendant to marshal all its proof or all the proof they intend to present at trial. Plaintiff is seeking *every* fact, argument, and form of proof for each and every defense. The interrogatories should be reserved for trial during Answering Defendant's testimony. Answering Defendant also objects to the entirety of Interrogatory Thirteen (13) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

15

14.    State, with specificity, why You, through counsel, claimed that "when [Walt] did pay rent [on the Apartment], he paid rent to the Teresa Lee" (motion to dismiss second amended complaint, Docket #24, paragraph 5), when Your client's own records would show that rent was paid to Teresa Lee until February, 2021, despite his not being the owner of record of the building, as You noted in paragraph 6.

**ANSWER:** Answering Defendant objects to Interrogatory Fourteen (14) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

15.    State, with specificity, why You, through counsel, claimed that "It is important to note that Moving Defendants prevailed against Plaintiff and Walt in all preceding eviction and administrative agency proceedings to date." (Ibid, paragraph 12), when the Lees have never sued Walt or Plaintiff for eviction, and when the Fairfax eviction case in 2017, in which You represented them, had Walt dismissed at trial when he introduced his lease for the Basement as an exhibit to prove he no longer lived in the Fairfax.

**ANSWER:** Answering Defendant objects to Interrogatory Fifteen (15) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

16.     State, with specificity, why You, through Your counsel, claimed in paragraph 28-29 (Ibid) that "Walt

then informed Moving Defendants that he intended to vacate the Property on or before July 3 1, 2022.

Exhibit "A" at 17," and that "Walt did not vacate the Property on or before July 31, 2022," when You

also knew, or should have known, that Your clients did not accept the offer to vacate, which included

not paying rent for the intervening five months, and had no reason to expect Walt to move.

**ANSWER:** Answering Defendant objects to Interrogatory Sixteen (16) on the basis that it includes a

disjunctive statement of fact, asserting that "You knew, or should have known, that Your clients did not accept

the offer to vacate . . . ." It is also unclear whether the aforementioned assertion is targeted towards Answering

Defendant or Counsel; and therefore, Answering Defendant also objects to Interrogatory Sixteen (16) on the

basis that it is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature

of the information sought.



17.     Explain, with specificity, why the second notice to vacate of August 22, 2023 did not name Plaintiff or

"all occupants" but instead named only Walt.

**ANSWER:** Answering Defendant objects to Interrogatory Seventeen (17) on the basis that this interrogatory

calls for privileged information within the attorney-client privilege that it seeks information which was based

on the opinion, conclusions, or legal research of Answering Defendant's attorney.

18.  Explain, with specificity, why You, through counsel, made the following statement: "Walt —not Plaintiff—received the Second Notice to Quit as a direct result of ongoing nonpayment of rent, property damage, and holdover tenancy. Walt and Plaintiff continue to occupy the Property for free and without a valid lease." (Memo of law in support of motion to dismiss Second Amended Complaint, Docket #24-1, p. 16, first and second paragraph). Explain why You believe there is (or was) no valid lease for Apartment 3F as of August 22, 2023, despite the PCHR's finding that a lease did exist. Further explain, with specificity, why You cited "nonpayment of rent" in light of the PCHR's order to the landlord not to collect rent.

**ANSWER:** Answering Defendant objects to Interrogatory Eighteen (18) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects on the basis that this interrogatory calls for privileged information within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or legal research of Answering Defendant's attorney.

19.  State, with specificity:

   a.  The process by which you analyzed Plaintiff's litigation history. Include each lawsuit which you analyzed to form this opinion, and state, with specificity, which averment(s) or other parts you used to form Your opinion of this history.

**ANSWER:** Answering Defendant objects to Interrogatory 19(a) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

b.    Your familiarity with the underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (not forty) years, to 1998 . . .

**ANSWER:** Answering Defendant objects to Interrogatory 19(b) on the basis that this interrogatory requests a subjective opinion based on speculation that Answering Defendant is familiar with underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant never asserted to be familiar with every lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant also objects to the entirety of Interrogatory Nineteen (19) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

## VERIFICATION

I *Ronald M. Lee*, subject to the penalties of 18 <u>Pa.C.S.A.</u> §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

GORDON ROY PARKER

                             *Plaintiff*

     v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

                             *Defendants*

Civil Case No.: 2:23-cv-03999-GJP

## CERTIFICATE OF SERVICE

I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Interrogatories, has been served upon Plaintiff via electronic mail on November 13, 2024.

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:  November 13, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                    *Attorneys for Answering Defendant*

---

|  |  |
|---|---|
| GORDON ROY PARKER | : |
| *Plaintiff* | : |
| | : |
| v. | :    Civil Case No.: 2:23-cv-03999-GJP |
| | : |
| RONALD LEE; TERESA LEE; JEFFREY MAI; | : |
| CANAAN REALTY INVESTMENT GROUP; | : |
| TERESA LEE REVOCABLE TRUST; and | : |
| KENNETH L. BARITZ, ESQUIRE | : |
| *Defendants* | : |

---

## ANSWERING DEFENDANT'S, TERESA LEE REVOCABLE TRUST, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST SET OF INTERROGATORIES

Pursuant to F.R.C.P. 33, Answering Defendant, Teresa Lee Revocable Trust ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Defendant objects to the First Set of Interrogatories ("Interrogatories") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2. Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Interrogatories seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Interrogatories. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4. Defendant objects to any Interrogatories to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6. Defendant objects to the Interrogatories to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7. Defendant objects to the Interrogatories to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to reserves or reinsurance information. Such Interrogatories seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Interrogatories to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Interrogatories to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Interrogatories to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Interrogatories.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Interrogatories.

15. Defendant objects to the Interrogatories to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Interrogatories at trial or in any other proceeding in this action, and Defendant does not concede

that any of its objections or responses to these Interrogatories are or will be admissible at the trial of this action or in any other proceeding in this action.

17.  Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Interrogatories using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Interrogatories to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO INTERROGATORIES

1.    State, with specificity, the exact date You became aware that Gordon Roy Parker was occupying the Apartment (3F) with his brother, Walt, how you became aware, when, and from whom.

**ANSWER:** Answering Defendant objects to Interrogatory One (1) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's awareness of Plaintiff's occupancy is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

2.    State, with specificity, why you chose to issue a Notice to Vacate to Walt on June 3, 2022, and whether or not he had any reason to expect you would, i.e., if he was put on notice of any lease violation that would warrant such a step.

**ANSWER:** Answering Defendant objects to Interrogatory Two (2) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

3.    State, with specificity, why you switched attorneys from Jeffrey Katz to Kenneth L. Baritz for the second notice to vacate issued to Walt on August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory Three (3) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding Answering Defendant's change of counsel is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

Answering Defendant also objects to this interrogatory on the basis that it is privileged information protected by attorney-client privilege.

4.      State, with specificity, why You have not sued Walt or Plaintiff for eviction since October 12, 2023, when the PCHR order prohibiting this was overturned, and why You have not attempted to collect rent on the Apartment.

**ANSWER:** Answering Defendant objects to Interrogatory Four (4) on the basis that that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

5.      State, with specificity:

    a.   Whether or not You are in possession of an active rental license for the Building.

**ANSWER:** Answering Defendant objects to Interrogatory 5(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The statuses of the Property's rental licenses are not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

    b.   Whether or not the Building is currently up to code, or has open code violations with the City of Philadelphia. For any open violations, describe them in detail, including but not limited to the nature and status of the violation.

**ANSWER:** Answering Defendant objects to Interrogatory 5(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Code violations for the Property and the status of the Property's good standing regarding the Philadelphia Building Code is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

c.  Which apartment(s) in the building are the six units listed on past rental licenses.

**ANSWER:** Answering Defendant objects to Interrogatory 5(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The past status of the Property's rental licenses is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

      d.  Why there is no trash receptacle inside the Building, and whether or not tenants are expected to keep garbage in their apartment until weekly trash collection (usually Thursday morning).

**ANSWER:** Answering Defendant objects to Interrogatory 5(d) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The absence of a trash receptacle inside the building is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to the entirety of Interrogatory Five (5) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

6.  State, with specificity, the name of all individuals other than the other Defendants in this case (including Mai/Canaan) with whom you have had contact about Gordon Roy Parker (Plaintiff), including but not limited to by telephone, e-mail, regular mail, or any means. Include the date(s) of any such communication and their nature. Include any individuals who may have initiated contact with you, what they said or sent (documents), whether or not you responded.

**ANSWER:** Answering Defendant objects to Interrogatory Six (6) on the basis that it is vague, overly broad, and unduly Burdensome. The dates and nature of every single communication in which Plaintiff is mentioned would require a meticulous recounting, summarization, and dating of a voluminous number of conversations

for an unreasonable period of time. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

7.      State, with specificity, any knowledge You or your officers, agents, or employees have regarding the existence of any illegal "brothels" within two blocks of the Building, with "brothel" defined as any retail establishment which illegally sells prostitution and/or "happy endings" to its "massage" or other clients.

**ANSWER:** Answering Defendant objects to Interrogatory Seven (7) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Answering Defendant's knowledge, or lack of knowledge, of the existence of any illegal "brothels" within two blocks of the Property is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim.

8.      State, with specificity, why You allowed the owner of the Kumei Gift shop (Ms. Duan) to enter the Basement and the Apartment in 2021 and 2022, respectively, during floods to those apartments. State the purpose of her presence in the apartment, and summarize any communications You may have had with her. Also state her full name, and explain any relationships or friendships You may have which predate her tenancy, or which are not within the scope of a normal landlord-tenant relationship.

**ANSWER:** Answering Defendant objects to Interrogatory Eight (8) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The actions, relations, and communications with the owner of the Kumei Gift shop is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation

claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

9.      State, with specificity, whether or not You or any officers, agents, employees, or other third parties acting on Your behalf, have conducted any internet searches of the name Gordon Roy Parker, "Ray Gordon," or any variation thereof meant to identify him (the Plaintiff) in the search results. Include the date(s) of any such searches, the search terms used, what prompted the search, and any actions taken by You as a result of the search.

**ANSWER:** Answering Defendant objects to Interrogatory Nine (9) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Internet searches of the Plaintiff is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

10.     State, with specificity, whether or not you believe Plaintiff is a legitimate occupant and/or cotenant of Apartment 3F, and why.

**ANSWER:** Answering Defendant objects to Interrogatory Ten (10) on the basis that it requires Answering Defendant to make a conclusion of law on whether Plaintiff is a legal occupant or cotenant of Apartment 3F. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

11.   State, with specificity, if any attorney with whom you consulted concerning the Apartment made
      reference to Gordon Roy Parker or "Ray Gordon's" internet footprint (plus any name which refers to
      him), his litigation history, his general reputation and reputation within the legal system, and the level
      of anticipated difficulty in evicting him (through Walt), including but not limited to remarks to the
      effect that the case would be an "easy win."

**ANSWER:** Answering Defendant objects to Interrogatory Eleven (11) on the basis that it is irrelevant to any
claim or defenses in the above-captioned Matter. Conversations about Plaintiff's internet footprint, opinions
of the Plaintiff, and opinions of the ease or difficulty of evicting Plaintiff are not relevant to an FHA retaliation
claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on
the basis that it is a compound question used in order to circumvent the limit of written interrogatories
pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects to this interrogatory on the basis that it is
privileged information protected by attorney-client privilege.

12.   You listed Plaintiff's YouTube videos in your 26(A)(l) disclosures. State, with specificity, how, when,
      and at whose initiative you discovered these videos. Further state, with specificity, how many other
      tenants since 2016 whose internet content you have searched for.

**ANSWER:** Answering Defendant objects to Interrogatory Twelve (12) on the basis that it is irrelevant to any
claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's
YouTube videos and whether Answering Defendant has searched for YouTube videos from past tenants is
not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant
also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the

10

limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Plaintiff deleted all pertinent videos from his YouTube account, despite Plaintiff's obligation to preserve evidence.

13.    State, with specificity, the full name, address, and contact information for the tenant(s) or others you claim have made complaints about Plaintiff to You, the times/dates of these complaints, and whether or not you notified Plaintiff or Walt (and when).

**ANSWER:** Answering Defendant objects to Interrogatory Thirteen (13) on the basis that it is vague, overly broad, and unduly burdensome. It would be unduly burdensome to go through all of its complaints, locate the complaints specific to Plaintiff, and obtain contact information for all tenants that once made a complaint against Plaintiff. Many tenants have moved out since making complaints and it would require an unproportional amount of time to try and locate those past tenants and their contact information. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

14.    Explain, with specificity, the basis for the following statements made by Your counsel on Your behalf, in the motion to dismiss filed on December 1, 2023 (Docket #9):

    a.    That Plaintiff's "40 years" (25 actually) of litigation was "frivolous." (p.6, footnote #1) Further state, with specificity, how and when You became aware of Plaintiff's litigation history. List all cases of which You were aware prior to issuing the Second Notice to Vacate on August 22, 2023.

**ANSWER:** Answering Defendant objects to Interrogatory 14(a) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. The circumstances surrounding the discovery of Plaintiff's litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

      b.      Why You, through Your counsel, asked the Court to take judicial notice of Plaintiff's litigation history (Ibid.) while simultaneously calling Plaintiff's reference to his past lawsuits "unrelated litigation." (¶40, p. 9). Further state which of the two statements reflects Your actual belief at the time, or why they are not oxymoronic.

**ANSWER:** Answering Defendant objects to Interrogatory 14(b) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

      c.      The basis for Your position, stated through Your counsel, that Plaintiff "is no stranger to asserting discrimination claims against members of the Commonwealth as a way to retaliate against those who do not cave to his demands." (Memorandum of Law, motion to dismiss first amended complaint, last paragraph of p.21) (Document 14-1).

**ANSWER:** Answering Defendant objects to Interrogatory 14(c) on the basis that it is irrelevant to any claim or defenses in the above-captioned Matter. Any matter regarding Plaintiff's past litigation history is not relevant to an FHA retaliation claim nor any defenses to an FHA retaliation claim. Answering Defendant also objects

to this interrogatory on the basis that it is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

d.   Explain, with specificity, the basis for each of Your twenty-four affirmative defenses. Provide any and all underlying factual averments You intend to establish at trial to support Your positions:

1)   That no claim for relief that could be granted was pled, in light of the Order of September 12, 2024 denying the motion to dismiss? (#1)

2)   That plaintiff lacks jurisdiction, also in light Of the Order (#2).

3)   In light of the Order, Your alternative facts which establish a non-retaliatory reason for the adverse action (the second notice to vacate). (#3)

4)   Why You believe the actionable conduct set forth in the Complaint, and affirmed by the Order (if proven at trial), resulted in no harm to the Plaintiff? (#4)

5-6)   How do You believe Plaintiff is estopped, or waived his claims? Provide any underlying factual basis for this claim, including why You believe Plaintiff is not entitled to damages,

7)   Which statutory requirements do You believe have not been met by Plaintiff, in light of the Order of September 12, 2024? Which facts do You believe support Your arguments under the statute of repose? (#7)

8)   Please provide any factual support for Your defense that any failure to comply with the ADA is the result of someone other than the Landlord Defendants? (#8)

9)   Please provide any factual support for this defense. (#9)

10) Why do You believe the action (the second notice to vacate) was not intentional? Was it random? Did an external force draft and mail the notice on behalf of You or Your clients? (#10)

11-14) Why do You consider this a frivolous lawsuit, particularly in light of the Order of September 12, 2024? As these defenses are based on conclusory averments, please provide factual support for this defense. (#11-14)

15) Please provide factual support for this defense. (#15)

16) Please state whether or not You believe that any new acts of retaliation should be treated as ongoing, or filed separately as part of a new lawsuit. (#16)

17) Please provide factual support for this defense, with specificity, sufficient to identify which conduct of Plaintiff's You believe to have caused his alleged damages? (#17)

18) Please provide factual support for Your defense that Plaintiff has failed to mitigate his alleged damages, and how You believe he could have mitigated them. (#18)

19-20) Please provide factual support for these defenses. (#20)

21-22) As these defenses are conclusory, please provide factual support for why You believe Plaintiff lacks standing, particularly in light of the Order of September 12, 2024. (#21-22)

23) Please provide factual support for this defense, and state why You believe, as a matter of law, that You are entitled to recover attorney fees? (#23)

24) Please explain why You believe You have not waived any defenses not raised in Your Answer. (#24)

**ANSWER:** Answering Defendant objects to Interrogatory 14 (d), one through twenty-four (1-24) on the basis that the interrogatories require Answering Defendant to marshal all its proof or all the proof they intend to present at trial. Plaintiff is seeking *every* fact, argument, and form of proof for each and every defense. The interrogatories should be reserved for trial during Answering Defendant's testimony. Answering Defendant also objects to the entirety of Interrogatory Fourteen (14) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

15. State, with specificity, why You, through counsel, claimed that "when [Walt] did pay rent [on the Apartment], he paid rent to the Teresa Lee" (motion to dismiss second amended complaint, Docket #24, paragraph 5), when Your client's own records would show that rent was paid to Teresa Lee until February, 2021, despite his not being the owner of record of the building, as You noted in paragraph 6.

**ANSWER:** Answering Defendant objects to Interrogatory Fifteen (15) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

16. State, with specificity, why You, through counsel, claimed that "It is important to note that Moving Defendants prevailed against Plaintiff and Walt in all preceding eviction and administrative agency proceedings to date." (Ibid, paragraph 12), when the Lees have never sued Walt or Plaintiff for eviction, and when the Fairfax eviction case in 2017, in which You represented them, had Walt dismissed at trial when he introduced his lease for the Basement as an exhibit to prove he no longer lived in the Fairfax.

**ANSWER:** Answering Defendant objects to Interrogatory Sixteen (16) on the basis that the interrogatory is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

17.    State, with specificity, why You, through Your counsel, claimed in paragraph 28-29 (Ibid) that "Walt then informed Moving Defendants that he intended to vacate the Property on or before July 3 1, 2022. Exhibit "A" at 17," and that "Walt did not vacate the Property on or before July 31, 2022," when You also knew, or should have known, that Your clients did not accept the offer to vacate, which included not paying rent for the intervening five months, and had no reason to expect Walt to move.

**ANSWER:** Answering Defendant objects to Interrogatory Seventeen (17) on the basis that it includes a disjunctive statement of fact, asserting that "You knew, or should have known, that Your clients did not accept the offer to vacate . . . ." It is also unclear whether the aforementioned assertion is targeted towards Answering Defendant or Counsel; and therefore, Answering Defendant also objects to Interrogatory Seventeen (17) on the basis that it is so broad, uncertain, and unintelligible that Answering Defendant cannot determine the nature of the information sought.

18.    Explain, with specificity, why the second notice to vacate of August 22, 2023 did not name Plaintiff or "all occupants" but instead named only Walt.

**ANSWER:** Answering Defendant objects to Interrogatory Eighteen (18) on the basis that this interrogatory calls for privileged information within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or legal research of Answering Defendant's attorney.

19.    Explain, with specificity, why You, through counsel, made the following statement: "Walt —not Plaintiff—received the Second Notice to Quit as a direct result of ongoing nonpayment of rent, property damage, and holdover tenancy. Walt and Plaintiff continue to occupy the Property for free and without a valid lease." (Memo of law in support of motion to dismiss Second Amended Complaint, Docket #24-1, p. 16, first and second paragraph). Explain why You believe there is (or was) no valid lease for Apartment 3F as of August 22, 2023, despite the PCHR's finding that a lease did exist. Further explain, with specificity, why You cited "nonpayment of rent" in light of the PCHR's order to the landlord not to collect rent.

**ANSWER:** Answering Defendant objects to Interrogatory Nineteen (19) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1). Answering Defendant also objects on the basis that this interrogatory calls for privileged information within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or legal research of Answering Defendant's attorney.

20.    You listed Plaintiff's YouTube videos in Your 26(A)(1) disclosures. State, with specificity, how, when, and at whose initiative You discovered these videos, and why You consider them relevant to this case. Further state when, how, why, and at whose initiative You began searching for Plaintiff's online history, and list the names of any third parties with whom You have discussed this history.

**ANSWER:** Answering Defendant objects to Interrogatory Twenty (20) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

21.    In Fairfax v. Parker (the 2017 eviction appeal), You included evidence that referenced Plaintiff's internet postings, videos, and books he had written. Explain, with specificity, how You considered this to be relevant to his tenancy.

**ANSWER:** Answering Defendant objects to Interrogatory Twenty-One (21) on the basis that this interrogatory calls for privileged information within the attorney-client privilege that it seeks information which was based on the opinion, conclusions, or legal research of Answering Defendant's attorney.

22.    State, with specificity:

    a.    The process by which you analyzed Plaintiff's litigation history. Include each lawsuit which you analyzed to form this opinion, and state, with specificity, which averment(s) or other parts you used to form Your opinion of this history.

**ANSWER:** Answering Defendant objects to Interrogatory Twenty-Two-a (22a) on the basis that this interrogatory is a compound question used in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

    b.    Your familiarity with the underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (not forty) years, to 1998 . . .

**ANSWER:** Answering Defendant objects to Interrogatory Twenty-Two-b (22b) on the basis that this interrogatory requests a subjective opinion based on speculation that Answering Defendant is familiar with underlying facts of each lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant never asserted to be familiar with every lawsuit filed by Plaintiff in the past twenty-six (26) years. Answering Defendant also objects to the entirety of Interrogatory Twenty-Two (22) on the basis that Plaintiff includes discrete subparts in order to circumvent the limit of written interrogatories pursuant to F.R.C.P. 33(a)(1).

## VERIFICATION

I _Ronald M. Lee_, subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

GORDON ROY PARKER

                               *Plaintiff*

    v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

                             *Defendants*

Civil Case No.: 2:23-cv-03999-GJP

## CERTIFICATE OF SERVICE

    I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Interrogatories, has been served upon Plaintiff via electronic mail on November 13, 2024.

                                           KBK LAW GROUP

                                           Adam P. Barsky, Esquire
                                    Attorneys for Answering Defendant

Date:   November 13, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                   *Attorneys for Answering Defendant*

---

GORDON ROY PARKER

                     *Plaintiff*

    v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

                    *Defendants*

: Civil Case No.: 2:23-cv-03999-GJP

---

### ANSWERING DEFENDANT'S TERESA LEE REVOCABLE TRUST, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

       Pursuant to F.R.C.P. 34, Answering Defendant, Teresa Lee Revocable Trust ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Request for Production of Documents.

### GENERAL OBJECTIONS

1.   Defendant objects to the First Set of Demands for Production ("Demands for Production") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2. Defendant objects to Plaintiff's Demands for Production to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3. Defendant objects to Plaintiff's Demands for Production to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Demands for Production seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Demands for Production. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4. Defendant objects to any Demands for Production to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Demands for Production to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6. Defendant objects to the Demands for Production to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

2

7. Defendant objects to the Demands for Production to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Demands for Production to the extent that they seek documents or information relating to reserves or reinsurance information. Such Demands for Production seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Demands for Production to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Demands for Production to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Demands for Production to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Demands for Production.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Demands for Production.

15. Defendant objects to the Demands for Production to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Demands for Production at trial or in any other proceeding in this action, and Defendant does not concede that any of its objections or responses to these Demands for Production are or will be admissible at the trial of this action or in any other proceeding in this action.

17. Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Demands for Production using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Demands for Production to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSE TO PRODUCTION OF DOCUMENTS

1.     All documents in Your possession which relate to the accompanying First Set of Interrogatories directed at You.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number One (1). Plaintiff requests a voluminous number of documents without specificity.

2.     All documents listed in Your Rule 26(A)(1) disclosures, and any additional documents You intend to use at trial.

**ANSWER:** See attached.

3.     All documents in Your possession which contain the name "Gordon Roy Parker" or "Ray Gordon," or which make reference to him, the Plaintiff in this case, including but not limited to communications with any third party, or ESI/printouts or other storage of documents resulting from internet searches of these names, or any name designed to identify Plaintiff.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Three (3).

4.    The Trust's financial records, as kept in accordance with Your standard bookkeeping requirements, from 2016 until the present, including but not limited to profit-and-loss statements, all invoices to clients and from anyone paid by You or Your firm, federal tax returns, payroll records (payments and withholding), and banking records for any accounts in You or Your firm's name, or for which You are one of more individuals or entities named.

**ANSWER:** Answering Defendant objects to this request as too overbroad and documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Four (4). Financial records of Answering Defendant is not relevant to a Fair House Act Retaliation claim.

5.    Any communications with the surviving Defendants in this case (or Jeffrey Mai) regarding Gordon Roy Parker, "Ray Gordon," or any name which refers to him.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Five (5). Plaintiff fails to limit the time period for the requested communications.

6.    Any communications with third parties concerning Plaintiff (Gordon Roy Parker), including but not limited to third-party contacts over the internet.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Six (6). Plaintiff fails to limit the time period for the requested communications.

7.      Any communications with Jeffrey Mai relating to the Building, the Basement, or the Apartment, from 2016 to the present.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to <u>F.R.C.P.</u> 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Seven (7). Plaintiff did not begin to inhabit the Property until 2018, so any communications prior to that is not relevant to a Fair Housing Act Retaliation claim.

8.      All correspondence with any person or department in the City of Philadelphia, and all records and documents, pertaining to any past, present, or ongoing code violations.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to <u>F.R.C.P.</u> 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Eight (8). Building code violations of the Property are not relevant to a Fair Housing Act Retaliation claim. Also, Plaintiff fails to limit the time period for the requested correspondence.

Sincerely,

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:   October 30, 2024

7

## **VERIFICATION**

I ___Ronald M. Lee___, subject to the penalties of 18 Pa.C.S.A. §4904, relating to

unsworn falsification to authorities, state the attached answers and/or documents are submitted in

response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the

best of my knowledge, information and belief they are true and complete.

_(signature)_

GORDON ROY PARKER

                             *Plaintiff*

     v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

                            *Defendants*

Civil Case No.: 2:23-cv-03999-GJP

## **CERTIFICATE OF SERVICE**

I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, has been served upon Plaintiff via electronic mail on November 13, 2024.

                                                   KBK LAW GROUP

                                                   _____

                                                Adam P. Barsky, Esquire
                                     Attorneys for Answering Defendant

Date:   November 13, 2024

**KBK LAW GROUP**
By: Jeffrey Katz, Esquire
Identification No. 323579
Adam P. Barsky, Esquire
Identification No. 307348
100 South Broad Street, Suite 1208
Philadelphia, PA 19102
(215) 761-5090                                        *Attorneys for Defendants*

---

| | |
|---|---|
| GORDON ROY PARKER | : |
| *Plaintiff* | : |
| v. | :    Civil Case No.: 2:23-cv-03999-GJP |
| | : |
| RONALD LEE; TERESA LEE; JEFFREY MAI; | : |
| CANAAN REALTY INVESTMENT GROUP; | : |
| TERESA LEE REVOCABLE TRUST; and | : |
| KENNETH L. BARITZ, ESQUIRE | : |
| *Defendants* | : |

---

### ANSWERING DEFENDANT'S, TERESA LEE, REPONSE TO PLAINTIFF'S, GORDON ROY PARKER, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to F.R.C.P. 34, Answering Defendant, Teresa Lee ["Answering Defendant"], responds to Plaintiff's, Gordon Roy Parker, First Request for Production of Documents.

### GENERAL OBJECTIONS

1. Defendant objects to the First Set of Demands for Production ("Demands for Production") including the "Definitions" and "Instructions" therein to the extent that they seek to impose any obligations upon Defendant that are inconsistent with or greater than the obligations imposed by Federal Rules of Civil Procedure, the local rules of this Court, common law or other applicable statute, or any other law, rule or order that governs discovery in this matter (collectively, the "Applicable Rules").

2.  Defendant objects to Plaintiff's Demands for Production to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, beyond the scope of permissible discovery, seek information or documents that are unrelated to the matters at issue, and/or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in this matter.

3.  Defendant objects to Plaintiff's Demands for Production to the extent that they seek information or other material protected from disclosure by attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable laws, or to the extent that the Demands for Production seek disclosure of information reflecting the mental impressions, conclusions, or legal theories of Defendant's attorneys and other representatives concerning this lawsuit. Defendant hereby claims such privileges and protections and excludes privileged or protected material from its responses to these Demands for Production. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections.

4.  Defendant objects to any Demands for Production to the extent that they seek information that is neither relevant nor material to the claims and defenses at issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendant objects to the Demands for Production to the extent that the information sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive.

6.  Defendant objects to the Demands for Production to the extent that they are not appropriately limited in time or scope or seek documents or information that was generated, sent or received outside of relevant time periods.

7. Defendant objects to the Demands for Production to the extent that they seek information already in the possession or control of, or that is equally available to Plaintiff.

8. Defendant objects to the Demands for Production to the extent that they seek documents or information relating to reserves or reinsurance information. Such Demands for Production seek documents and information which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to the Demands for Production to the extent that they seek documents or information relating to other parties on the grounds that such discovery is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to the extent that such documentation is considered to be strictly confidential by other parties.

10. Defendant objects to the Demands for Production to the extent that the requests for documents or information are premature at this stage of the litigation.

11. Defendant objects to the Demands for Production to the extent that they seek documents or information based upon incorrect factual assumptions.

12. By responding to any Interrogatory, Defendant does not acknowledge or agree with any implicit or explicit suggestion of any matter stated in the Demands for Production.

13. By responding to any Interrogatory, Defendant does not agree or admit that materials produced in response are relevant to this litigation or admissible in evidence against any party.

14. Nothing herein shall be construed as an admission by Defendant of the truth or accuracy of any characterization, description or definition contained in Plaintiffs' Demands for Production.

15. Defendant objects to the Demands for Production to the extent that they call for Defendant to make legal conclusions.

16. Defendant reserves its right to object on any ground to the use of any of its objections or responses to these Demands for Production at trial or in any other proceeding in this action, and Defendant does not concede that any of its objections or responses to these Demands for Production are or will be admissible at the trial of this action or in any other proceeding in this action.

17. Defendant objects to the use of the terms "each," "all," and "any" on the basis that the terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Applicable Rules. Responding to the Demands for Production using such terms would require Defendant to conduct an unreasonable investigation and would subject Defendant to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

18. Defendant objects to the Demands for Production to the extent they call for the disclosure of information not known or reasonably accessible to Defendant.

19. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial. Defendant reserves the right to rely on facts, documents, electronically-stored information, or evidence that may develop or subsequently come to its attention and to assert additional objections or supplemental responses should it discover additional information or grounds for objections.

20. Defendant incorporates each of the foregoing General Objections by reference verbatim into each specific response stated below, and reserves its rights to raise additional objections as may be applicable.

## RESPONSES TO PRODUCTION OF DOCUMENTS

1.    All documents in Your possession which relate to the accompanying First Set of Interrogatories directed at You.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number One (1). Plaintiff requests a voluminous number of documents without specificity.

2.    All documents listed in Your Rule 26(A)(1) disclosures, and any additional documents You intend to use at trial.

**ANSWER:** See attached.

3.    All documents in Your possession which contain the name "Gordon Roy Parker" or "Ray Gordon," or which make reference to him, the Plaintiff in this case, including but not limited to communications with any third party, or ESI/printouts or other storage of documents resulting from internet searches of these names, or any name designed to identify Plaintiff.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Three (3).

4.      Your financial records, as kept in accordance with Your standard bookkeeping requirements, from 2016 until the present, including but not limited to profit-and-loss statements, all invoices to clients and from anyone paid by You or Your firm, federal tax returns, payroll records (payments and withholding), and banking records for any accounts in You or Your firm's name, or for which You are one of more individuals or entities named.

**ANSWER:** Answering Defendant objects to this request as too overbroad and documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Four (4). Financial records of Answering Defendant is not relevant to a Fair House Act Retaliation claim.

5.      Any communications with the surviving Defendants in this case (or Jeffrey Mai) regarding Gordon Roy Parker, "Ray Gordon," or any name which refers to him.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Five (5). Plaintiff fails to limit the time period for the requested communications.

6.      Any communications with Jeffrey Mai relating to the Building, the Basement, or the Apartment, from 2016 to the present.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Six (6). Plaintiff did

not begin to inhabit the Property until 2018, so any communications prior to that is not relevant to a Fair Housing Act Retaliation claim.

7.      Any communications with third parties concerning Plaintiff (Gordon Roy Parker), including but not limited to third-party contacts over the internet.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Seven (7). Plaintiff fails to limit the time period for the requested communications.

8.      All correspondence with any person or department in the City of Philadelphia, and all records and documents, pertaining to any past, present, or ongoing code violations.

**ANSWER:** Answering Defendant objects to this request as too vague or overbroad and certain documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Eight (8). Building code violations of the Property are not relevant to a Fair Housing Act Retaliation claim. Also, Plaintiff fails to limit the time period for the requested correspondence.

9.      A summary of Your medical conditions, as provided by digital storage services such as MyChart.

**ANSWER:** Answering Defendant objects to this request as the documents being requested are not relevant to this case. Pursuant to F.R.C.P. 34(b)(2)(C), Answering Defendant is in possession of responsive material but objects to Request Number Nine (9). Answering Defendant's medical history is not relevant to a Fair Housing Act Retaliation claim.

Sincerely,

KBK LAW GROUP

Adam P. Barsky, Esquire
Attorneys for Answering Defendant

Date:    October 30, 2024

## **VERIFICATION**

I _Ronald M. Lee_____, subject to the penalties of 18 Pa.C.S.A. §4904, relating to

unsworn falsification to authorities, state the attached answers and/or documents are submitted in

response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the

best of my knowledge, information and belief they are true and complete.

GORDON ROY PARKER

       *Plaintiff*

  v.

RONALD LEE; TERESA LEE; JEFFREY MAI;
CANAAN REALTY INVESTMENT GROUP;
TERESA LEE REVOCABLE TRUST; and
KENNETH L. BARITZ, ESQUIRE

       *Defendants*

Civil Case No.: 2:23-cv-03999-GJP

## CERTIFICATE OF SERVICE

  I, Adam P. Barsky, Esquire, counsel for Answering Defendant, hereby certify that a true and correct copy of Answering Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, has been served upon Plaintiff via electronic mail on November 13, 2024.

            KBK LAW GROUP

            Adam P. Barsky, Esquire
            Attorneys for Answering Defendant

Date: November 13, 2024

**IX.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff _____

Prison Identification # _____

Prison Address _____

_____
_City_                    _State_        _Zip Code_

**B.    For Attorneys**

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
_City_                    _State_        _Zip Code_

Telephone Number _____

E-mail Address _____

EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,

                 *Plaintiff,*

    v.

RONALD LEE, et al.,

                 *Defendants.*

CIVIL ACTION
NO. 23-3999

## <u>ORDER</u>

**AND NOW**, this 15th day of November, 2024, upon consideration of Plaintiff's

Motion for Leave to File his Fourth Amended Complaint, (ECF No. 47), Defendants'

Response, (ECF No. 48), and Plaintiff's Reply, (ECF No. 50), it is hereby **ORDERED**

that the Motion is **DENIED**.[1]

---

[1]      After the first amendment as of right, a district court should "freely" grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).

      Parker filed his initial complaint on October 16, 2023. (ECF No. 1.) Then, exercising his right to amend within 21 days of a motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B), he filed his First Amended Complaint on December 12, 2023. (ECF No. 10.) Without seeking leave of court, Parker filed his Second Amended Complaint on March 6, 2024. (ECF No. 22.) He then filed a "Corrected Second Amended Complaint" on March 7, 2024. (ECF No. 23.) In June 2024, the Court dismissed Parker's Corrected Second Amended Complaint without prejudice. (ECF No. 29.) So on June 27, 2024, Parker filed his Third Amended Complaint, which was met with more motions to dismiss. (ECF Nos. 30, 31, 32.) The Court dismissed most of Parker's claims but allowed his FHA retaliation claim to proceed. (ECF No. 28.) After the defendants filed their answer on September 9, 2024, Parker filed a motion for judgment on the pleadings, which the Court denied. (ECF Nos. 39, 45.)

      After over a year, the parties were finally ready to begin discovery. But immediately after the October 1, 2024 Rule 16 conference, Parker filed his motion for leave to file a *Fourth* Amended Complaint. The Court has been more than accommodating to Parker, given his *pro se* status. But enough is enough. The defendants have collectively filed seven motions to dismiss and three responses to Parker's various motions. The Court has twice ruled on the deficiencies in his

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.

---

complaints and allowed one claim through.  Further amendment to Parker's complaint would cause undue delay; it is time for this case to move forward.

Even if the Court were inclined to grant Parker leave to amend for a fourth time, he has pointed to no reason why justice requires it.  His motion for leave and the proposed Fourth Amended Complaint are somewhat difficult to follow, but the Court discerns two primary reasons why Parker believes his motion should be granted: that (1) the "Court should have construed Count IV as an FHA" disability discrimination claim, and (2) the defendants' conduct is "ongoing."  (Mot. for Leave to Am. at 1, ECF No. 47.)

Parker's first argument is confounding.  In its memorandum opinion dismissing Count IV of the Third Amended Complaint with prejudice, the Court concluded that "[t]o the extent Parker's ADA discrimination claim can be construed as an FHA disability discrimination claim, he fail[ed] to state one," because he did not allege that "any adverse actions were taken because of any discriminatory motive."  (Mem. Op. at 12 n.8, ECF No. 35.)  The Court also concluded that the alleged conduct was insufficient to constitute a claim for failure to accommodate under the FHA because he did not allege that he formally "requested any reasonable accommodation for any specific disability."  (*Id.*); *see also Goldsmith v. CBS Tv Broad., Pittsburgh, Inc.*, No. 2:13-cv-00478, 2015 WL 1411944, at *16 (W.D. Pa. Mar. 26, 2015) ("[A] plaintiff 'must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA.'" (citing *United States v. Hialeah Hous. Auth.*, 418 Fed. Appx. 872, 875 (11th Cir. 2011))).  In his proposed Fourth Amended Complaint, Parker did not allege any new facts to correct these deficiencies, making his proposed amendment futile.

It is difficult to discern the basis for Parker's second argument.  Generally, on "just terms," courts may allow a plaintiff to submit supplemental pleadings regarding any "transaction, occurrence, or event that happened after the date of the pleading."  Fed. R. Civ. P. 15(d).  But Parker has alleged no new transactions, occurrences, or events after the filing of his Third Amended Complaint.  He repeatedly and generically claims that the defendants' conduct is ongoing, and at one point specifies that he "still lacks heat or a mailbox key."  (Mem. in Supp. of Mot. for Leave at 6, ECF No. 47.)  He concedes that these facts are already "covered by the existing claim," (*id.*), and the Court agrees.  His Fourth Amended Complaint alleges he still suffers the same harm he has already alleged.  This is inadequate to satisfy Rule 15(d).